**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| CHMURA ECONOMICS & ANALYTICS, LLC, | ) ) ) | Case No. 3:19-cv-00813 Judge Robert E. Payne |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| RICHARD LOMBARDO, | ) ) ) | |
| Defendant. | ) ) | |

### MOTION OF DEFENDANT RICHARD LOMBARDO TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Civil Rule 7(F) for the U.S. District Court for the Eastern District of Virginia, Defendant Richard Lombardo ("Lombardo") respectfully requests that this Court issue an Order dismissing the claims of Plaintiff Chmura Economics & Analytics, LLC ("Chmura") because the Complaint fails to state a claim upon which relief may be granted.

A memorandum in support of this Motion is attached.

                                                                      Respectfully submitted,

                                                                        THE LAW OFFICES OF THOMAS J. POWELL, P.C.

                                                                      /s/ *Thomas J. Powell*
                                                                      Thomas J. Powell, Esq., VSB #27604
                                                                      3603-D Chain Bridge Road
                                                                      Fairfax, VA  22030-3244
                                                                      Tel: (703) 293-9050 | Fax: (703) 293-9075
                                                                      Email: tom@tjplaw.com

Christine Marie Cooper, Esq.*
Koehler Fitzgerald LLC
1111 Superior Avenue East, Suite 2500
Cleveland, Ohio 44114
Tel: (219) 539-9376 | Fax: (216) 916-4369
Email: ccooper@koehler.law

**Pro hac vice* application pending

*Attorneys for Defendant Richard Lombardo*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|  |  |
|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** ) ) ) ) **Plaintiff,** ) ) **v.** ) ) **RICHARD LOMBARDO,** ) ) **Defendant.** ) ) | Case No. 3:19-cv-813 Judge Robert E. Payne |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT RICHARD LOMBARDO TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**

**I.   INTRODUCTION**

On October 31, 2019, Plaintiff Chmura Economics & Analytics, LLC ("Chmura") filed an action against Defendant Richard Lombardo ("Lombardo") asserting one claim for relief – "injunctive relief for threatened breach of contract." Chmura wants to prevent Lombardo from "carrying out his threats" to harm Chmura's business.

Chmura's claim fails as a matter of law. First, Chmura has failed to set forth a cognizable claim for relief – injunctive relief of a threatened breach of contract is not claim for relief. Chmura does not allege a breach of contract. Instead, Chmura merely alleges that he "threatened" to do so. Even if interpreted as a breach of contract claim, it fails as a matter of law.

Second, even if Chmura alleged a valid claim for relief, Chmura is not entitled to the remedy of injunctive relief. Its "claim" is based on an invalid and unenforceable Confidentiality,

Non-Competition & Non-Solicitation Agreement. The non-competition and non-solicitation provisions are so broad that, if enforced, they would prevent Lombardo from working for numerous non-competitive companies across the entire United States, including banks, financial investment firms and software companies. Furthermore, Chmura has failed to plead any irreparable harm. Chmura does not allege that Lombardo has harmed Chmura's business, that Lombardo stole Chmura's clients or that Lombardo is working for a competitor. Chmura merely alleges that if Lombardo acted on his threats, it "would cause" harm.

Accordingly, the Complaint should be dismissed in its entirety.

## II.     FACTS

### *The Parties*

1.      Chmura is a "software and consulting firm in the field of data analytics." Complaint, ¶8. Chmura sells a "proprietary software" that "provides demographics and labor data, such as highly granular occupation forecasts and real-time data about job postings." Complaint, ¶8. "Chmura's team of economists, data scientists, and statisticians also provide consulting services to help clients interpret and use the data available through its software products." Complaint, ¶8.

2.      Lombardo, based in Ohio, marketed and sold Chmura's software products nationwide. Complaint, ¶¶9 and 10.

### *The Non-Competition and Non-Solicitation Agreement*

3.      On or about February 4, 2015, Lombardo and Chmura executed a Confidentiality, Non-Competition & Non-Solicitation Agreement (the "Agreement"). Complaint, Ex. A.

4.      The Agreement contains the following covenants not to compete or interfere:

> For a period beginning on the Effective Date of this Agreement and ending two (2) years after the employment relationship between Employee and the Company terminates for any reason whatsoever ("the Restricted Period"), Employee shall not:
>
> ***
>
> (b) directly or indirectly, perform, whether as an employee, independent contractor, consultant, agent, or owner, the same, similar, or substantially similar job duties or services as s/he performed for the Company on the date of his/her termination or within the one (1) year period preceding the date of his/her termination for or **on behalf of any person or entity that engages in the Company's Business** in any geographic areas serviced by Employee or in which Employee provided goods or services on behalf of the Company during his/her employment with the Company;
>
> (c) directly indirectly, on behalf of himself or any other person, partnership, company, corporation or other entity, solicit or attempt to solicit for purposes of **providing products or services that are the same or substantially similar to the Company's Business** any individual or entity to whom Employee provided products or services at any time during the period of his/her employment with the Company, to whom Employee pursued on behalf of the Company, or of whom Employee had knowledge based on his/her employment with the Company because the Company provided products or services to or actively pursed [sic] the individual or entity during Employee's employment.

Complaint, Ex. A (Agreement, Terms of Agreement, ¶3(b) & (c)) (emphasis added).

5. Pursuant to the Agreement, "Company's Business" is defined as "services in the field(s) of economics, workforce development, economic development, strategic planning, and software design and licensing." Complaint, Ex. A (Agreement, Reasons for Agreement, ¶1).

6. The Agreement is governed by Virginia law. Complaint, Ex. A (Agreement, Terms of Agreement, ¶7).

7. The Agreement further provides that "[i]n the event of a breach or a threatened breach by Employee of any of the provisions of Sections 1, 2, or 3 of this Agreement, the

Company shall be entitled to a […] permanent injunction restraining Employee from breaching the same." Complaint, Ex. A (Agreement, Terms of Agreement, ¶10).

8.  According to the Agreement, "Employee further agrees **that in the event of any such breach**, Company shall be entitled to all costs and expenses incurred as a result, including reasonable attorney's fees […]." Complaint, Ex. A (Agreement, Terms of Agreement, ¶10). The Agreement does not provide for costs, expenses or attorney's fees for a "threatened breach."

*The Threatened Breach*

9.  Chmura hired additional sales representatives "to assist with sales in Lombardo's territory" and is "revising its commissions structure for sales representatives." Complaint, ¶21.

10. As a result, Lombardo became dissatisfied and "difficult to manage." Complaint, ¶22.

11. On October 3, 2019, Lombardo met with his manager to discuss his dissatisfaction with the changes to his sales territory and commissions structure. Complaint, ¶23. According to Chmura, Lombardo raised the possibility of leaving Chmura in exchange for $100,000. Complaint, ¶23.

12. On October 17, 2019, Lombardo and his manager met again to discuss Lombardo's potential separation from Chmura. Complaint, ¶24. According to Chmura, "Lombardo threatened to accept a position with one of Chmura's competitors, in violation of the Agreement" and threatened "to contact all of Chmura's clients" to "persuade them to take their business elsewhere" if he did not receive $100,000 as part of a separation agreement. Complaint, ¶¶27-28.

13. Chmura did not pay Lombardo $100,000. Instead, it offered him $10,000 and placed him on unpaid leave. Complaint, ¶29.

*The Claims*

14. Chmura alleges one claim – injunctive relief for threatened breach of contract. Complaint, Count I.

15. Chmura's claim is solely based on supposed "threats":

- "Lombardo's actions pose a continuing threat to Chmura and its business." Complaint, ¶33.

- "Lombardo has threatened to materially breach his non-solicitation obligations […]." Complaint, ¶39.

- "Lombardo has threatened to materially breach his non-competition obligations […]." Complaint, ¶40.

16. According to Chmura, "[t]he violations **that Lombardo has threatened would cause** Chmura irreparable harm […]." Complaint, ¶33. Because Lombardo has taken no action, necessarily, Lombardo has caused **no irreparable harm**.

### III. LAW AND ARGUMENT

A. RULE 12(b)(6) STANDARD.

Chmura asserts one claim for relief against Lombardo – injunctive relief for threatened breach of contract – which is meritless. Chmura has failed to state a claim for which relief may be granted under Fed.R.Civ.P. 12(b)(6).

Fed. R. Civ. P. 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief in order to 'give the defendant fair notice of what the … claim is and

the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "[W]hile construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations." *Moxley v. Pfundstein*, 801 F.Supp.2d 598, 602 (N.D. Ohio 2011). "A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.*

"It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998); *Goines v. Valley Community Services Bd.*, 822 F.3d 159, 171 (4th Cir. 2016).

Here, the Complaint fails as a matter of law and should be dismissed.

    B.    CHMURA HAS FAILED TO SET FORTH A COGNIZABLE CLAIM FOR RELIEF.

        1.    <u>Injunctive relief for threatened breach of contract is not a claim for relief, but merely a remedy.</u>

Chmura does not allege any cognizable claim for relief. The sole "claim" brought by Chmura is "Injunctive Relief for Threatened Breach of Contract."

A request for injunctive relief does not in itself constitute a cause of action. *Louisiana Crisis Assistance Center d/b/a Louisiana Capital Assistance Center*, 878 F.Supp.2d 662, 671 (E.D. La. 2012); *Affiliated Foods Midwest Cooperative, Inc. v. Supervalu Inc.*, 2017 WL 2222916, *2 (D. Nebraska 2017).

Here, the sole "claim" is actually a remedy – injunctive relief – not a true claim. For this reason alone, the Complaint should be dismissed in its entirety.

    2. <u>A threatened breach of contract is not a claim for relief either and, even if interpreted as a breach of contract claim, it still fails as a matter of law.</u>

Even if the Court interprets the claim as a "threatened breach of contract," that also does not constitute a cognizable claim for relief. Chmura has failed to plead the required elements of a breach of contract claim.

Counsel could find no case holding that a claim for "threatened breach of contract" exists or setting forth the elements of a "threatened breach of contract" claim. However, assuming the elements are the same or similar to a breach of contract, the claim still fails as a matter of law.

The elements of a breach of contract claim are "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 267 Va. 612, 619 (2004). "Proof of damages is an essential element of a breach of contract claim, and failure to prove that element warrants dismissal of the claim." *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 156 (2009).

Here, Chmura cannot satisfy the first or third elements of a breach of contract action. First, as discussed in detail in Section C, *infra*, no legally enforceable obligation exists between Lombardo and Chmura under the non-competition and non-solicitation provisions of the Agreement because the provisions are overly broad and unenforceable.

Second, Chmura has failed to allege any damage caused by Lombardo. Every allegation regarding damages and injury is couched in terms of what could happen if Lombardo actually took some affirmative action to compete against Chmura or solicit Chmura's customers:

- "Lombardo has **threatened to** materially breach his non-solicitation obligations…" Complaint, ¶39;

- "Lombardo has also **threatened to** materially breach his non-competition obligations…" Complaint, ¶40;

- "[T]here is no adequate remedy at law that would make Chmura whole **if** Lombardo breached the Agreement…" Complaint, ¶41;

- "[T]he **likely** injury to Chmura…" Complaint, ¶43;

There is not one allegation in the Complaint supporting a claim of damage or injury by Chmura. Therefore, even if the Court interprets Chmura's claim as a breach of contract claim, it fails as a matter of law. The Complaint should be dismissed.

    C.    CHMURA'S CLAIM ALSO FAILS AS A MATTER OF LAW BECAUSE THE AGREEMENT IS UNENFORCEABLE.

Chmura's claims all arise out of an Agreement containing overly broad non-competition and non-solicitation provisions. The Agreement is unenforceable and cannot form the basis of any claim for relief.

"Restrictive covenants binding a departed employee from engaging in employment are not favored generally and are strictly construed against the employer as to their validity." *Johnson v. E.R. Carpenter Co.*, 20 Va. Cir. 380, 384 (Richmond 1990). Under Virginia law, "[a] non-competition agreement between an employer and an employee will be enforced if the contract is narrowly drawn to protect the employer's legitimate business interest, is not unduly

burdensome on the employee's ability to earn a living, and is not against public policy." *Omniplex World Servs. Corp. v. US Investigations Servs.*, 270 Va. 246, 249 (2005); *see also Alston Studios, Inc. v. Lloyd V. Gress & Associates*, 492 F.2d 279 (4th Cir. 1974). "Because such restrictive covenants are disfavored restraints on trade, the employer bears the burden of proof **and ambiguities in the contract will be construed in favor of the employee**." *Id.* (emphasis added). Whether a covenant not to compete is enforceable is a question of law. *Id.*

> According to the Supreme Court of Virginia:
>
>> These standards have been developed over the years to strike a balance between an employee's right to secure gainful employment and the employer's legitimate interest in protection from competition by a former employee based on the employee's ability to use information or other elements associated with the employee's former employment. By its very name, a covenant not to compete is an agreement to prevent an employee from engaging in activities that actually or potentially compete with the employee's former employer. **Thus, covenants not to compete have been upheld only when employees are prohibited from competing directly with the former employer or through employment with a direct competitor.**

*Id.* (holding that the covenant not to compete was overly broad and unenforceable because the prohibition in the non-compete was not limited to employment that would be in competition with Omniplex) (emphasis added).

"Covenants that are ambiguous, that prevent an employee from doing work unrelated to the work that they previously did for the employer, or that go beyond the employer's legitimate interest are unenforceable." *Fame v. Allergy & Immunology, PLC*, 91 Va. Cir. 66, 72 (Roanoke 2015). "[A] covenant not to compete is functionally overbroad and unenforceable if it prevents an employee from working for companies not in competition with the former employer or it prevents an employee for pursuing noncompeting employment positions with any employer."

*Lasership, Inc. v. Watson*, 79 Va. Cir. 205, 212 (Fairfax Cty. 2009) (holding that the non-compete, non-solicitation and confidentiality clauses were overly broad and unenforceable).

"Although Virginia courts will look to the intent of the parties to determine severability of clauses or provisions, they will not 'blue pencil' a contract to make it enforceable." *Better Living Components, Inc. v. Willard Coleman & Blue Ridge Truss & Supply*, 67 Va. Cir. 221, 226-227 (Albemarle Cty. 2005). "The Court will not edit, add to, or otherwise revise an agreement to make it enforceable." *Fame*, 91 Va. Cir. at 71.

The same standards that apply to non-competition agreements also apply to non-solicitation agreements. *Lasership, Inc*, 79 Va. Cir. at 214.

According to the Complaint, Chmura "is a leading software and consulting firm in the field of data analytics" and its "proprietary software provides demographics and labor data, such as highly granular or forecast and real-time data about job postings." Complaint, ¶8. Chmura alleges that "Chmura's team of economists, data scientists, and statisticians also provide consulting services to help clients interpret and use the data available through its software products." Complaint, ¶8. Lombardo's role was to sell the data analytic software products nationwide. Complaint, ¶10.

Despite Chmura solely selling a narrow software product and Lombardo solely acting as a sales representative for that software product, Company's Business is so broadly defined in the Agreement that, if enforced, Lombardo could not work in sales for any company providing any services in:

- <u>Economics</u>, which is defined by the Oxford Dictionary as "the branch of knowledge concerned with the production, consumption, and transfer of wealth" and which would include banks, insurance companies, financial investment firms,

- accounting firms, stock brokerages, and credit-card companies, among many others.

- <u>Workforce development</u>, which is undefined in the Agreement, but may include companies that provide worker training and human resource consulting firms.

- <u>Economic development</u>, which is undefined in the Agreement, but may include economic consulting companies such as Bain & Company and McKinsey & Company.

- <u>Strategic planning</u>, which Bain & Company defines as "a comprehensive process for determining what a business should become and how it can best achieve that goal"[1] and may include management, operations, information technology, human resource or marketing firms.

- <u>Software design and licensing</u>, which is so vast it may include Microsoft, Alphabet (Google), IBM, Facebook, Oracle and many more large and small companies.

Likewise, Lombardo could not solicit and sell any unrelated services to customers of Chmura in the above industries despite any failure of the products or services to compete.

Paragraphs 3(b) and (c) of the Agreement are not narrowly drawn to protect any legitimate business interest of Chmura. Instead, they are overly broad and prohibit Lombardo from seeking gainful employment in these industries throughout the entire United States. Paragraphs 3(b) (non-competition) and (c) (non-solicitation) of the Agreement are unenforceable. Therefore, Lombardo cannot breach those provisions and the Complaint should be dismissed.

---

[1] *See* www.bain.com/insights/management-tools-strategic-planning

D.   CHMURA IS NOT ENTITLED TO INJUNCTIVE RELIEF BECAUSE IT HAS NOT PLED ANY IRREPARABLE INJURY.

The sole remedy sought by Chmura is injunctive relief to force Lombardo to abide by the terms of the Agreement. However, Chmura is not entitled to injunctive relief.

To obtain a permanent injunction, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 390, 126 S.Ct. 1837 (2006).

Here, Chmura fails to plead any irreparable injury. In effect, Chmura explicitly pleads that it has not been harmed because Lombardo has not taken any action beyond alleged "threats":

> The violations that Lombardo **has threatened would cause** Chmura irreparable harm in the form of, among other things, lost revenue and lost goodwill from the long-standing customer relationships in which it has substantially invested.

Complaint, ¶33 (emphasis added). Chmura expressly states that it would be able to show irreparable harm…if Lombardo took action. It fails to plead that Lombardo took any action (i.e. solicited Chmura's clients or became employed in sales by a competitor). Chmura simply has not pled the first element necessary to obtain a permanent injunction – irreparable injury.

E.   CHMURA IS NOT ENTITLED TO ITS ATTORNEY'S FEES AND COSTS.

Chmura seeks its attorney's fees and costs in bringing this case. Chmura is not entitled to its attorney's fees and costs.

First, attorney's fees and costs can only be recovered if Lombardo breached the Agreement: "in the event of any such breach, Company shall be entitled to all costs and expenses incurred as a result, including reasonable attorney's fees…" As set forth in detail above, Lombardo did not breach any enforceable section of the Agreement.

Second, pursuant to the plain terms of the Agreement, Chmura is only entitled to attorney's fees and costs if the contract is breached, not if there is only a threat of a breach. Therefore, Chmura is not entitled to its attorney's fees and such a claim should be dismissed.

## IV.  CONCLUSION

Chmura prematurely filed a Complaint against Lombardo in a court 475 miles away from where he lives and worked. Despite being afraid of what Lombardo may do to its business, Chmura failed to file a motion for temporary restraining order or preliminary injunction.

The Complaint is meritless. Chmura has failed to set forth a cognizable claim for relief. Even if the claim is interpreted as a breach of contract (which it should not because it is clearly pled as a "injunctive relief for threatened breach a contract"), Chmura has not and cannot plead that the Agreement is a legally enforceable contract or that it has sustained any damage or harm – two of the three key elements of a breach of contract claim and key requirements for injunctive relief. The Agreement (and likely the agreements signed by Chmura's other employees) contains non-competition and non-solicitation clauses that are overly broad and unenforceable. Lombardo should not be bound by the Agreement's terms. Lombardo respectfully requests that the Court dismiss the Complaint in its entirety.

Respectfully submitted,

THE LAW OFFICES OF THOMAS J. POWELL, P.C.

/s/ *Thomas J. Powell*
Thomas J. Powell, Esq., VSB #27604
3603-D Chain Bridge Road
Fairfax, VA 22030-3244
Tel: (703) 293-9050 | Fax: (703) 293-9075
Email: tom@tjplaw.com

Christine Marie Cooper, Esq.*
Koehler Fitzgerald LLC
1111 Superior Avenue East, Suite 2500
Cleveland, Ohio 44114
Tel: (219) 539-9376 | Fax: (216) 916-4369
Email: ccooper@koehler.law

**Pro hac vice* application pending

*Attorneys for Defendant Richard Lombardo*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Motion to Dismiss has been served on this 24th day of November 2019, via the Court's electronic filing system upon the following:

Rodney A. Satterwhite (VA Bar No. 32907)
Heidi E. Siegmund (VA Bar No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff*

/s/ *Thomas J. Powell*
Thomas J. Powell