# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **CHMURA ECONOMICS &** | ) | |
| **ANALYTICS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:19-cv-813-REP** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RICHARD LOMBARDO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S FIRST REQUESTS FOR**
**PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT**

Plaintiff Chmura Economics & Analytics, LLC ("Chmura"), by counsel, and pursuant to Federal Rules of Civil Procedure 26 and 34, calls upon Defendant Richard Lombardo ("Lombardo") to produce the following documents and things for inspection and copying at the offices of McGuireWoods LLP, 800 East Canal Street, Richmond, Virginia 23219.

**INSTRUCTIONS**

1. In lieu of submitting original documents, you may serve true copies of the requested documents upon Chmura's counsel by mailing or delivering them electronically within thirty days of service of this Request.

2. These Requests are continuing in character, so as to require that supplemental responses and productions be made seasonably if further documents are obtained.

3. If, in responding to these Requests, you encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

4.      Whenever in these Requests you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

A.      If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

B.      If you are withholding the document for any other reason, identify each document and, in addition to the information requested in paragraph 4.A above, please state the reason for withholding the document.

5.      When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

6.      It is intended that these Requests will not solicit any material protected either by the attorney/client privilege or by the work product doctrine that was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.  If any Request is susceptible to a construction that calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

7.      If any requested document(s) has been destroyed or mislaid, state the circumstances under which the document was destroyed or mislaid.

8.      Microsoft Excel spreadsheets, Microsoft Access databases, Microsoft PowerPoint files, AutoCad files, and audio and video ESI must be produced in native format, or another format that allows for access to all of the information contained in the native file.  All other paper and electronically-stored information (ESI) shall be produced in tiff or PDF format.  Each tiff image or PDF shall be named after the document production number(s) ("Bates number") assigned to the tiff image or PDF.  In addition, the confidentiality designation, if any, shall appear on the tiff image or PDF.  All documents should be produced in a searchable format using Optical Character Recognition ("OCR") technology.

9.      Each page of every document produced should be assigned a unique numerical identifier or Bates number.

## **DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      The term "communication" means the transmittal of information by any means.

2.      The term "concerning" means relating to, referring to, reflecting, describing,

evidencing, constituting, containing, discussing, summarizing, memorializing, pertaining to, supporting, corroborating, demonstrating, or contradicting.

3.      The terms "document" or "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a) and the terms "writings," "recordings" and "photographs" in Fed. R. Evid. 1001. The term "document" is used in its broadest possible sense and includes, but is not be limited to, correspondence, e-mail, memoranda, notes, journals, diaries, calendars, messages, minutes, books, reports, charts, drawings, ledgers, pictures, photographs, computer printouts, microfilms, videotapes or audio recordings. A draft or non-identical copy is a separate document within the meaning of the term "document."

4.      The term "person" is defined as any natural person or any business, legal or governmental entity or association.

5.      The terms "you" or "your" include the person(s) to whom these Requests are addressed, and all of that person's agents, representatives and attorneys.

6.      The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" or "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

## REQUESTS FOR PRODUCTION

1.      All computers, laptops, cell phones or other electronic devices belonging to Chmura and/or which contain or previously contained information belonging to Chmura.

2.      All documents and communications concerning Chmura's actual or prospective clients, including, without limitation, client contact information, subscription agreements, and other sales information.

3.      All other documents that you received and/or otherwise obtained by virtue of your relationship with Chmura.

4.      All documents and communications concerning actual or potential employment with EMSI or any other direct competitor of Chmura at any time since June 1, 2019.

5.      All cell phone records (including, without limitation, text messages, voicemails, and call logs) concerning any communications you have had with any prospective or current Chmura client since October 1, 2019.

Dated:  December 9, 2019

/s/

Rodney A. Satterwhite (VA Bar No. 32907)
Heidi E. Siegmund (VA Bar No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of December, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record.  In addition, I served a true and correct copy of the foregoing on all counsel of record via Federal Express.

     /s/

Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel:    (804) 775-1000
Fax:    (804) 775-1061
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff*

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **CHMURA ECONOMICS &** | ) | |
| **ANALYTICS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:19-cv-813-REP** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RICHARD LOMBARDO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

Plaintiff Chmura Economics & Analytics, LLC ("Chmura"), by counsel, and pursuant to Federal Rules of Civil Procedure 26 and 33, calls upon Defendant Richard Lombardo ("Lombardo") to answer each of the following Interrogatories.

## INSTRUCTIONS

1.     Each interrogatory below seeks all non-privileged information within the knowledge, possession, custody or control of Defendant, including his attorneys or agents, and any other person acting on his behalf.

2.     Unless otherwise stated, the time period covered by these interrogatories is the beginning of time up to and including the date on which the interrogatories are answered.

3.     These interrogatories are deemed continuing to the fullest extent permissible and to apply to all information or documents that you subsequently create, develop, discover or receive.

4.     If the answer to the whole of the question is not known, so state, and answer the part known.  If the answer to the question is only partly known, provide all responsive information known and specify in what respect the response is or may be incomplete due to partial lack of

knowledge.  If the exact dates, amounts, or other figures or facts are not known, but you have information permitting you to make an approximate or estimated answer, please state such answer and indicate that it is an approximation or estimate because more precise information is not known or available to you.

5.      Whenever appropriate, verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

6.      If you withhold any responsive information on the grounds that it is privileged or otherwise excludable from discovery, identify the following information, unless divulging the information would disclose the privileged information:

(1)      The nature of the privilege claimed (including work product);

(2)      The date of the document or oral communication;

(3)      If a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena *duces tecum* or a document request, including, where appropriate, the author, the addressee and, if not apparent, the relationship between the author and addressee; and

(4)      The general subject matter of the information.

6.      If at any time subsequent to the answering of these interrogatories, any other information responsive to these interrogatories is located or comes within the custody, possession or control of Defendant, Plaintiffs request that it be identified.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      The term "communication" means the transmittal of information by any means.

2.      The term "concerning" means relating to, referring to, reflecting, describing, evidencing, constituting, containing, discussing, summarizing, memorializing, pertaining to, supporting, corroborating, demonstrating, or contradicting.

3.      The terms "document" or "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a) and the terms "writings," "recordings" and "photographs" in Fed. R. Evid. 1001.  The term "document" is used in its broadest possible sense and includes, but is not limited to, correspondence, e-mail, memoranda, notes, journals, diaries, calendars, messages, minutes, books, reports, charts, drawings, ledgers, pictures, photographs, computer printouts, microfilms, videotapes or audio recordings.  A draft or non-identical copy is a separate document within the meaning of the term "document."

4.      The term "person" is defined as any natural person or any business, legal or governmental entity or association.

5.      The terms "you" or "your" include the person(s) to whom these Requests are addressed, and all of that person's agents, representatives and attorneys.

## INTERROGATORIES

1.      Identify each Chmura client with whom you have communicated regarding your departure from Chmura, and describe the date, method, and content of each communication.

2.      Identify each Chmura client with whom you have communicated for any reason

since October 17, 2019, and describe the date, method, and content of each communication.

3.      Identify every competitor of Chmura with whom you have discussed potential employment at any time since June 1, 2019, and for each, state: (1) whether you have submitted an application or request (written or verbal) for employment; (2) whether you have received an offer of employment; and (3) whether you have accepted or declined any offer of employment.

Dated:  December 9, 2019

_____/s/_____
Rodney A. Satterwhite (VA Bar No. 32907)
Heidi E. Siegmund (VA Bar No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record.  In addition, I served a true and correct copy of the foregoing on all counsel of record via Federal Express.

_____/s/_____
Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel:     (804) 775-1000
Fax:     (804) 775-1061
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff*