IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |  |
|---|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) | Case No.: 3:19-cv-813<br>**Judge Robert E. Payne** |
| v. | ) ) ) | |
| **RICHARD LOMBARDO,** | ) ) ) | |
| **Defendant.** | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT OF CHMURA ECONOMICS & ANALYTICS, LLC WITH JURY DEMAND

Pursuant to Fed.R.Civ.P. 12, Defendant Richard A. Lombardo ("Lombardo") answers the First Amended Complaint (the "Amended Complaint") of Chmura Economics & Analytics, LLC ("Chmura") as follows:

1. Lombardo denies the allegations of ¶1 of the Amended Complaint that he threatened to intentionally destroy Chmura's business, that he has unlawfully retained tangible property or trade secrets, that he threatened to steal Chmura's customers and take them to a competitor if Chmura did not offer him compensation commensurate with his perceived self-worth, refused to return a laptop computer containing confidential and proprietary information about Chmura's customers and prospective customers; Lombardo admits the allegations of ¶1 of the Amended Complaint to the extent that Chmura terminated Lombardo's employment;

1

Lombardo is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶1 of the Amended Complaint and, therefore, denies them.

2. Lombardo is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶2 of the Amended Complaint and, therefore, denies them.

3. Lombardo admits the allegations of ¶3 of the Amended Complaint.

4. Lombardo denies the allegations of ¶4 of the Amended Complaint.

5. The allegations of ¶5 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶5 of the Amended Complaint were intended to elicit a response, Lombardo denies them.

6. The allegations of ¶6 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶6 of the Amended Complaint were intended to elicit a response, Lombardo denies them.

7. The allegations of ¶7 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶7 of the Amended Complaint were intended to elicit a response, Lombardo denies them.

8. The allegations of ¶8 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶8 of the Amended Complaint were intended to elicit a response, Lombardo denies them.

9. Lombardo admits the allegations of ¶9 of the Complaint to the extent that Chmura software provides demographics and labor data and provides consulting services; Lombardo is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of ¶9 of the Amended Complaint and, therefore, denies them.

10. Lombardo admits the allegations of ¶10 of the Amended Complaint to the extent that he began his employment with Chmura in 2015; Lombardo is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of ¶10 of the Amended Complaint and, therefore, denies them.

11. Lombardo admits the allegations of ¶11 of the Amended Complaint to the extent that his job was to sell Chmura's software product to customers located in the Midwest and to customers located across the nation and that he did sell Chmura's software products to customers located in the Midwest and to customers located across the nation; Lombardo denies the remaining allegations of ¶11 of the Amended Complaint.

12. Lombardo admits the allegations of ¶12 of the Amended Complaint solely to the extent that Lombardo answered questions of his customers as they related to the software he was selling for Chmura; Lombardo denies the remaining allegations of ¶12 of the Amended Complaint.

13. Lombardo admits the allegations of ¶13 of the Amended Complaint to the extent that Lombardo had access to and used resources provided by Chmura to sell Chmura's software product; Lombardo is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of ¶13 of the Amended Complaint and, therefore, denies them.

14. Lombardo admits the allegations of ¶14 of the Amended Complaint to the extent that he used the resources he received from Chmura to develop new client relationships to benefit Chmura through the sale of Chmura's software; Lombardo denies the remaining allegations of ¶14 of the Amended Complaint.

15. Lombardo admits the allegations of ¶15 of the Amended Complaint to the extent that he signed a document titled Confidentiality, Non-Competition, and Non-Solicitation on or

about February 4, 2015; Lombardo further states that the Agreement attached as Exhibit A to the Amended Complaint speaks for itself; Lombardo denies the remaining allegations of ¶15 of the Amended Complaint.

16. Lombardo states that the Agreement speaks for itself; Lombardo is without knowledge sufficient to form a belief as to the truth of the remaining allegations of ¶16 of the Amended Complaint and, therefore, denies them.

17. Lombardo states that the Agreement speaks for itself; Lombardo is without knowledge sufficient to form a belief as to the truth of the remaining allegations of ¶17 of the Amended Complaint and, therefore, denies them.

18. Lombardo states that the Agreement speaks for itself; Lombardo is without knowledge sufficient to form a belief as to the truth of the remaining allegations of ¶18 of the Amended Complaint and, therefore, denies them.

19. Lombardo states that the Agreement speaks for itself; Lombardo is without knowledge sufficient to form a belief as to the truth of the remaining allegations of ¶19 of the Amended Complaint and, therefore, denies them.

20. Lombardo states that the Agreement speaks for itself; Lombardo is without knowledge sufficient to form a belief as to the truth of the remaining allegations of ¶20 of the Amended Complaint and, therefore, denies them.

21. Lombardo states that the Agreement speaks for itself; Lombardo is without knowledge sufficient to form a belief as to the truth of the remaining allegations of ¶21 of the Amended Complaint and, therefore, denies them.

22. Lombardo states that the Agreement speaks for itself; Lombardo is without knowledge sufficient to form a belief as to the truth of the remaining allegations of ¶22 of the Amended Complaint and, therefore, denies them.

23. Lombardo states that the Agreement speaks for itself; Lombardo is without knowledge sufficient to form a belief as to the truth of the remaining allegations of ¶23 of the Amended Complaint and, therefore, denies them.

24. Lombardo is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶24 of the Amended Complaint and, therefore, denies them.

25. Lombardo denies the allegations of ¶25 of the Amended Complaint.

26. Lombardo admits the allegations of ¶26 of the Amended Complaint to the extent that he met with his manager, Eli Auerbach, on or about October 3, 2019; Lombardo denies the remaining allegations of ¶26 of the Amended Complaint.

27. Lombardo admits the allegations of ¶27 of the Amended Complaint to the extent that he met with Eli Auerbach on or about October 17, 2019; Lombardo denies the remaining allegations of ¶27 of the Amended Complaint.

28. Lombardo denies the allegations of ¶28 of the Amended Complaint.

29. Lombardo denies the allegations of ¶29 of the Amended Complaint.

30. Lombardo denies the allegations of ¶30 of the Amended Complaint.

31. Lombardo denies the allegations of ¶31 of the Amended Complaint.

32. Lombardo denies the allegations of ¶32 of the Amended Complaint.

33. Lombardo admits the allegations of ¶33 of the Amended Complaint to the extent that Chmura offered him $10,000; Lombardo denies the allegations of ¶33 to the extent that he attempted to extort Chmura; Lombardo is without information or knowledge sufficient to form a

belief as to the truth of the remaining allegations of ¶33 of the Amended Complaint and, therefore, denies them.

34. Lombardo is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶34 of the Amended Complaint and, therefore, denies them.

35. Lombardo denies the allegations of ¶35 of the Amended Complaint.

36. Lombardo admits the allegations of ¶36 of the Amended Complaint to the extent that his counsel sent a letter on or about October 25, 2019 to counsel for Chmura; that letter speaks for itself; Lombardo denies the remaining allegations of ¶36 of the Amended Complaint.

37. Lombardo denies the allegations of ¶37 of the Amended Complaint.

38. Lombardo denies the allegations of ¶38 of the Amended Complaint.

39. Lombardo is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶39 of the Amended Complaint and, therefore, denies them.

40. Lombardo is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶40 of the Amended Complaint and, therefore, denies them.

41. Lombardo denies the allegations of ¶41 of the Amended Complaint.

42. Lombardo denies the allegations of ¶42 of the Amended Complaint.

43. Lombardo admits and denies the allegations of ¶43 of the Amended Complaint to the same extent as it has admitted or denied the incorporated allegations.

44. The allegations of ¶44 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶44 of the Amended Complaint were intended to elicit a response, Lombardo denies them; Lombardo further states that the Agreement speaks for itself.

45. The allegations of ¶45 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶45 of the Amended Complaint were intended to elicit a response, Lombardo denies them.

46. Lombardo denies the allegations of ¶46 of the Amended Complaint.

47. Lombardo denies the allegations of ¶47 of the Amended Complaint.

48. Lombardo denies the allegations of ¶48 of the Amended Complaint.

49. Lombardo admits and denies the allegations of ¶49 of the Amended Complaint to the same extent as it has admitted or denied the incorporated allegations.

50. The allegations of ¶50 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶50 of the Amended Complaint were intended to elicit a response, Lombardo denies them; Lombardo further states that the Agreement speaks for itself.

51. The allegations of ¶51 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶51 of the Amended Complaint were intended to elicit a response, Lombardo denies them; Lombardo further states that the Agreement speaks for itself.

52. Lombardo denies the allegations of ¶52 of the Amended Complaint.

53. Lombardo denies the allegations of ¶53 of the Amended Complaint.

54. Lombardo denies the allegations of ¶54 of the Amended Complaint.

55. The allegations of ¶55 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶55 of the Amended Complaint were intended to elicit a response, Lombardo denies them.

56. The allegations of ¶56 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶56 of the Amended Complaint were intended to elicit a response, Lombardo denies them; Lombardo further states that the Agreement speaks for itself.

57. Lombardo admits the allegations of ¶57 of the Amended Complaint to the extent that he contends that the restrictive covenants in the Agreement are unenforceable.

58. The allegations of ¶58 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶58 of the Amended Complaint were intended to elicit a response, Lombardo denies them.

59. The allegations of ¶59 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶59 of the Amended Complaint were intended to elicit a response, Lombardo denies them; Lombardo further states that the Agreement speaks for itself.

60. Lombardo is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶60 of the Amended Complaint and, therefore, denies them.

61. The allegations of ¶61 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶61 of the Amended Complaint were intended to elicit a response, Lombardo denies them; Lombardo further states that the Agreement speaks for itself.

62. Lombardo denies the allegations of ¶62 of the Amended Complaint.

63. Lombardo denies the allegations of ¶63 of the Amended Complaint.

64. Lombardo denies the allegations of ¶64 of the Amended Complaint.

65. Lombardo admits and denies the allegations of ¶65 of the Amended Complaint to the same extent as it has admitted or denied the incorporated allegations.

66. Lombardo is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶66 of the Amended Complaint to the extent that "Chmura possesses highly unique and valuable information, including without limitation, (i) information concerning the pricing and other contractual terms offered to current and prospective customers; (ii) the identities and contact information of the individual authorized users of Chmura's software; and (iii) information concerning Chmura's negotiations of its subscription agreements" and, therefore, denies them; the remaining allegations of ¶66 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶66 of the Amended Complaint were intended to elicit a response, Lombardo denies them.

67. Lombardo is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶67 of the Amended Complaint and, therefore, denies them.

68. Lombardo is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶68 of the Amended Complaint and, therefore, denies them.

69. Lombardo is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶69 of the Amended Complaint and, therefore, denies them.

70. Lombardo denies the allegations of ¶70 of the Amended Complaint.

71. Lombardo denies the allegations of ¶71 of the Amended Complaint.

72. Lombardo denies the allegations of ¶72 of the Amended Complaint.

73. Lombardo denies the allegations of ¶73 of the Amended Complaint.

74. Lombardo denies the allegations of ¶74 of the Amended Complaint.

75. Lombardo admits and denies the allegations of ¶75 of the Amended Complaint to the same extent as it has admitted or denied the incorporated allegations.

76. Lombardo is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶76 of the Amended Complaint and, therefore, denies them.

77. The allegations of ¶77 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶77 of the Amended Complaint were intended to elicit a response, Lombardo denies them.

78. The allegations of ¶78 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶78 of the Amended Complaint were intended to elicit a response, Lombardo denies them.

79. The allegations of ¶79 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent the allegations of ¶79 of the Amended Complaint were intended to elicit a response, Lombardo denies them; Lombardo further states that the Agreement speaks for itself.

80. Lombardo denies the allegations of ¶80 of the Amended Complaint.

81. Lombardo denies the allegations of ¶81 of the Amended Complaint.

82. Lombardo denies each allegation that he has not expressly admitted to be true.

## **AFFIRMATIVE DEFENSES**

83. The Amended Complaint fails to state a claim upon which relief can be granted.

84. Chmura's damages, if any, were caused by its own actions.

85. At all times, Lombardo acted in good faith.

86. Chmura has suffered no injury or damages cognizable under any state or federal laws.

87. Chmura's claims are barred by the doctrine of laches, estoppel and/or waiver.

88. Chmura's claims are barred or limited by the absence of irreparable harm.

89. The Complaint is barred by the doctrine of unclean hands.

90. Chmura's claims are not ripe for adjudication.

91. Some or all of Chmura's claims are barred because the contractual provisions at issue are unenforceable or subject to limitation by the Court. Specifically, the non-competition, non-solicitation and confidentiality provisions of the Agreement at issue contain vague and ambiguous terms, are overbroad, and unenforceable. Additionally, the non-competition, non-solicitation and confidentiality provisions are unreasonable given the undue hardship they impose on Lombardo in that they improperly restrain Lombardo's right and ability to work.

92. Chmura's claims fail, in whole or in part, because any information accessed, viewed, used, or transferred contained no confidential, proprietary, or trade secret information belonging to Chmura.

93. Chmura's claims fail because Lombardo did not use or receive any trade secrets or confidential information of Chmura, if any exist.

94. Chmura's claims are barred, in whole or in part, because Chmura's requested relief amounts to an improper restraint of trade.

95. Chmura's claims fail, in whole or in part, because Chmura has not exercised reasonable or sufficient efforts to maintain the secrecy of any information alleged in the Amended Complaint.

96. Chmura's request for injunctive relief against Lombardo is barred because it has not demonstrated a need or met the legal criteria for injunctive relief, including a likelihood of

success on the merits, a risk of irreparable harm, or that the interests of justice or balance of harms favor injunctive relief.

97. Some or all of Chmura's claims against Lombardo are mooted following the offer to return to Chmura the laptop issued by Chmura to Lombardo.

98. Chmura consented to Lombardo's possession of the computer and the information contained thereon.

99. Lombardo hereby gives notice that it intends to rely upon such other defenses as may become available during the discovery proceedings in this case and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, Defendant Richard A. Lombardo demands this Court to:

1. Dismiss all claims against him with prejudice;

2. Award him his costs and litigation expenses; and

3. Grant him all further and other relief to which he may be entitled.

## JURY DEMAND

Richard A. Lombardo demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Thomas J. Powell*
Thomas J. Powell, Esq., VSB #27604
3603-D Chain Bridge Road
Fairfax, VA 22030-3244
Tel: (703) 293-9050 | Fax: (703) 293-9075
Email: tom@tjplaw.com

Christine Marie Cooper, Esq. (Ohio Bar #0079160)
Koehler Fitzgerald LLC

1111 Superior Avenue East, Suite 2500
Cleveland, OH 44114
Tel: (219) 539-9376 | Fax: (216) 916-4369
Email: ccooper@koehler.law

*Attorneys for Defendant Richard Lombardo*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing has been served on this 23rd day of December 2019, via the Court's CM/ECF filing system, upon the following:

Rodney A. Satterwhite (VSB #32907)
Heidi E. Siegmund (VSB #89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff*

    /s/ Thomas J. Powell
Thomas J. Powell