**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

|  |  |  |
|---|---|---|
| CHMURA ECONOMICS & ANALYTICS, LLC, | ) ) ) ) |  |
| Plaintiff, | ) ) | Case No. 3:19-cv-813-REP |
| v. | ) ) |  |
| RICHARD LOMBARDO, | ) ) |  |
| Defendant. | ) ) |  |

**PLAINTIFF AND COUNTERCLAIM DEFENDANT CHMURA ECONOMICS**
**& ANALYTICS, LLC'S ANSWER TO COUNTERCLAIM**

Plaintiff and Counterclaim Defendant Chmura Economics & Analytics, LLC ("Chmura"), by counsel, sets forth the following as its Answer to the Counterclaim filed by Defendant and Counterclaim Plaintiff Richard Lombardo ("Lombardo") (ECF No. 19).  To the extent not specifically admitted, all allegations in the Counterclaim are denied.  The section headings included below reflect the section headings in the Counterclaim.

1.      Chmura admits the allegations in Paragraph 1.

2.      On information and belief, Chmura admits the allegations in Paragraph 2.

3.      The allegations in Paragraph 3 contain legal contentions and/or conclusions by Lombardo that do not require any admissions or denials by Chmura.  To the extent a response is required, Chmura denies the allegations in Paragraph 3.

4.      The allegations in Paragraph 4 contain legal contentions and/or conclusions by Lombardo that do not require any admissions or denials by Chmura.  To the extent a response is required, Chmura denies the allegations in Paragraph 4.

5.      Chmura admits that it is a Virginia limited liability company with its principal place of business in Richmond, Virginia.  The remaining allegations in Paragraph 5 contain legal contentions and/or conclusions by Lombardo that do not require any admissions or denials by Chmura.  To the extent a response is required, Chmura denies the remaining allegations in Paragraph 5.

6.      Chmura admits the allegations in Paragraph 6.

7.      Chmura admits that it offered Lombardo a position as a sales representative in February 2015, and that it provided Lombardo an offer letter on or about February 3, 2015 (the "Offer Letter").  Chmura admits that Exhibit A to Lombardo's Counterclaim is a true and correct copy of the Offer Letter.  Chmura denies the allegations in this Paragraph to the extent they are inconsistent with the Offer Letter, and denies the remaining allegations in this Paragraph.  Chmura further specifically denies that the Offer Letter created any contractual rights or obligations.

8.      Chmura admits that the Offer Letter references the non-binding salary and commissions numbers cited in Paragraph 8, and refers to the Offer Letter for the full content and context of the cited language.  Chmura denies the allegations in this Paragraph to the extent they are inconsistent with the Offer Letter.  Chmura further specifically denies that the Offer Letter created any contractual rights or obligations, and denies that Lombardo "should have" received any set commissions, as those commissions were subject to change.

9.      Chmura admits that the Offer Letter contains the language quoted in Paragraph 9, and refers to the Offer Letter for the full content and context of the quoted statements.  Chmura denies the allegations in this Paragraph to the extent they are inconsistent with the Offer Letter.  Chmura further specifically denies that the Offer Letter created any contractual rights or

obligations.  Chmura admits that Lombardo received a Confidentiality, Non-Competition and Non-Solicitation Agreement (the "Agreement") at the time he received his offer letter.  Chmura admits that Exhibit B to Lombardo's Counterclaim is a true and correct copy of the Agreement.

10.     Chmura admits that Lombardo signed the Agreement on or about February 4, 2015.  The remaining allegations in Paragraph 10 contain legal contentions and/or conclusions by Lombardo that do not require any admissions or denials by Chmura.  To the extent a response is required, Chmura denies the remaining allegations in Paragraph 10.

11.     Chmura admits that the Agreement contains the language quoted in Paragraph 11, and refers to the Agreement for the full content and context of the quoted statements.  Chmura denies the allegations in this Paragraph to the extent they are inconsistent with the Agreement.

12.     Chmura admits that the Agreement contains the language quoted in Paragraph 12, and refers to the Agreement for the full content and context of the quoted statements.  Chmura denies the allegations in this Paragraph to the extent they are inconsistent with the Agreement.

13.     Chmura admits that the Agreement contains the language quoted in Paragraph 13, and refers to the Agreement for the full content and context of the quoted statements.  Chmura denies the allegations in this Paragraph to the extent they are inconsistent with the Agreement.

14.     Chmura admits the allegations in Paragraph 14.

15.     Chmura admits that Lombardo began his employment as a sales representative on or around February 18, 2015.  Chmura denies the remaining allegations in Paragraph 15.

16.     Chmura denies the allegations in Paragraph 16.

17.     Chmura denies the allegations in Paragraph 17.

18.     Chmura currently lacks sufficient information to form a belief as to the truth of the allegations in this Paragraph because the term "oversee" as used in this Paragraph is ambiguous.  Chmura therefore denies the allegations in Paragraph 18.

19.     Chmura currently lacks sufficient information to form a belief as to the truth of the allegations in this Paragraph because the phrase "advanced or professional . . . knowledge" as used in this Paragraph is ambiguous.  Chmura therefore denies the allegations in Paragraph 19.

20.     Chmura admits that, on some occasions, Lombardo was required to obtain approval from his supervisor before booking flights to conferences as a result of his failure to comply with Chmura's customary travel practices.  Chmura denies the remaining allegations in Paragraph 20.

21.     Chmura admits that Lombardo did not receive an overtime premium for working more than 40 hours per week.  Chmura further admits that, during Lombardo's employment, it had no policy prohibiting salespersons from working overtime.  Chmura further admits that on at least some occasions, Lombardo worked in excess of 40 hours in one week, and that he may have occasionally worked more than 50 hours in one week.  Chmura denies the remaining allegations in Paragraph 21.

22.     Chmura admits that on a very small number of occasions, Lombardo received less than 15% commission on a sale where the sale was primarily attributable to the work of other Chmura representatives, and was therefore a "warm lead."  Chmura denies the remaining allegations in Paragraph 22.

23.     Chmura denies the allegations in Paragraph 23.

24.     Chmura admits that Exhibit C to Lombardo's Counterclaim is a true and correct copy of the Amendment issued by Chmura on or about March 28, 2019.  Chmura further admits

that the Amendment contains the language quoted in Paragraph 24, and refers to the Amendment for the full content and context of the quoted statements. Chmura denies the allegations in this Paragraph to the extent they are inconsistent with the Amendment. Chmura further specifically denies that either the Amendment or the Offer Letter created any contractual rights or obligations.

25.     Chmura admits that the Amendment changed the timing of Lombardo's commissions. Chmura denies the remaining allegations in Paragraph 25.

26.     Chmura admits that, in the fall of 2019, it began developing a plan to redistribute certain sales accounts in light of its growing business, and that as part of that redistribution, Chmura contemplated assigning other sales representatives to assist with some of Lombardo's accounts going forward. Chmura denies the remaining allegations in Paragraph 26.

27.     Chmura denies the allegations in Paragraph 27.

28.     Chmura denies the allegations in Paragraph 28.

29.     Chmura admits that Eli Auerbach ("Auerbach"), Lombardo's supervisor and Chmura's manager of the sales team at that time, held a meeting on or about October 2, 2019 to discuss possible changes to Chmura's sales and commissions structure. Chmura denies the remaining allegations in Paragraph 29.

30.     Chmura admits that Auerbach met with Lombardo on or about October 3, 2019 to discuss proposed changes to his sales territory, and that during that meeting Lombardo inquired about the possible redistribution plan. Chmura denies the remaining allegations in Paragraph 30.

31.     Chmura denies the allegations in Paragraph 31.

32.     Chmura admits that Lombardo did not receive an overtime premium for working more than 40 hours per week.   Chmura denies, however, that Lombardo did not receive "compensation" for those hours.

33.     Chmura admits that Auerbach approached Lombardo to discuss Lombardo's future with Chmura on October 17, 2019.   Chmura further admits that Lombardo complained that Chmura was mistreating him by deciding to reorganize its commissions structure.   Chmura denies the remaining allegations in Paragraph 33.

34.     Chmura admits that Auerbach asked Lombardo to leave the office after the October 17 meeting (during which Lombardo had threatened to destroy Chmura's business), and that Lombardo complied.   Chmura denies the remaining allegations in Paragraph 34.

35.     Chmura admits that it terminated Lombardo's access to Salesforce and certain other programs on October 17 because of its concerns regarding the threats he had made to Auerbach and other employees.   Chmura further admits that as of that date, Lombardo had a work-issued laptop in his possession.   Chmura currently lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 35 and therefore denies them.

36.     Chmura admits that it placed Lombardo on unpaid leave on October 17, 2019. Chmura denies the remaining allegations in Paragraph 36.

37.     Chmura admits that on or about October 21, 2017, Aisha Ortiz verbally offered Lombardo a one-time payment of $10,000 and stated that she would send him a separation agreement in writing.   Chmura denies the remaining allegations in Paragraph 37.

38.     Chmura admits that before receiving the written severance offer, on October 21, 2019, Lombardo received a letter from Chmura's outside counsel (the "Cease and Desist

Letter"). Chmura denies that Lombardo received this letter before Chmura verbally discussed its severance offer with Lombardo.

39.    Chmura admits that its Cease and Desist Letter contained the requests cited in Paragraph 39, and refers to that letter for the full content and context of the quoted statements. Chmura denies the allegations in this Paragraph to the extent they are inconsistent with the Cease and Desist Letter.

40.    Chmura admits the allegations in Paragraph 40.

41.    Chmura admits that Lombardo's counsel sent an e-mail on October 21, 2019 containing the contentions in Paragraph 41, and that Chmura's counsel confirmed receipt. Chmura denies the allegations in Paragraph 41 to the extent they are inconsistent with the cited e-mails.

42.    Chmura admits that its counsel received a letter from Lombardo's counsel dated October 24, 2019, that that letter contained a demand for allegedly unpaid overtime, and that the letter demanded a response by October 31, 2019. Chmura denies the remaining allegations in Paragraph 42.

43.    Chmura denies the allegations in Paragraph 43.

44.    Chmura admits that its counsel sent a letter to Lombardo's counsel on October 31, 2019, along with a courtesy copy of the Complaint. Chmura further admits that the October 31 letter contains the language quoted in this Paragraph, and refers to that letter for the full content and context of the quoted statements. Chmura denies the allegations in this Paragraph to the extent they are inconsistent with its counsel's October 31 letter, and denies the remaining allegations in Paragraph 44.

45.    Chmura denies the allegations in Paragraph 45.

## FIRST CLAIM FOR RELIEF
### (Fair Labor Standards Act)

46.     Chmura incorporates by reference the preceding paragraphs of this Answer.

47.     The allegations in Paragraph 47 contain legal contentions and/or conclusions by Lombardo that do not require any admissions or denials by Chmura.  To the extent a response is required, Chmura denies the allegations in Paragraph 47.

48.     The allegations in Paragraph 48 contain legal contentions and/or conclusions by Lombardo that do not require any admissions or denials by Chmura.  To the extent a response is required, Chmura denies the allegations in Paragraph 48.  Chmura further specifically denies that Lombardo was a non-exempt employee.

49.     Chmura admits that on at least some occasions, Lombardo worked more than 40 hours in one week.  Chmura denies the remaining allegations in Paragraph 49.

50.     Chmura denies the allegations in Paragraph 50.

51.     Chmura denies the allegations in Paragraph 51.

52.     Chmura denies the allegations in Paragraph 52.

53.     Chmura denies the allegations in Paragraph 53.  Chmura further specifically denies that Lombardo is entitled to any of the relief sought in the Counterclaim or any other relief.

## SECOND CLAIM FOR RELIEF
### (Fair Labor Standards Act – Retaliation)

54.     Chmura incorporates by reference the preceding paragraphs of this Answer.

55.     The allegations in Paragraph 55 contain legal contentions and/or conclusions by Lombardo that do not require any admissions or denials by Chmura.  To the extent a response is required, Chmura denies the allegations in Paragraph 55.

56.     Chmura denies the allegations in Paragraph 56.

57.     Chmura denies the allegations in Paragraph 57.

58.     Chmura denies the allegations in Paragraph 58.

59.     Chmura denies the allegations in Paragraph 59.

60.     Chmura admits that Lombardo's counsel alleged on or about October 24, 2019 that Chmura had violated the FLSA by misclassifying Lombardo as exempt.  Chmura denies that Lombardo's counsel "reiterated" any complaint by Lombardo because Lombardo never made such a complaint.  Chmura denies the remaining allegations in Paragraph 60.

61.     Chmura denies the allegations in Paragraph 61.

62.     Chmura denies the allegations in Paragraph 62.

63.     Chmura denies the allegations in Paragraph 63.

64.     Chmura denies the allegations in Paragraph 64.

65.     Chmura denies the allegations in Paragraph 65.  Chmura further specifically denies that Lombardo is entitled to any of the relief sought in the Counterclaim or any other relief.

### THIRD CLAIM FOR RELIEF
**(Breach of Contract)**

66.     Chmura incorporates by reference the preceding paragraphs of this Answer.

67.     Chmura denies the allegations in Paragraph 67.

68.     Chmura admits that as of March 28, 2019, Lombardo's commissions were payable upon receipt of payment by Chmura for the sale, and that prior to March 28, 2019, Lombardo's commissions were payable the month after the transaction date.  Chmura specifically denies that its general practices regarding the timing of commissions payments created any contractual rights or obligations between the parties.

69.     Chmura denies the allegations in Paragraph 69.

70.     Chmura denies the allegations in Paragraph 70.

71.     Chmura denies the allegations in Paragraph 71.

72.     Chmura denies the allegations in Paragraph 72.

## FOURTH CLAIM FOR RELIEF
### (Ohio Prompt Pay Act – O.R.C. § 4113.15)

73.     Chmura incorporates by reference the preceding paragraphs of this Answer.

74.     The allegations in Paragraph 74 contain legal contentions and/or conclusions by Lombardo that do not require any admissions or denials by Chmura.  To the extent a response is required, Chmura denies the allegations in Paragraph 74.

75.     The allegations in Paragraph 75 contain legal contentions and/or conclusions by Lombardo that do not require any admissions or denials by Chmura.  To the extent a response is required, Chmura denies the allegations in Paragraph 75.

76.     Chmura denies the allegations in Paragraph 76.

77.     Chmura denies the allegations in Paragraph 77.

78.     Chmura denies the allegations in Paragraph 78.  Chmura further specifically denies that Lombardo is entitled to any of the relief sought in the Counterclaim or any other relief.

## FIFTH CLAIM FOR RELIEF
### (Ohio Minimum Fair Wage Standards Act – O.R.C. § 4111.01 *et seq.*)

79.     Chmura incorporates by reference the preceding paragraphs of this Answer.

80.     Chmura admits the allegations in Paragraph 80.

81.     Chmura denies the allegations in Paragraph 81.

82.     Chmura denies the allegations in Paragraph 82.

83.     Chmura denies the allegations in Paragraph 83.   Chmura further specifically denies that Lombardo is entitled to any of the relief sought in the Counterclaim or any other relief.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment – the Agreement)

84.     Chmura incorporates by reference the preceding paragraphs of this Answer.

85.     Chmura admits that Lombardo makes the contentions described in Paragraph 85, but denies that those contentions are valid or correct.   Chmura admits that a justiciable controversy exists as to the enforceability of the Agreement.   Chmura denies the remaining allegations in Paragraph 85.

86.     The allegations in Paragraph 86 contain legal contentions and/or conclusions by Lombardo that do not require any admissions or denials by Chmura.  To the extent a response is required, Chmura denies the allegations in Paragraph 86.

87.     The allegations in Paragraph 87 contain legal contentions and/or conclusions by Lombardo that do not require any admissions or denials by Chmura.  To the extent a response is required, Chmura denies the allegations in Paragraph 87.

## RELIEF

Chmura denies that Lombardo is entitled to the relief sought in the Counterclaim or any other relief.  Chmura further denies that it owes Lombardo any compensation and avers that its policies and practices comply with state and federal laws.

## AFFIRMATIVE AND OTHER DEFENSES

Chmura avers that each of the following affirmative or other defenses is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  Chmura does not implicitly or otherwise undertake any burden of proof or production as to any of these

11

defenses that the law does not otherwise impose.  Chmura reserves the right to assert additional defenses as they become known during the course of discovery.

### FIRST DEFENSE

The Counterclaim fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Lombardo's claims are barred to the extent they arise beyond the applicable statute of limitations.

### THIRD DEFENSE

Lombardo's claims are barred, in whole or in part, by his failure to report his allegedly compensable work activities to Chmura.

### FOURTH DEFENSE

All actions taken by Chmura were taken in good faith and with reasonable grounds for believing that those actions were not in violation of the FLSA or Ohio law.  Conversely, Chmura's actions were not malicious, egregious, in bad faith, or in willful or reckless disregard of any legal rights of Lombardo.

### FIFTH DEFENSE

Lombardo's claims are or may be barred in whole or in part by the doctrines of waiver, estoppel, consent, and unclean hands.

### SIXTH DEFENSE

Lombardo's claims are barred, in whole or in part, because he is exempt from receiving overtime compensation under the FLSA and Ohio law.

## SEVENTH DEFENSE

Lombardo's claims are barred, in whole or in part, because there is no enforceable contract between the parties that governs Lombardo's commissions or other compensation.

## EIGHTH DEFENSE

Lombardo's claims fail, in whole or in part, because he did not engage in any protected activity under the FLSA.

## NINTH DEFENSE

Lombardo failed to mitigate his alleged damages.

## TENTH DEFENSE

The damages Lombardo sustained, if any, were not proximately caused by any breach or legal violation on the part of Chmura.

## ELEVENTH DEFENSE

Lombardo's claims fail because all relevant decisions made by Chmura were motivated by legitimate, non-pretextual factors unrelated to any complaint Lombardo may have made regarding the FLSA.

## TWELFTH DEFENSE

Lombardo is not entitled to punitive damages.

## THIRTEENTH DEFENSE

Chmura is entitled to offset any money or other consideration paid or provided to Lombardo by Chmura for periods in which Lombardo was not engaged in work compensable under the FLSA.

## **FOURTEENTH DEFENSE**

Lombardo's claims are barred, in whole or in part, because some or all of the claims for which Lombardo seeks compensation are not compensable under the FLSA.

## **FIFTEENTH DEFENSE**

The restrictions in Lombardo's Agreement are reasonable, valid, and supported by adequate consideration.

WHEREFORE, Chmura requests that the Court:

a) Dismiss the Counterclaim in its entirety with prejudice and enter judgment on Chmura's behalf;

b) Grant Chmura its costs and attorneys' fees incurred in defending this action; and

c) Grant such other and further relief as the Court deems just and proper.

Dated: January 13, 2020                    Respectfully submitted,

                                           _____/s/_____
                                           Rodney A. Satterwhite (VA Bar No. 32907)
                                           Heidi E. Siegmund (VA Bar No. 89569)
                                           McGuireWoods LLP
                                           Gateway Plaza
                                           800 East Canal Street
                                           Richmond, Virginia  23219
                                           (Office) (804) 775-1000
                                           (Fax) (804) 698-2158
                                           rsatterwhite@mcguirewoods.com
                                           hsiegmund@mcguirewoods.com

                                           *Counsel for Plaintiff/Counterclaim Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record.

> /s/
> Heidi E. Siegmund (VSB No. 89569)
> McGuireWoods LLP
> Gateway Plaza
> 800 East Canal Street
> Richmond, VA 23219
> Tel:    (804) 775-1000
> Fax:    (804) 775-1061
> hsiegmund@mcguirewoods.com
>
> *Counsel for Plaintiff/Counterclaim Defendant*