**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | Case No. 3:19-cv-813-REP |
| ) | |
| v. ) | |
| ) | |
| **RICHARD LOMBARDO,** ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

**STIPULATED PROTECTIVE ORDER**

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, other information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be

1

designated prior to or at the time of the production or disclosure of the documents. Thereafter any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL, the physical media on which such electronically stored information is produced shall be marked with the applicable designation, or the producing party shall otherwise designate that material in writing as CONFIDENTIAL. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive information that is not

publicly available. Public records and documents that are publicly available may not be designated for protection under this Order.

4. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order. By stipulation read into the record the parties may agree temporarily to designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the transcript. In such a circumstance, the parties shall review the transcript within thirty days of the receipt thereof and specifically designate the testimony and exhibits that will be protected under this Order. Thereafter only the specifically designated testimony and exhibits shall be protected under the terms of this Order.

5. **Protection of Confidential Material.**

(a) **Protection of Documents Designated CONFIDENTIAL.** Documents disclosed by one party and designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever by the receiving party or by the receiving party's authorized agents and representatives as set forth in subparagraphs (1)-(7) other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL.

(1) **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

(2) **Parties.** Parties and employees of a party to this Order.

(3) **The Court.** The Court and its personnel.

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(5) **Consultants, Investigators and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(6) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(b) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(c) **Copies.**  All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL if the words do not already appear on the copy.  All such copies shall be entitled to the protection of this Order.

(d) **Inadvertent Production.**  Inadvertent production of any document or information without a designation of CONFIDENTIAL shall be governed by Fed. R. Evid. 502.  In the event a party discovers it has inadvertently produced CONFIDENTIAL material that has not been so designated, it may designate the documents by subsequent notice in writing specifically identifying the documents and furnishing the correct designation, in which event the parties shall henceforth treat such information as provided in this Order.  Moreover, the production of documents subject to protection under the attorney-client privilege and/or protected by the work-product, joint defense or other similar doctrine, or by another legal privilege protecting the information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.  Upon such notification, all privileged materials that were inadvertently produced, and all copies thereof, shall be returned or destroyed, at the option of the producing party.

6. **Filing of CONFIDENTIAL Documents Under Seal.**  In accordance with Local Civil Rule 5, and absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court shall first consult with counsel for the party or nonparty who designated the document as CONFIDENTIAL to determine if some measure less restrictive than filing a document under seal may serve to provide adequate protection to the confidential information.  The party seeking to file documents

designated CONFIDENTIAL shall provide notice of its intention to do so at least 48 hours in advance of the applicable filing.

In the event a party seeks to file any documents that are subject to protection under this Order with the Court, the filing party shall, in accordance with the requirements of Local Civil Rule 5, take appropriate action to ensure that the documents receive proper protection from public disclosure, including: (1) appropriately redacting any document designated as CONFIDENTIAL before filing it publicly; (2) where appropriate, submitting the unredacted documents solely for *in camera* review; or (3) where the preceding measures are not adequate, the filing party shall be responsible for preparing the documents as set forth in Local Civil Rule 5. The parties understand and agree that documents may be filed under seal only with the permission of the Court after proper motion in compliance with the procedures set forth in Local Civil Rule 5. The parties further understand and agree that documents designated as CONFIDENTIAL under this Order do not, on that basis alone, necessarily qualify to be redacted or sealed under the applicable substantive law, Local Civil Rules, or Federal Rules of Civil Procedure. Nothing in this Order shall be construed as abrogating the requirement under Local Civil Rule 5(C) that the party designating certain documents as CONFIDENTIAL shall have the burden to demonstrate the propriety of sealing or redactions.

7. **Challenges by a Party to a Designation for Protection Under this Order.** Any CONFIDENTIAL designation is subject to challenge by any party or non-party with standing to object. Before filing any motions or objections to a designation for protection under this Order with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating

party shall serve on all parties a notice specifying the documents and the nature of the agreement. If the parties cannot agree, the objecting party shall request a ruling from the Court (in accordance with the Court's procedures for resolving discovery disputes) regarding whether the documents in question are entitled to the CONFIDENTIAL designation. The producing party shall have the burden of justifying the disputed designation. Notwithstanding any challenge to a designation, the documents in question shall continue to be treated as designated under this Protective Order until either (a) the producing party withdraws the designation; or (b) the Court rules that the documents in question are not entitled to the designation.

8. **Action by the Court.** Applications to the Court for an order relating to any documents designated for protection under this Order shall be by motion in accordance with the Local Civil Rules. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial. Notwithstanding any challenge to the designation of documents as CONFIDENTIAL, all material previously so designated shall continue to be treated as subject to the full protection of this Order until either: (1) the designating party withdraws such designation in writing; or (2) the Court rules that the documents should no longer be designated as CONFIDENTIAL.

9. **Use of Confidential Documents or Information at Trial.** Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any document designated for protection under this Order. If a party intends to present at trial documents designated for protection under this Order, or information derived therefrom, such party shall provide advance notice to the party designating the documents for protection under this Order least five (5) days before the commencement of trial by identifying the documents or

information at issue as specifically as possible (<u>i.e.</u>, by Bates number, page range, deposition transcript lines, etc.). Upon motion of the party designating the document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

      10.      **Obligations on Conclusion of Litigation.**

      (a)      **Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

      (b)      **Return of Documents Designated for Protection Under this Order.**  Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order, including copies, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the producing party agrees to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the parties even though they may contain documents designated for protection under this Order. Counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation. An attorney may use his

or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

12. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

    **IT IS SO ORDERED.**

Dated:_____                                       _____
                                                                                                 Senior District Judge Robert E. Payne

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|  |  |  |
|---|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** | ) ) ) ) | |
| **Plaintiff/Counterclaim Defendant,** | ) ) ) | **Case No. 3:19-cv-813-REP** |
| v. | ) ) ) | |
| **RICHARD LOMBARDO,** | ) ) ) | |
| **Defendant/Counterclaim Plaintiff.** | ) ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Virginia in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name:

Job Title:

Employer:

Business Address:


Date:_____ Signature: _____