**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** ) ) ) | |
| Plaintiff/Counterclaim Defendant, ) ) ) | Case No. 3:19-cv-813-REP |
| v. ) ) | |
| **RICHARD LOMBARDO,** ) ) | |
| Defendant/Counterclaim Plaintiff. ) ) | |

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO FILE EXHIBITS UNDER SEAL

Before the Court is Plaintiff's Motion to File Exhibits under Seal (the "Motion"). In the Motion, Plaintiff requests to file under seal Exhibits 34 and 35 to its Memorandum of Law in Support of Motion for Summary Judgment. The exhibits Plaintiff requests to file under seal are (1) notes from at least two conferences which Defendant attended and which identify prospective customers who had requested demonstrations of Plaintiff's software, including the prospective customers' decision-makers, their specific labor data needs, and their budgetary constraints; and (2) a list of authorized users for Plaintiff's software (*i.e.,* a customer list), including detailed information on customers' usage of the software. Plaintiff developed this information at significant effort and expense. The information is not publicly available, and it provides Plaintiff with a competitive business advantage. Public disclosure of this information to any company or individual that competes with Plaintiff necessarily would harm Plaintiff's business interests. The Court therefore finds that it is appropriate to enter an Order sealing the aforementioned documents.

The Court has come to this conclusion mindful of the standards set forth in *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000), which mandates that before entering an order sealing documents, a district court must: "(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."

Docketing the motion to seal "reasonably in advance of deciding the issue" is sufficient to provide the public notice required by *Ashcraft*. *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (cited by *Ashcraft*, 218 F.3d at 288). Plaintiff's motion was docketed on May 15, 2020, and the docket has been made available to the public. Additionally, the Court finds that there are no less drastic alternatives to sealing the aforementioned documents, which contain competitively sensitive information. Disclosure of this information unavoidably would lead to Plaintiff losing the competitive advantage that exists by virtue of the information's secrecy.

For these reasons, and for good cause shown, Plaintiff's Motion to File Exhibits under Seal is GRANTED. It is ORDERED that Plaintiff may file Exhibits 34 and 35 to its Memorandum of Law in Support of Motion for Summary Judgment under seal. The documents will remain permanently sealed unless and until the Court orders otherwise.

**SO ORDERED**, this \_\_\_\_ day of May 2020.

_____
The Honorable Robert E. Payne
Senior United States District Judge