IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |  |
|---|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** | ) ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) ) ) | Case No. 3:19-cv-813-REP |
| v. | ) ) ) | |
| **RICHARD LOMBARDO,** | ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) ) | |

**PLAINTIFF AND COUNTERCLAIM DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO FILE EXHIBITS UNDER SEAL**

Plaintiff and Counterclaim Defendant Chmura Economics & Analytics, LLC ("Chmura" or "Plaintiff"), by counsel, and pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 5, submits the following as its Memorandum of Law in Support of Motion to File Exhibits under Seal. For the reasons discussed below, Chmura respectfully requests the Court's permission to file under seal Exhibits 34 and 35 to its Memorandum of Law in Support of Motion for Summary Judgment. As discussed below, sealing of these exhibits is appropriate because they comprise the confidential and trade secret documents Chmura alleges Defendant Richard Lombardo ("Defendant" or "Lombardo") retained and misappropriated in violation of his contractual obligations to Chmura and of the Defend Trade Secrets Act ("DTSA").

**I.    STATEMENT OF THE CASE**

On December 9, 2019, Chmura filed its First Amended Complaint asserting four claims, including breach of contract and misappropriation of trade secrets in violation of the DTSA. (ECF

No. 12.) As set forth in the First Amended Complaint, Lombardo misappropriated Chmura's confidential information and trade secrets by taking and refusing to return Chmura's computer containing highly valuable business documents. *Id.*, ¶¶ 43-48; 65-74. On May 15, 2020, Chmura is moving for summary judgment on, among other claims, its claims for breach of contract and trade secret misappropriation. In moving for summary judgment, Chmura is proving that the documents Lombardo misappropriated constitute confidential information under Lombardo's contract with Chmura and "trade secrets" under the DTSA. Consequently, Chmura must introduce into the record the documents which comprise the confidential information and "trade secrets" at issue in this case. Chmura respectfully requests the Court for permission to submit these documents under seal to prevent their disclosure.

## II.     APPLICABLE STANDARD

Local Civil Rule 5 provides that a party may file a motion to submit documents under seal together with the proposed sealed documents. To permit the filing of sealed documents, the district court must: (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Under the Local Civil Rules of this Court, a memorandum in support of a motion to seal must provide: "(1) A non-confidential description of what material has been filed under sealed; (2) A statement why sealing is necessary, and why another procedure will not suffice…; (3) References to governing case law…; and (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon

unsealing." Local Civil Rule 5(C). As discussed below, Chmura satisfies all of these requirements.

### III. ARGUMENT

#### A. Public Notice

Individual notice is not required to meet the public notice requirement. *In re Knight Publ'g Co.,* 743 F.2d 231, 235 (4th Cir. 1984). Rather, the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5, this sealing motion and accompanying memorandum are publicly docketed, satisfying the public notice requirement.

#### B. Description of the Documents to be Sealed

Chmura seeks to file under the seal the confidential and trade secret documents Lombardo misappropriated. These documents consist of: (1) notes from at least two conferences which Lombardo recently attended and which identify prospective customers who had requested demonstrations of Chmura's software, including the prospective customers' decision-makers, their specific labor data needs, and their budgetary constraints; and (2) a list of authorized users for Chmura's software (*i.e.,* a customer list), including detailed information on customers' usage of the software. Chmura developed this information at significant effort and expense. The information is not publicly available, and it provides Chmura with a significant competitive business advantage. Indeed, Lombardo admitted during his definition that he considered the list of authorized users both valuable and confidential.

C. **<u>Sealing Is Necessary to Protect Chmura's Competitive Standing</u>**

Sealing is necessary to protect Chmura's confidential and trade secret information from disclosure. This information would be invaluable for any competitor who wanted to approach Chmura's actual and prospective customers and take business from Chmura. If revealed publicly, this information would damage Chmura's competitive standing.

Federal courts classify "trade secrets" and "confidential business information" as species of "property" protected by the Fifth Amendment of the United States Constitution. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1003-04 (1984) (trade secrets are property protected by the Fifth Amendment); *Carpenter v. United States*, 484 U.S. 19, 26 (1987) (confidential business information). The DTSA, as well as the state trade secrets statute, the Virginia Uniform Trade Secrets Act, similarly protect confidential business information and trade secrets from disclosure. Under the DTSA, a "trade secret" is defined as any information," that has independent economic value, actual or potential, from not being generally known and which is subject to "reasonable" efforts to maintain its secrecy. 18 U.S.C. § 1839(3). The touchstone of a "trade secret" (or "confidential business information") is its secrecy. *See Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 474-78 (1974).

Federal courts have broad equitable authority to protect "confidential business information" and "trade secrets," including "through the injunctive process or other appropriate remedy." *Carpenter*, 484 U.S. at 26. In that regard, sealing judicial records to protect trade secrets and confidential information is appropriate to prevent court filings from becoming "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978); *accord In re Knight*, 743 F.2d at 235 (sealing court

records permissible to prevent others from "gaining a business advantage" from materials filed with court).

### D. Less Drastic Alternatives Are Not Available

There are no less drastic alternatives to sealing to protect Chmura's confidential and trade secret documents at issue in this case. The documents disclose the not only the identity of Chmura's actual and prospective customers, but also detailed confidential information about them. Taken as a whole, they contain sensitive information which, if disclosed, would compromise Chmura's competitive standing. As such, Chmura's interests cannot be protected adequately through selective redactions. Sealing the documents is the only appropriate means available to prevent disclosure. *See e.g., GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09cv123 (JCC), 2009 WL 1248114, at *9 (E.D. Va. Apr. 30, 2009) ("While it is possible that each of the component parts may not contain trade secrets or be strictly confidential, the exhibit, taken as a whole, contains sensitive pricing information that the Court is satisfied should not be publicly disclosed. At this preliminary juncture, the Court finds it inappropriate to sub-divide the exhibit in order to undertake a separate confidentiality inquiry for each.").

### E. Proposed Period of Sealing

Chmura requests that the documents be sealed permanently to prevent the disclosure of its confidential and trade secret information.

### IV. CONCLUSION

For the reasons stated above, Chmura respectfully requests the Court grant this Motion to File Exhibits under Seal.[1]

---

[1] In accordance with the requirement of Local Rule 5, Chmura submits un-redacted versions of the exhibits in a sealed envelope for the Court's *in camera* review.

Dated: May 15, 2020

/s/
Rodney A. Satterwhite (VA Bar No. 32907)
Christopher M. Michalik (VA Bar No. 47817)
Heidi E. Siegmund (VA Bar No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
cmichalik@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff/Counterclaim Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record.

/s/
Heidi E. Siegmund (VSB No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff/Counterclaim Defendant*