Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CHMURA ECONOMICS & ANALYTICS, LLC, ) ) ) | |
| Plaintiff/Counterclaim Defendant, ) ) ) | Case No. 3:19-cv-813-REP |
| v. ) ) | |
| RICHARD LOMBARDO, ) ) | |
| Defendant/Counterclaim Plaintiff. ) ) | |

**CHMURA ECONOMICS & ANALYTICS, LLC'S OBJECTIONS AND RESPONSES TO RICHARD LOMBARDO'S FIRST REQUESTS FOR ADMISSIONS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Local Rule 26, Plaintiff and Counterclaim Defendant Chmura Economics & Analytics, LLC, by counsel, objects and responds as follows to Defendant and Counterclaim Plaintiff Richard Lombardo's First Requests for Admission.

**PRELIMINARY STATEMENT**

Chmura has not fully completed its investigation, discovery, analysis, legal research and preparation for trial. The responses and objections contained herein are based only on the information and documentation presently available and known to Chmura. It is possible that further investigation, discovery, analysis, legal research and/or preparation may result in the ascertainment of additional information or documentation, or provide additional meaning to known factual conclusions and legal contentions, all of which may result in the modification of these responses and objections. Accordingly, Chmura reserves the right to modify its responses

and objections based on subsequently ascertained or developed information, documentation, facts and/or contentions. Subject to the objections asserted below, Chmura's responses are made in a good faith effort to reasonably respond to Lombardo's Requests based on presently available information and documentation. These responses and/or objections should not be construed to prejudice Chmura's right to conduct further investigation, discovery, analysis, legal research and/or preparation, or to limit Chmura's right to use any additional evidence that may be developed.

Chmura submits these objections and responses to the Requests without conceding the relevance or materiality of the subject matter of any request, and without prejudice to its rights to object to the admissibility at trial or in any other proceeding in this action of any particular response. Each of these responses or objections is based on Chmura's understanding of each individual request. To the extent Lombardo asserts an interpretation of any request that is inconsistent with Chmura's understanding, Chmura reserves the right to supplement or amend its responses and/or objections as appropriate.

These responses and objections are made without waiving: (1) the right to raise in any subsequent proceeding or in the trial of this or any other action all questions of relevance, materiality, privilege, and evidentiary admissibility of any response; (2) the right to object on any grounds to the use or introduction into evidence of such responses in any subsequent proceeding or in the trial of this or any other action; (3) the right to object on any grounds at any time to these requests; or (4) the right to seek entry of an appropriate protective order.

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit that for all time periods relevant to the Counterclaim filed in this matter, Chmura was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A).

**OBJECTION:** Chmura objects to this Request as vague, ambiguous, compound, and calling for a legal conclusion.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 2:** Admit that Mr. Lombardo's employment at Chmura started in February 2015.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 3:** Admit that Chmura terminated Mr. Lombardo's employment effective October 31, 2019.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 4:** Admit that Mr. Lombardo was an employee during his employment at Chmura.

**OBJECTION:** Chmura objects to this Request as vague, ambiguous, and calling for a legal conclusion.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 5:** Admit that Chmura used a workweek of seven consecutive days beginning at 12:00 am Monday and ending at midnight on Sunday.

**OBJECTION:** Chmura objects to this Request on the ground that the phrase "used a workweek" as used in this Request is ambiguous. Chmura further objects to this Request as vague and ambiguous because it does not specify a timeframe.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 6:** Admit that Chmura paid Mr. Lombardo on the basis of the workweek set forth in Request for Admission No. 5 above.

**OBJECTION:** Chmura objects to this Request to the extent it calls for a legal conclusion. Chmura further objects to this Request on the grounds that the terms "on the basis

of" and "workweek" as used in this Request are ambiguous.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 7:** Admit that no employees of Chmura were paid overtime for any hours worked in excess of 40 in any workweek during Lombardo's employment.

**OBJECTION:** Chmura objects to this Request as not relevant to any claim or defense.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 8:** Admit that Chmura was aware of the overtime pay requirements of the Fair Labor Standards Act.

**OBJECTION:** Chmura objects to this Request on the grounds that the phrase "aware of the overtime pay requirements" is vague, ambiguous, and calls for a legal conclusion.

**RESPONSE:** Admitted in part. Chmura admits that it was generally aware of the legal requirement that some employees receive overtime premiums. Denied that the Fair Labor Standards Act required overtime premiums for Lombardo, or that Chmura was aware of any such requirement.

**REQUEST FOR ADMISSION NO. 9:** Admit that Chmura did not pay Mr. Lombardo for more than forty (40) hours in a workweek whenever Mr. Lombardo worked more than forty (40) hours in a workweek.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 10:** Admit that Chmura did not pay Mr. Lombardo overtime pay for any hours worked over forty (40) hours in a workweek during his employment with Chmura.

**RESPONSE:** Denied. Lombardo did not receive an overtime premium, but he was paid and compensated for all hours worked.

**REQUEST FOR ADMISSION NO. 11:** Admit that Mr. Lombardo primarily performed his

essential job duties for Chmura at its place of business located at 1025 Huron Rd E, Cleveland, OH 44115 and at times at his home located at 8341 Sheltered Cove, Mentor, OH 44060, and no other locations.

**OBJECTION:** Chmura objects to this Request on the grounds that the phrase "essential job duties" is vague and ambiguous.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 12:** Admit that Lombardo did not regularly direct the work of two or more full-time employees.

**OBJECTION:** Chmura objects to this Request on the ground that the phrase "regularly direct" as used in this Request is vague, ambiguous, and calls for a legal conclusion.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 13:** Admit that Mr. Lombardo had no discretion to offer any potential customer a discount outside of the range set by Chmura.

**OBJECTION:** Chmura objects to this Request on the grounds that the phrase "outside of the range set by Chmura" is vague and ambiguous. Chmura further objects to this Request to the extent it states or implies that the discounts Lombardo offered to potential customers were not within his discretion.

**RESPONSE:** Admitted in part. Lombardo had substantial discretion to offer customers discounts of up to 30% off Chmura's standard pricing. Otherwise denied.

**REQUEST FOR ADMISSION NO. 14:** Admit that you did not require Mr. Lombardo to record his hours worked.

**OBJECTION:** Chmura objects to this Request on the ground that "records" as used in this Request is vague and ambiguous.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 15:** Admit that you did not keep records of the hours Mr. Lombardo actually worked in each workweek of his employment.

**OBJECTION:** Chmura objects to this Request on the ground that "records" as used in this Request is vague and ambiguous.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 16:** Admit that you classified Mr. Lombardo as an exempt employee under the FLSA.

**OBJECTION:** Chmura objects to this Request on the ground that "classified" as used in this Request is vague and ambiguous.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 17:** Admit that you knew that Mr. Lombardo regularly worked more than forty (40) in a workweek during his employment at Chmura.

**OJBECTION:** Chmura objects to this Request on the ground that the term "regularly" as used in this Request is vague and ambiguous.

**RESPONSE:** Admitted in part. Admitted that Chmura knew that Lombardo worked more than 40 hours in a workweek from time to time during his employment with Chmura. Otherwise denied.

**REQUEST FOR ADMISSION NO. 18:** Admit that Mr. Lombardo complained to Eli Auerbach in August 2019 regarding Chmura's failure to pay Mr. Lombardo overtime pay.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 19:** Admit that Mr. Lombardo complained to Eli Auerbach in October 2019 regarding Chmura's failure to pay Mr. Lombardo overtime pay.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 20:** Admit that Eli Auerbach became Mr. Lombardo's direct supervisor during 2019.

**OBJECTION:** Chmura objects to this Request as not relevant to any claim or defense. Chmura further objects to this Request on the grounds that the term "direct supervisor" is vague and ambiguous.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 21:** Admit that Eli Auerbach was Mr. Lombardo's supervisor until Mr. Lombardo was terminated by Chmura.

**OBJECTION:** Chmura objects to this Request as not relevant to any claim or defense. Chmura further objects to this Request on the grounds that the term "supervisor" is vague and ambiguous.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 22:** Admit that Eli Auerbach was the Sales Manager at Chmura from April 2019 and through [sic] October 2019.

**OBJECTION:** Chmura objects to this Request as not relevant to any claim or defense.

**RESPONSE:** Admitted in part. Auerbach was the Sales Manager at Chmura from April 2019 through December 2019. Denied to the extent this Request states or implies that Auerbach's employment ended in October 2019.

**REQUEST FOR ADMISSION NO. 23:** Admit that Eli Auerbach directly reported to Leslie Peterson and Greg Chmura during his employment at Chmura.

**OBJECTION:** Chmura objects to this Request as not relevant to any claim or defense. Chmura further objects to this Request on the grounds that the term "directly reported" is vague and ambiguous.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 24:**  Admit that Eli Auerbach's employment with Chmura was involuntarily terminated by Chmura.

    **OBJECTION:**  Chmura objects to this Request as not relevant to any claim or defense. The terms of Eli Auerbach's employment with Chmura are not at issue in this litigation.

    **RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 25:**  Admit that Leslie Peterson is an owner of Chmura.

    **OBJECTION:** Chmura objects to this Request as not relevant to any claim or defense. The ownership of Chmura is not at issue in this litigation.

    **RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 26:**  Admit that Greg Chmura is an owner of Chmura.

    **OBJECTION:** Chmura objects to this Request as not relevant to any claim or defense. The ownership of Chmura is not at issue in this litigation.

    **RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 27:**  Admit that Greg Chmura became an owner of Chmura in 2019.

    **OBJECTION:** Chmura objects to this Request as not relevant to any claim or defense. The ownership of Chmura is not at issue in this litigation.

    **RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 28:**  Admit that the February 3, 2015 Letter attached as Exhibit A to the Counterclaim was prepared by Chmura and not by Mr. Lombardo.

    **OBJECTION:** Chmura objects to this Request as not relevant to any claim or defense. Chmura further objects to this Request on the grounds that the word "prepared" as used in this Request is vague and ambiguous.

**RESPONSE:** Admitted that Chmura provided the February 3, 2015 Letter to Lombardo. Denied to the extent this Request states or implies that Lombardo had no opportunity to review or have input into this letter.

**REQUEST FOR ADMISSION NO. 29:** Admit that the Confidentiality, Non-Competition & Non-Solicitation Agreement attached as Exhibit B to the Counterclaim was prepared by Chmura and not by Mr. Lombardo.

**OBJECTION:** Chmura objects to this Request as not relevant to any claim or defense. Chmura further objects to this Request on the grounds that the word "prepared" as used in this Request is vague and ambiguous.

**RESPONSE:** Admitted that Chmura provided the Confidentiality, Non-Competition & Non-Solicitation Agreement to Lombardo. Denied to the extent this Request states or implies that Lombardo had no opportunity to review or negotiate this agreement.

**REQUEST FOR ADMISSION NO. 30:** Admit that the Amendment attached as Exhibit C to the Counterclaim was prepared by Chmura and not by Mr. Lombardo.

**OBJECTION:** Chmura objects to this Request as not relevant to any claim or defense. Chmura further objects to this Request on the grounds that the word "prepared" as used in this Request is vague and ambiguous.

**RESPONSE:** Admitted that Chmura provided the Amendment to Lombardo. Denied to the extent this Request states or implies that Lombardo had no opportunity to review or have input into this amendment.

**REQUEST FOR ADMISSION NO. 31:** Admit that Mr. Lombardo returned the computer referred to in ¶41 of the Amended Complaint.

**RESPONSE:** Admitted in part. Lombardo did return the referenced computer, but only after Chmura and its counsel requested the computer several times, after Chmura was ultimately

forced to file this lawsuit to secure its return, and after Chmura suffered damages associated with Lombardo's refusal to return the laptop.

**REQUEST FOR ADMISSION NO. 32:** Admit that Mr. Lombardo returned all Chmura information in his possession.

**OBJECTION:** Chmura objects to this Request because it seeks information exclusively in Lombardo's possession, custody, or control.

**RESPONSE:** Chmura currently lacks sufficient information to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 33:** Admit that Chmura has no knowledge of any action taken by Mr. Lombardo to "disrupt Chmura's business" as alleged in ¶32 of the Amended Complaint.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 34:** Admit that Chris Chmura is an owner of Chmura.

**OBJECTION:** Chmura objects to this Request as not relevant to any claim or defense. The ownership of Chmura is not at issue in this litigation.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 35:** Admit that Mr. Lombardo was an inside sales representative for Chmura.

**OBJECTION:** Chmura objects to this Request on the grounds that the term "inside sales representative" is vague, ambiguous, and calls for a legal conclusion.

**RESPONSE:** Admitted in part. Admitted that Lombardo's offer letter contained the phrase "Inside Sales Representative." However, Lombardo generally used the title Account Manager instead, and his job duties and title changed over time as he progressed to the position of Senior Account Manager.

**REQUEST FOR ADMISSION NO. 36:** Admit that during each calendar year in which Mr. Lombardo worked for Chmura, the annual gross volume of sales made or business done by Chmura was not less than $500,000.

**OBJECTION:** Chmura objects to this Request as not relevant to any claim or defense.

**RESPONSE:** Admitted that Chmura's annual gross volume of sales was not less than $500,000 during the last three calendar years in which Lombardo was employed.

**REQUEST FOR ADMISSION NO. 37:** Admit that Chmura did not have reasonable grounds for believing that Mr. Lombardo was not entitled to overtime compensation for any week in which Mr. Lombardo worked more than forty (40) hours.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 38:** Admit that Chmura's decision not to pay overtime to Mr. Lombardo was not in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interpretation of any agency of the United States or any administrative practice or enforcement policy of the Department of Labor.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 39:** Admit that during each calendar year in which Mr. Lombardo worked for Chmura, Chmura sold its SaaS to clients or customers across the nation.

**OBJECTION:** Chmura objects to this Request on the grounds that the phrase "across the nation" is vague and ambiguous.

**RESPONSE:** Admitted in part. Chmura admits that during Lombardo's employment, it sold SaaS to customers in multiple states. Otherwise denied.

**REQUEST FOR ADMISSION NO. 40:** Admit that during each calendar year in which Mr. Lombardo worked for Chmura, Chmura sold its SaaS in interstate commerce.

**OBJECTION:** Chmura objects to this Request on the grounds that the phrase "interstate commerce" is vague, ambiguous, and calls for a legal conclusion.

**RESPONSE:** Admitted in part. Chmura admits that during Lombardo's employment, it

sold SaaS to customers in multiple states. Otherwise denied.

**REQUEST FOR ADMISSION NO. 41:** Admit that Chmura terminated Mr. Lombardo's employment after he complained to Chmura about Chmura's failure to pay him overtime wages.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 42:** Admit that Chmura terminated Mr. Lombardo's employment after he complained to Chmura's counsel about Chmura's failure to pay him overtime wages.

**RESPONSE:** Denied. Lombardo never complained to Chmura's counsel (other than via demand letters sent by his own counsel, after Chmura had already placed Lombardo on leave) about Chmura's alleged failure to pay him overtime wages.

Dated: March 11, 2020

/s/
Rodney A. Satterwhite (VA Bar No. 32907)
Heidi E. Siegmund (VA Bar No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff/Counterclaim Defendant*

-13-

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2020, I served a true and correct copy of the foregoing on all counsel of record via electronic mail, all parties having consented to electronic service.

        /s/
Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel:   (804) 775-1000
Fax:  (804) 775-1061
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff/Counterclaim Defendant*