# Exhibit 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

|  |  |  |
|---|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff/Counterclaim Defendant,** | ) | **Case No. 3:19-cv-813-REP** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RICHARD LOMBARDO,** | ) | |
| | ) | |
| **Defendant/Counterclaim Plaintiff.** | ) | |

## CHMURA ECONOMICS & ANALYTICS, LLC'S OBJECTIONS AND RESPONSES TO RICHARD LOMBARDO'S FIRST INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26, Plaintiff and Counterclaim Defendant Chmura Economics & Analytics, LLC, by counsel, objects and responds as follows to Defendant and Counterclaim Plaintiff Richard Lombardo's First Interrogatories.

### PRELIMINARY STATEMENT

Chmura has not fully completed its investigation, discovery, analysis, legal research and preparation for trial. The responses and objections contained herein are based only on the information and documentation presently available and known to Chmura. It is possible that further investigation, discovery, analysis, legal research and/or preparation may result in the ascertainment of additional information or documentation, or provide additional meaning to known factual conclusions and legal contentions, all of which may result in the modification of these responses and objections. Accordingly, Chmura reserves the right to modify its responses

-1-

and objections based on subsequently ascertained or developed information, documentation, facts and/or contentions.  Subject to the objections asserted below, Chmura's responses are made in a good faith effort to reasonably respond to Lombardo's Requests based on presently available information and documentation.  These responses and/or objections should not be construed to prejudice Chmura's right to conduct further investigation, discovery, analysis, legal research and/or preparation, or to limit Chmura's right to use any additional evidence that may be developed.

Chmura submits these objections and responses to the Requests without conceding the relevance or materiality of the subject matter of any request, and without prejudice to its rights to object to the admissibility at trial or in any other proceeding in this action of any particular response.  Each of these responses or objections is based on Chmura's understanding of each individual request.  To the extent Lombardo asserts an interpretation of any request that is inconsistent with Chmura's understanding, Chmura reserves the right to supplement or amend its responses and/or objections as appropriate.

These responses and objections are made without waiving:  (1) the right to raise in any subsequent proceeding or in the trial of this or any other action all questions of relevance, materiality, privilege, and evidentiary admissibility of any response; (2) the right to object on any grounds to the use or introduction into evidence of such responses in any subsequent proceeding or in the trial of this or any other action; (3) the right to object on any grounds at any time to these requests; or (4) the right to seek entry of an appropriate protective order.

### **INTERROGATORIES**

1.      State the name, address and position of all persons answering or assisting in the preparation of the answers to these Interrogatories.

**ANSWER:** Chmura objects to this Request as not relevant to any claim or defense.  Subject to and without waiving the foregoing, Chmura submits that its outside counsel assisted it with the preparation of the answers to these Interrogatories.

2.        Identify all individuals, including addresses and phone numbers, Chmura intends to call as a lay and/or fact witness at any trial or hearing, and, for each such individual, state the substance of each person's expected testimony.

**ANSWER:** Chmura objects to this Request to the extent it seeks information protected by attorney-client privilege and/or work-product doctrine.  Chmura further objects to this Request to the extent it exceeds the scope of Chmura's obligations under the Federal Rules of Civil Procedure.  Subject to and without waiving the foregoing objections, Chmura submits that it has not yet determined who it intends to call at trial as witnesses in this case (and no other hearings are currently set that would require witnesses), but Chmura will serve a trial witness list in accordance with the requirements of the Local Rules and the applicable pretrial orders.

3.        Identify each person, including addresses and phone numbers, whom Chmura intends to call as an expert witness at any trial or hearing, and, for each such individual, state the subject matter of the expected testimony, and the opinions to be expressed in such testimony.

**ANSWER:** Chmura objects to this Request to the extent it seeks information protected by attorney-client privilege and/or work-product doctrine.  Chmura further objects to this Request to the extent it exceeds the scope of Chmura's obligations under the Federal Rules of Civil Procedure.  Subject to and without waiving the foregoing objections, Chmura submits that it has not yet determined whether it intends to call any expert witnesses in this case, but Chmura will

serve any expert witness disclosures in accordance with the requirements of the Local Rules and the Federal Rules of Civil Procedure.

4.      State the date Mr. Lombardo's began his employment at Chmura and the date his employment was terminated.

**ANSWER:** Lombardo began his employment with Chmura on or about February 18, 2015, and his employment was terminated effective October 31, 2019.

5.      State the classification status of Mr. Lombardo (i.e., exempt or non-exempt) during his employment at Chmura. If his classification changed at any time, state the dates and the nature of any changes in his classification.

**ANSWER:** Chmura objects to this Request on the grounds that the phrase "classification status" as used in this Request is vague and ambiguous.  Chmura further objects to this Request as overbroad because Lombardo's classification more than three years prior to the filing of the Counterclaim is not relevant.  Subject to and without waiving the foregoing, Chmura submits that in the three years preceding the filing of the Counterclaim, Chmura consistently classified Lombardo as exempt.

6.      State the job title or titles Mr. Lombardo held during his employment at Chmura.

**ANSWER:** When Lombardo started his employment at Chmura, Account Manger.  As of May 15, 2017, he became a Senior Account Manager.  Lombardo was a Senior Account Manager until his termination from Chmura in October 2019.

7.     Identify all immediate supervisors and/or managers of Mr. Lombardo while employed by Chmura, including the dates Mr. Lombardo was supervised and/or managed by each.

**ANSWER:** Chmura objects to this Request as not relevant to any claim or defense.  Chmura further objects to this Request on the ground that the phrase "immediate supervisors and/or managers" is vague and ambiguous.  Chmura further objects to this Request as overbroad because it contains no temporal limitations.

Subject to and without waiving the foregoing, when Lombardo began his employment with Chmura, his immediate supervisor was Leslie Peterson.  From February 2017 to October 2017, Lombardo's immediate supervisor was Kyle West.  From October 2017 to December 2018 and from January 2019 to April 2019, Lombardo's immediate supervisor was Greg Chmura.  From December 2018 to January 2019, Lombardo's immediate supervisor was Curtis Monk.  In April 2019, Lombardo began reporting to Eli Auerbach, to whom he reported until his separation from Chmura.

8.     State Mr. Lombardo's job duties for each position held by Mr. Lombardo from commencement of his employment at Chmura to termination.

**ANSWER:** Chmura objects to this Request as overbroad and not proportionate to the needs of the case because Lombardo's job duties when he started at Chmura are not relevant to the current litigation.  Subject to and without waiving the foregoing objection, Lombardo's duties as a Senior Account Manager included:

- Maintaining in-depth knowledge of Chmura software and data products, market segments, competitive products, and industry trends;

- Contributing to the development and identification of new industries and market segments;

- Managing and negotiating the execution of contracts with new clients, including negotiating substantial client discounts, and partnering with operations to negotiate client-driven revisions;

- Conducting web-based and other research to generate new business leads;

- Recording and managing all activities using the Salesforce.com CRM platform;

- Generating sales performance reports as needed;

- Coordinating product demos and prospect visits;

- Meeting and exceeding sales goals and expectations;

- Providing oversight and guidance for other members of the sales team;

- Providing consulting to customers and managing customer complaints;

- Collaborating with the finance department, marketing department, and leadership to establish sales objectives and strategies; and

- Attending and managing logistics for conference and tradeshow events.

9.      Identify each person, including address and phone number, that Chmura believes to have knowledge of the facts of Mr. Lombardo's counterclaims or Chmura's defenses to the counterclaims, and a brief description of that knowledge.

**ANSWER:** Chmura objects to this Request to the extent it seeks information that is already in Lombardo's possession, custody, or control.   Subject to and without waiving the foregoing, Chmura submits that the following individuals are likely to have knowledge relevant to Lombardo's counterclaims and Chmura's defenses.  Specifically, the following individuals are likely to have knowledge related to Lombardo's job duties, compensation, and performance, as

well as Chmura's relevant policies and procedures:  Christine Chmura, Leslie Peterson, Sharon Simmons, Aisha Ortiz, Eli Auerbach, Greg Chmura, Kyle West, and Richard Lombardo.

10.    Identify each communication between Chmura and Mr. Lombardo regarding unpaid overtime, including the date, and the subject matter of the communication and any witnesses or third parties to each communication.

**ANSWER:** Chmura objects to this Request on the grounds that the request to "[i]dentify each communication" is unduly burdensome and disproportionate to the needs of the case.  Chmura further objects to this Request on the grounds that it seeks information that is already in Lombardo's possession, custody, or control.

Subject to and without waiving the foregoing, Chmura submits that there were no communications between Chmura and Lombardo regarding unpaid overtime other than the letters exchanged through Chmura's and Lombardo's respective outside counsel.

11.    Identify each complaint by Mr. Lombardo to any member of Chmura's management about unpaid overtime, including whether the complaint was written or oral, when the complaint was made, to whom the complaint was made and any response provided by Chmura.

**ANSWER:** Chmura objects to this Request on the grounds that the term "complaint" as used in this Request is vague and ambiguous.  Subject to and without waiving the foregoing, Lombardo never complained to any member of Chmura's management about unpaid overtime.

12.    For the three years prior to termination up to and including the date of termination, state the total hours worked by Mr. Lombardo each workweek.

**ANSWER:** Chmura objects to this Request as overbroad and not proportionate to the needs of the case because it seeks information outside the applicable statutes of limitations. Chmura further objects to this Request to the extent it seeks information already in Lombardo's possession, custody, or control.

Subject to and without waiving the foregoing objections, and pursuant to Federal Rule of Civil Procedure 33(d), Chmura will produce documents sufficient to identify the information sought by this Request, subject to the limitations and objections set forth in its Responses to Lombardo's Requests for Production of Documents.

13.     Identify each communication between Chmura and Mr. Lombardo regarding commissions and/or the commissions structure, including the date, the names of the person(s) or entity/entities involved, and the subject matter of the communication.

**ANSWER:** Chmura objects to this Request as vastly overbroad, unduly burdensome, and disproportionate to the needs of the case. Nearly every communication between Lombardo and Chmura could conceivably be construed to have some relationship to sales and therefore to "commissions and/or the commissions structure," so it is impossibly burdensome to ask Chmura to catalog all of these communications. Chmura further objects to this Request to the extent it seeks information already in Lombardo's possession, custody, or control. Chmura stands on its objections to this Request.

14.     Identify each communication between Chmura and Mr. Lombardo regarding the Agreement referenced in ¶9 of and attached as Exhibits A and B to the Counterclaim, including the date, the names of the person(s) or entity/entities involved, and the subject matter of the communication.

**ANSWER:** Chmura objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the case because most communications concerning Lombardo's offer letter are unlikely to be relevant to any claim or defense. Chmura further objects to this Request to the extent it seeks information already in Lombardo's possession, custody, or control. Chmura further objects to this Request as misleading because the document referenced in ¶ 9 of the Counterclaim is not an "agreement", and the use of the term "Agreement" renders this Request vague and ambiguous.

Subject to and without waiving the foregoing objections, and pursuant to Federal Rule of Civil Procedure 33(d), Chmura will produce documents sufficient to identify communications between Lombardo and Chmura regarding his offer letter, subject to the limitations set forth in its Responses to Lombardo's Requests for Production of Documents.

15.    Identify each communication between Chmura and Mr. Lombardo regarding the Amendment referenced in ¶5 of and attached as Exhibit C to the Counterclaim, including the date, the names of the person(s) or entity/entities involved, and the subject matter of the communication.

**ANSWER:** Chmura objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the case because most communications concerning Lombardo's offer letter are unlikely to be relevant to any claim or defense. Chmura further objects to this Request to the extent it seeks information already in Lombardo's possession, custody, or control. Subject to and without waiving the foregoing objections, and pursuant to Federal Rule of Civil Procedure 33(d), Chmura will produce documents sufficient to identify communications between Lombardo and Chmura regarding the amendment referenced in this Request, subject to the limitations set forth in its Responses to Lombardo's Requests for Production of Documents.

16.     State all facts supporting Chmura's defense that "Lombardo's claims are barred to the extent they arise beyond the applicable statute of limitations" as alleged in the Answer, Second Defense.

**ANSWER:** Chmura objects to this Request because the request to "state all facts" is unduly burdensome and calls for a legal conclusion.  Subject to and without waiving the foregoing, Chmura submits that this defense is self-explanatory.  Even if Lombardo were to prove that Chmura owed him commissions and/or unpaid overtime, Lombardo cannot recover any commissions or allegedly unpaid overtime to the extent the events giving rise to his claims occurred outside the applicable statute(s) of limitations.


17.     State all facts supporting Chmura's defense that "Lombardo's claims are barred, in whole or in part, because he is exempt from receiving overtime compensation under the FLSA and Ohio law" as alleged in Answer, Sixth Defense.

**ANSWER:** Chmura objects to this Request because the request to "state all facts" is unduly burdensome and calls for a legal conclusion.  Subject to and without waiving the foregoing, Chmura submits that Lombardo is exempt from receiving overtime compensation because he falls within one or more exemptions to the overtime requirements enumerated in the Fair Labor Standards Act and its Ohio counterpart, including, without limitation, the highly compensated employee exemption.  The facts supporting this exemption include, without limitation, the following:

> 1. Lombardo earned well over $100,000 per year in his last three full years of
>    employment with Chmura;

2. Lombardo regularly exercised significant discretion when performing his job duties, including, without limitation, by offering substantial discounts to customers; determining how and when to market to leads and/or existing customers; and offering additional services and product add-ons to existing customers without charging them; and

3. Lombardo's work directly related to Chmura's management and general operations, not just sales performance, because, among other things, he contributed to Chmura's overall marketing strategy; monitored sales reports; provided consulting and advice to existing clients on how to maximize the value of Chmura's software products; represented Chmura at conferences, including by introducing keynote speakers; trained new Account Managers on the Salesforce platform; and managed customer complaints.

18.     State all facts supporting Chmura's defense that "Lombardo's claims fail, in whole or in part, because he did not engage in any protected activity under the FLSA" as alleged in Answer, Eighth Defense.

**ANSWER:** Chmura objects to this Request because the request to "state all facts" is unduly burdensome and calls for a legal conclusion.  Subject to and without waiving the foregoing, Chmura submits that the facts supporting this defense are simple:  Lombardo never even mentioned overtime to anyone at Chmura.  The first time anyone at Chmura heard anything about overtime from Lombardo was through Lombardo's and Chmura's respective outside counsel, after Chmura had already begun discussions with Lombardo about the terms of his separation.

19.     State  each type of damage that Chmura contends it is entitled to recover in this Lawsuit, including the amount and nature of the damage and a calculation of the damage.

**ANSWER:** Chmura objects to this Request as premature because Chmura does not yet definitively know the amount of the damages it will be entitled to recover.   Subject to and without waiving the foregoing, Chmura submits that its damages will include, without limitation:

- Chmura's attorneys' fees and costs incurred in enforcing Lombardo's obligations under his Confidentiality, Non-Competition & Non-Solicitation Agreement (the "Agreement") with Chmura, which to date exceed $60,000; and

- Lost profits resulting from the loss of business opportunities caused by Lombardo's unlawful retention of Chmura's property and trade secrets.  Chmura's lost profits will be determined at trial.  Chmura preliminarily estimates, however, that these damages will be at least $140,000.

20.     State all confidential and trade secret information Chmura alleges that Mr. Lombardo has in his possession.

**ANSWER:** Chmura objects to this Request because it seeks information that is exclusively in Lombardo's possession, custody, or control.   Chmura has no way of knowing whether Lombardo has retained any confidential information belonging to Chmura on his cell phone, for example, because Lombardo refused to produce records to support his position in response to Chmura's requests.   At the time Chmura filed the Amended Complaint, Lombardo still possessed a computer belonging to Chmura which contained a large amount of highly confidential and trade secret information related to Chmura's customers and sales, as well as notes from conferences Lombardo had recently attended relating to the same.  At this time, however, Chmura does not

know whether Lombardo has any Chmura confidential and trade secret information in his possession.

21.     State each "reasonable measure" Chmura has taken to protect its confidential and trade secret information it alleges that Mr. Lombardo has in his possession as alleged in ¶67 of the Amended Complaint.

**ANSWER:** Chmura objects to this Request because it seeks information that is exclusively in Lombardo's possession, custody, or control.  As set forth in response to the preceding Request, Chmura cannot confirm whether Lombardo currently has any trade secret information in his possession because Lombardo has not provided sufficient information for Chmura to conclusively determine that he has returned all such information.

As a general matter, however, Chmura protects its confidential and trade secret information through multiple physical, administrative, and technical safeguards, including by (1) requiring its employees to sign confidentiality agreements, which limit the employees' use of, and access to, Chmura's confidential information; (2) requiring all employees to review and acknowledge its information security policy; (3) sends periodic reminders regarding information security; (4) maintains password protection for electronic trade secret and confidential information; and (5) provides access to customer sales data only on a need-to-know basis.

22.     State each fact that supports your contention that Mr. Lombardo "breached the confidentiality provisions of is [sic] Agreement" as alleged in ¶58 of the Amended Complaint.

**ANSWER:** Chmura objects to this Request on the grounds that it is ambiguous and calls for a legal conclusion.  Chmura further objects to this Request because it seeks information that is exclusively in Lombardo's possession, custody, or control.

-13-

Subject to and without waiving the foregoing, Chmura submits that Lombardo breached the confidentiality provisions of the Agreement by, at the very least, retaining and refusing to return Chmura's property and information for several weeks after his separation from Chmura, and despite multiple requests from Chmura and its counsel seeking the return of the information. The Agreement states that Lombardo must return all Chmura property and information upon his termination and may not retain any such information after his departure.  Lombardo willfully refused to comply with that requirement and thereby breached the Agreement.

23.     State each "explicit threat" you allege that Mr. Lombardo made "to breach the non-competition and non-solicitation provisions of the Agreement" as alleged in ¶58 of the Amended Complaint.

**ANSWER:** On or about October 17th, Lombardo met with his supervisor, Eli Auerbach, and stated that if Chmura would not pay him a severance amount that he deemed satisfactory, he was prepared to take several "steps" to disrupt Chmura's business.   Specifically, Lombardo threatened that he would (1) immediately sue Chmura for trying to take away "his" book of business; (2) accept a position with one of Chmura's competitors, in violation of the Agreement; and (3) contact all of Chmura's clients and persuade them to take their business elsewhere. Lombardo also repeatedly voiced related threats to his colleagues on multiple occasions, saying that he would sue Chmura if Chmura attempted to deprive him of "his" renewal commissions.

24.     Identify each instance where Chmura "repeatedly reminded Lombardo of his obligation to return the information" as alleged in ¶71 of the Amended Complaint, including the date, the names of the person(s) who allegedly communicated each alleged reminder, the details of each alleged reminder, and whether each alleged reminder was in writing or oral.

**ANSWER:** Chmura objects to this Request on the ground that the request to "[i]dentify each instance" is unduly burdensome, particularly given that this information is already in Lombardo's possession, custody, or control.  Subject to and without waiving the foregoing, Chmura submits that Eli Auerbach orally reminded Lombardo on at least two occasions between October 1 and October 31, 2019, that he needed to return his laptop and his notes from the recent conferences.  In addition, Chmura's counsel requested the return of Chmura's property and information verbally and in writing on multiple occasions.

Dated: March 11, 2020

                                        /s/
                              Rodney A. Satterwhite (VA Bar No. 32907)
                              Heidi E. Siegmund (VA Bar No. 89569)
                              McGuireWoods LLP
                              Gateway Plaza
                              800 East Canal Street
                              Richmond, Virginia  23219
                              (Office) (804) 775-1000
                              (Fax) (804) 698-2158
                              rsatterwhite@mcguirewoods.com
                              hsiegmund@mcguirewoods.com

                              *Counsel for Plaintiff/Counterclaim Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2020, I served a true and correct copy of the foregoing on all counsel of record via electronic mail, all parties having consented to electronic service.

_/s/_ _____
Heidi E. Siegmund (VSB No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel:    (804) 775-1000
Fax:    (804) 775-1061
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff/Counterclaim Defendant*

## **VERIFICATION**

I, Christine Chmura, declare and state:

I am fully authorized on behalf of Chmura Economics & Analytics, LLC ("Chmura") to verify the accompanying Responses to Richard Lombardo's First Interrogatories (the "Responses"), and hereby do so. The facts and matters stated therein are not exclusively within my personal knowledge or within the personal knowledge of any single individual at Chmura; rather, the facts stated therein have been assembled on behalf of Chmura and with the assistance of authorized employees of Chmura with personal knowledge of the subject matter of the responses and/or information and belief as to the truth and/or accuracy thereof.

Subject to the terms of this verification, Chmura declares, under penalty of perjury, that the Responses are true and correct to the best of its knowledge and belief.

Executed on ___3/11___, 2020.

Chmura Economics & Analytics, LLC
By: Christine Chmura, CEO