IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** | )<br>)<br>) |
| Plaintiff/Counterclaim Defendant, | )<br>)<br>)  Case No. 3:19-cv-813-REP |
| v. | )<br>) |
| **RICHARD LOMBARDO,** | )<br>) |
| Defendant/Counterclaim Plaintiff. | )<br>) |

**PLAINTIFF AND COUNTERCLAIM DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE EVIDENCE, QUESTIONING, OR ARGUMENT CONCERNING ANY SUBSEQUENT <u>RECLASSIFICATION OF ITS ACCOUNT MANAGERS</u>**

After terminating Defendant and Counterclaim Plaintiff Richard Lombardo's ("Lombardo" or "Defendant") employment, and after he filed this lawsuit alleging that Plaintiff and Counterclaim Defendant Chmura Economics & Analytics, LLC ("Chmura" or "Plaintiff") misclassified him as exempt under the Fair Labor Standards Act ("FLSA"), Chmura decided to reclassify some of its Account Managers as non-exempt under the FLSA.  Chmura respectfully requests that this Court prohibit Lombardo from introducing or attempting to introduce any evidence, questioning, or argument concerning its reclassification of Account Managers because (1) such evidence is irrelevant to the claims and defenses in this action; (2) even if the evidence was relevant (which it is not), its minimal relevance is substantially outweighed by the danger of

unfair prejudice, confusing the issues, and misleading the jury; and (3) the reclassification is properly excludable as a subsequent remedial measure.[1]

## I. BACKGROUND

During his Chmura employment, Lombardo worked as an Account Manager and a Senior Account Manager. Chmura classified Lombardo as exempt from the overtime requirements of the FLSA. After terminating Lombardo's employment, Chmura filed the above-captioned lawsuit alleging, among other things, claims for breach of contract and misappropriation of trade secrets. In response, Lombardo asserted a counterclaim alleging that Chmura violated the FLSA by misclassifying him as exempt and therefore failing to pay him overtime compensation foo hours worked in excess of forty (40) in a workweek.

During depositions, Lombardo elicited testimony regarding Chmura's FLSA reclassification of some of its Account Managers and Senior Account Managers _**after**_ Lombardo's termination and the filing of his counterclaim. *See e.g.,* Christine Chmura Deposition Transcript at 126:1-15 ("Q. Currently, since Mr. Lombardo's has been terminated, how are account managers classified? A. Some of them are exempt. Some of them are non-exempt …. Q. Why did Chmura change from having all of their sales – well, all of the account managers be exempt to some of them being non-exempt ….") (ECF No. 35-29). Chmura anticipates that Lombardo will attempt to elicit similar testimony at trial as evidence that Chmura misclassified him as exempt during his employment. For the reasons discussed below, the Court should preclude him from doing so.

---

[1] This evidence is also irrelevant because, for the reasons set forth in Chmura's Memorandum in Support of its Motion for Summary Judgment, Lombardo's overtime claims should not proceed to trial. Given that summary judgment briefing is not yet complete, however, Chmura files this motion to preserve its other arguments. Chmura reserves the right to seek to exclude additional evidence as appropriate based on the Court's summary judgment rulings.

II. **ARGUMENT**

    A. **Standard of Review**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). The purpose of a motion *in limine* is to permit the trial court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Gibson*, No. 2:17cr126, 2018 U.S. Dist. LEXIS 173850, * 4 (E.D. Va. Oct. 9, 2018) (citation omitted). Motions *in limine* "serve important gatekeeping functions by allowing the trial judge to eliminate from consideration evidence that should not be presented to the jury." *Id.* (citation omitted). The district court has discretion whether to grant a motion *in limine*. *Cougill v. Prospect Mortg., LLC*, No. 1:13cv1433(JCC/TRJ), 2014 U.S. Dist. LEXIS 12362, * 3 (E.D. Va. Jan. 31, 2014) (citation omitted).

    B. **The Court Should Preclude Lombardo from Introducing Evidence, Questioning, or Argument Regarding Chmura's Reclassification of Some of Its Account Managers as Exempt after Lombardo's Termination**

The Federal Rules of Evidence provide three independent grounds for precluding Lombardo from introducing any evidence, questioning, or argument regarding Chmura's reclassification of some of its Account Managers as exempt after Lombardo's termination.

First, this evidence is not relevant under Fed. R. Evid. 401 and therefore must be excluded under Fed. R. Evid. 402. Under the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. If the evidence does not pass this standard, it is inadmissible. Fed. R. Evid. 402. Lombardo's

3

counterclaim concerns only *his* classification as exempt from the FLSA's overtime requirements. His exempt status "must be determined on the basis of whether [his] salary and duties meet the requirements" of an exemption. 29 C.F.R. § 541.2. Chmura's reclassification of other Account Managers **_after_** Lombardo's termination (at a time when he was a *Senior* Account Manager) thus has no bearing on the merits of his FLSA claim. This evidence is inadmissible. Fed. R. Evid. 402.

Second, even if evidence of Chmura's subsequent reclassification of some of its Account Managers was relevant (which it is not), its relevance is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403. As noted above, Lombardo's exempt status must be determined based on his individual circumstances. Accordingly, Chmura's treatment of other Account Managers after Lombardo's termination at best has minimal—and, in actuality, no—relevance to Lombardo's counterclaim. The danger of unfair prejudice, confusing the issues, and misleading the jury this evidence creates, on the other hand, is substantial. For example, a jury may confuse Chmura's non-exempt classification of other Account Managers based on their specific circumstances as evidence that it misclassified Lombardo as exempt. In that regard, permitting Lombardo to introduce this evidence will unfairly prejudice Chmura's ability to litigate Lombardo's exempt status on the merits of **_his_** circumstances. For this reason alone, the Court must exclude this evidence from trial.

Finally, Chmura's reclassification of some its Account Managers as non-exempt is a subsequent remedial measure under Fed. R. Evid. 407. As such, this evidence "is not admissible to prove negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." Fed. R. Evid. 407. Fed. R. Evid. 407 defines subsequent remedial measures as "measures … that would have made an earlier injury or harm less likely to occur." *Id.* Evidence

4

of subsequent remedial measures are excluded because: (1) they are of limited probative value as an admission of fault; and (2) there is a strong "social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." *Id.*, advisory committee's notes.

"Although subsequent remedial measures are generally the focus of tort actions, courts have applied Rule 407 in employment suits, including FLSA cases." *Torres v. Rock & River Food Inc.*, 201 F. Supp. 3d 1373, 1373-1374 (S.D. Fla. 2016) (citing cases). In particular, courts have excluded under Fed. R. Evid. 407 evidence of an employer's subsequent changes to its FLSA practices. *E.g., Torres*, 201 F. Supp. 3d at 1373-1374 (excluding evidence of the defendant's changes to its timekeeping procedures as a subsequent remedial measure under Fed. R. Evid. 407).

Chmura's reclassification of some its Account Managers as non-exempt after Lombardo's termination and after Lombardo filed his counterclaim is a subsequent remedial measure because it would have made Lombardo's alleged harm (*i.e.,* lack of proper overtime pay) "less likely to occur." *See Holick v. Cellular Sales of N.Y., LLC*, No. 13-CV-738, 2014 U.S. Dist. LEXIS 133966, * 5-6 (N.D.N.Y. Sept. 24, 2014) (finding that the defendants' reclassification of their workforce after the plaintiffs' FLSA suit was a subsequent remedial measure). As such, the Court should preclude Lombardo from introducing this evidence to prove Chmura's liability for allegedly misclassifying him as exempt.

### III. <u>CONCLUSION</u>

For the reasons discussed above, Chmura respectfully requests that the Court grant this Motion *in Limine* and preclude Lombardo from introducing any evidence, questioning, or

argument concerning any subsequent reclassification of Chmura's Account Managers as non-exempt under the FLSA.

Dated: May 21, 2020

/s/
Rodney A. Satterwhite (VA Bar No. 32907)
Christopher M. Michalik (VA Bar No. 47817)
Heidi E. Siegmund (VA Bar No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
cmichalik@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff/Counterclaim Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record.

/s/
Heidi E. Siegmund (VSB No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff/Counterclaim Defendant*