**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** ) ) ) | |
| Plaintiff/Counterclaim Defendant, ) ) ) | Case No. 3:19-cv-813-REP |
| v. ) ) | |
| **RICHARD LOMBARDO,** ) ) | |
| Defendant/Counterclaim Plaintiff. ) ) | |

**PLAINTIFF AND COUNTERCLAIM DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND
ARGUMENT REGARDING DAMAGES CALCULATIONS BASED ON AN OVERTIME
PREMIUM RATE OTHER THAN ONE-HALF THE REGULAR RATE OF PAY**

**I.    BACKGROUND**

Until his termination, Defendant and Counterclaim Plaintiff Richard Lombardo ("Lombardo" or "Defendant") worked for Plaintiff and Counterclaim Defendant Chmura Economics & Analytics, LLC ("Chmura" or "Plaintiff") as an Account Manager and a Senior Account Manager. Chmura classified Lombardo as exempt under the Fair Labor Standards Act (the "FLSA"). During each relevant year, he received an annual $50,000 salary for all hours he worked in each workweek. Lombardo also received commissions in excess of $100,000 in each relevant year. Despite this substantial compensation, Lombardo has asserted a counterclaim

alleging that Chmura misclassified him as exempt under the FLSA and therefore failed to pay him overtime compensation for all hours worked in excess of forty (40) in a workweek.[1]

Lombardo claims that he "is entitled to overtime for each hour worked in excess of 40 each workweek at the rate of 1.5 times his regular rate of pay …." Memorandum in Support of Motion of Defendant Richard Lombardo for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (ECF No. 41), at 23. During discovery, Lombardo calculated his unpaid overtime damages (exclusive of liquidated damages) at $245,930.00. (Lombardo's Answers to Chmura's Second Interrogatories (attached as **Exhibit 1**), at 4-5.) Based on this inflated amount, Chmura determined that Lombardo calculated his overtime damages by: (1) adding his total salary and commissions for each workweek; (2) dividing the total salary and commissions by forty (40) to obtain the regular rate;[2] (3) multiplying the regular rate by one-and-one-half to obtain the overtime premium; and (4) multiplying the overtime premium by the number of hours worked in excess of forty (40) in each workweek. In other words, Lombardo appears to be claiming that his overtime *premium* rate (as opposed to his total compensation for each overtime hour) is one-hundred and fifty percent (150%) of his regular rate of pay. Chmura anticipates that Lombardo will present evidence and argument of this same overtime damages calculation at trial.

Lombardo's method of calculating his overtime damages, however, is erroneous as a matter of law. His salary and commissions provided him with full straight time pay for all hours he worked in each workweek, including any hours in excess of forty (40). Thus, as Fourth Circuit

---

[1] Lombardo also asserted a claim for overtime pay under the Ohio Minimum Fair Wage Standards Act. The overtime standards under Ohio law are the same as those under the FLSA. *McCrimon v. Inner City Nursing Home, Inc.*, 2011 U.S. Dist. LEXIS 113302, * 10-11 (N.D. Ohio Sept. 30, 2011). Therefore, the arguments discussed in this brief are equally applicable to Lombardo's claim for overtime compensation under state law.

[2] Lombardo's calculation of his regular rate of pay is also incorrect in multiple respects, but those errors are not the subject of this motion.

precedent and applicable FLSA regulations make clear, Lombardo's overtime damages, if any, must be calculated by multiplying fifty percent (50%) of his regular rate of pay by the number of overtime hours he allegedly worked in each workweek. *Desmond v. PNGI Charles Town Gaming, LLC*, 630 F.3d 351, 356-357 (4th Cir. 2011); 29 C.F.R. §§ 778.118; 779.119. This is the only appropriate method for calculating Lombardo's overtime damages. Accordingly, if the Court denies Chmura's motion for summary judgment and permits Lombardo's overtime claim to go to trial, Chmura respectfully requests that the Court preclude Lombardo from introducing any evidence or argument regarding damages calculations based on an overtime premium rate other than one-half his regular rate of pay.[3]

## II. ARGUMENT

### A. Standard of Review

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). The purpose of a motion *in limine* is to permit the trial court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Gibson*, 2018 U.S. Dist. LEXIS 173850, * 4 (E.D. Va. Oct. 9, 2018) (citation omitted). Motions *in limine* "serve important gatekeeping functions by allowing the trial judge to eliminate from consideration evidence that should not be presented to the jury." *Id.* (citation omitted). The district court has discretion whether to grant a motion *in limine*. *Cougill*

---

[3] This evidence is also irrelevant because, for the reasons set forth in Chmura's Memorandum in Support of its Motion for Summary Judgment, Lombardo's overtime claims should not proceed to trial. Given that summary judgment briefing is not yet complete, however, Chmura files this motion to preserve its other arguments. Chmura reserves the right to seek to exclude additional evidence as appropriate based on the Court's summary judgment rulings.

*v. Prospect Mortg., LLC*, 2014 U.S. Dist. LEXIS 12362, * 3 (E.D. Va. Jan. 31, 2014) (citation omitted).

### B. Lombardo's Overtime Damages Must Be Calculated Using a Fifty Percent or Half-Time Premium

The FLSA provides that any employer who violates its overtime requirements "shall be liable to the employee or employees affected in the amount of … their unpaid overtime compensation." 29 U.S.C. § 216(b). In *Desmond*, 630 F.3d at 356-357, the Fourth Circuit held that the proper measure of "unpaid overtime compensation" in a misclassification case is fifty percent (50%) or one-half of the employee's regular rate of pay multiplied by the number of unpaid overtime hours. *Id.* In so doing, the Fourth Circuit expressly rejected the use of a one-hundred and fifty percent (150%) or time-and-one-half premium and effectively foreclosed Lombardo's method of calculating his overtime damages. *Id.*

In *Desmond*, the defendant classified the plaintiffs as exempt from the FLSA's overtime requirements and paid them a fixed weekly salary that covered all hours worked. *Id.*, at 353. After the court determined that the defendant misclassified the plaintiffs, and after the defendant conceded the number of hours for which it owed overtime, the district court "examined whether the appropriate overtime premium was 50% or 150% of [the] regular rate of pay for all hours worked over 40." *Id.* at 353-354. Applying *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572 (1942) and "general principles of compensatory damages," the district court concluded that the correct overtime premium is fifty percent (50%) of the regular rate of pay. *Id.* The district court reasoned that the plaintiffs received a guaranteed, weekly salary regardless of the number of hours they worked each week. *Id.* at 356-57. This salary compensated them for the regular or straight time portion of their overtime hours (*i.e.,* the "time" in "time-and-one-half"). *Id.* As such, the plaintiffs were entitled to receive only a one-half time premium for overtime work. *Id.*

4

On appeal, the Fourth Circuit agreed and rejected the plaintiffs' contention that the district court should have applied a one-hundred and fifty percent (150%) or time-and-one-half overtime premium. The Fourth Circuit first noted that "[t]he First, Fifth, Seventh, and Tenth Circuits all have determined that a 50% premium was appropriate in calculating unpaid overtime compensation under 29 U.S.C. § 216(b) in mistaken exemption classification cases …." *Id.* at 355 (citing *Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d 665 (7th Cir. 2010); *Clements v. Serco, Inc.*, 530 F.3d 1224 (10th Cir. 2008), *Valerio v. Putnam Assocs., Inc.*, 173 F.3d 35 (1st Cir. 1999); and *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135 (5th Cir. 1988)). In addition to these decisions, the Fourth Circuit explained, the Department of Labor also has approved using a fifty percent (50%) overtime premium to calculate unpaid overtime compensation in misclassification cases. *Id.* at 356 (citing Retroactive Payment of Overtime and the Fluctuating Workweek Method of Payment, Wage and Hour Opinion Letter, FLSA 2009-3 (Dep't of Labor Jan. 14, 2009)).

Finally, the Fourth Circuit reviewed the district court's reasoning and agreed that *Missel*'s "regular-rate determination [that an employee's regular rate is determined by dividing the number of hours actually worked by the weekly wage] implies the previously paid weekly salary covers the base compensation for all hours worked." *Id.* As the Fourth Circuit explained, "the former employees agreed to receive straight time pay [by a fixed, weekly salary] for all hours worked in a given workweek and have already received such pay. Thus, the [unpaid overtime] is the 50% premium for their overtime hours." *Id.*, at 357. Under *Desmond*, in FLSA misclassification cases such as this one, the district courts "need only award 50% of the regular rate to provide the employees their unpaid overtime compensation under 29 U.S.C. § 216(b)." *Id.*, at 355 (internal quotation marks omitted).

The same principles hold true with regard to commissions. 29 C.F.R. §§ 778.118; 778.119. Like a fixed salary, commissions are deemed to provide an employee his straight time pay for all hours worked, including hours worked in excess of forty (40), during the commission period. *Id.* Thus, in workweeks in which the employee worked overtime hours, the additional overtime compensation is paid at one-half of the employee's regular rate of pay taking the commission into account. *Id. See also Lalli v. General Nutrition Ctrs., Inc.*, 814 F.3d 1, 4-6 (1st Cir. 2016) (holding that a compensation plan that provided for a fixed salary plus commissions and paid an overtime premium of fifty percent (50%) did not violate the FLSA because the fixed salary and commissions already accounted "for the 'time' in 'time-and-a-half'" overtime compensation required by the FLSA).

The above principles are dispositive on the issue of Lombardo's overtime damages. To the extent Lombardo is entitled to overtime compensation, such overtime compensation is limited to one-half of his regular rate of pay for the hours worked in excess of forty (40) in a workweek. Consistent with *Desmond* and the applicable federal regulations, Chmura respectfully requests that the Court prohibit Lombardo from presenting any evidence or argument regarding his damages calculation based on an overtime premium other than one-half of his regular rate of pay. *Depalma v. The Scotts Co., LLC*, 2019 U.S. Dist. LEXIS 97036, * 28-30 (D.N.J. June 10, 2019) (ruling *in limine* that the fifty percent (50%) or half-time premium applies to the plaintiffs' misclassification damages).

### III. CONCLUSION

For the reasons discussed above, Chmura respectfully requests that the Court grant this Motion *in Limine* and preclude Lombardo from introducing any evidence or argument regarding

his damages calculation based on an overtime premium other than one-half of his regular rate of pay.

Dated: May 21, 2020

/s/
Rodney A. Satterwhite (VA Bar No. 32907)
Christopher M. Michalik (VA Bar No. 47817)
Heidi E. Siegmund (VA Bar No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
cmichalik@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff/Counterclaim Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record.

/s/
Heidi E. Siegmund (VSB No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel:   (804) 775-1000
Fax:   (804) 775-1061
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff/Counterclaim Defendant*

7