# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| CHMURA ECONOMICS & ANALYTICS, LLC, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 3:19-cv-813 Judge Robert E. Payne |
| v. | ) ) ) | |
| RICHARD LOMBARDO, | ) ) | |
| Defendant. | ) | |

### DEFENDANT RICHARD A. LOMBARDO'S ANSWERS TO PLAINTIFF CHMURA ECONOMICS & ANALYTICS, LLC'S SECOND INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Richard A. Lombardo ("Mr. Lombardo") hereby submits the following Answers to Plaintiff Chmura Economics & Analytics, LLC's Second Interrogatories to Defendant.

1

Respectfully submitted,

/s/ Christine M. Cooper
Thomas J. Powell, Esq., VSB #27604
3603-D Chain Bridge Road
Fairfax, VA 22030-3244
Tel: (703) 293-9050 | Fax: (703) 293-9075
Email: tom@tjplaw.com

Christine M. Cooper, Esq. (Ohio Bar #0079160)
Koehler Fitzgerald LLC
1111 Superior Avenue East, Suite 2500
Cleveland, OH 44114
Tel: (219) 539-9376 | Fax: (216) 916-4369
Email: ccooper@koehler.law

*Attorneys for Defendant Richard Lombardo*

2

## GENERAL OBJECTIONS

1. Mr. Lombardo objects to the instructions to the discovery requests to the extent they attempt to add or vary the requirements of Fed.R.Civ.P. 33.

2. Mr. Lombardo objects to each and every one of the discovery requests set forth in Chmura Economics & Analytics, LLC's Second Interrogatories to Defendant to the extent they may call for information protected by the attorney-client privilege.

3. Mr. Lombardo objects to each and every one of the discovery requests set forth in Chmura Economics & Analytics, LLC's Second Interrogatories to Defendant to the extent they may call for information protected by the work product doctrine.

## INTERROGATORIES

1. Identify all persons known to you who have any knowledge of the facts alleged in your Counterclaim and, for each such individual, identify the substance of each individual's knowledge and provide the individual's last known address and phone number.

**ANSWER:** OBJECTION: This Interrogatory is overbroad and unduly burdensome, as nearly everyone that was employed at Chmura has some knowledge of the hours Mr. Lombardo worked and leadership's position on overtime and employee classification. Subject to and without waiving this and the General Objections, Mr. Lombardo states that he disclosed the key individuals in his Initial Disclosures served on February 18, 2020. Additionally, Mr. Lombardo states that all other account managers and senior account managers who were employed by Chmura during Mr. Lombardo's employment may have knowledge of the facts alleged in the Counterclaim.

2. Identify every employee, agent, or representative of Chmura to whom you complained concerning any purported violation of the Fair Labor Standards Act or other federal, state or local laws related to wages and hours worked prior to filing this lawsuit and state the date, substance, and method of the complaint (e.g. orally, in writing, by electronic mail, etc.) and any response you received.

**ANSWER:** Mr. Lombardo states that he notified the following:

Eli Auerbach
(216) 978-8951

Mr. Lombardo verbally complained to Mr. Auerbach that he was entitled to overtime pay in approximately August 2019. Mr. Lombardo again verbally complained to Mr. Auerbach that he was entitled to overtime pay on October 17, 2019. Mr. Lombardo did not receive a direct response either time he complained.

Counsel for Chmura

Mr. Lombardo, through counsel and by a letter dated October 24, 2019, reiterated his complaint for unpaid overtime. Mr. Lombardo, through counsel and by a letter dated October 31, 2019, received a response, which among other things, purports to terminate his employment effective October 31, 2019.

3. Describe in detail each way in which you contend you were injured or have suffered damages, including, but not limited to, (a) stating the total amount of damages claimed and a computation of each category of damages (including alleged unpaid overtime) you claim; (b) itemizing the amount of each element of damages claimed; (c) stating the methods, theories and calculations by which you arrived at the claimed dollar amounts of each element of damages claimed; (d) identifying any person whom you know or whom you believe has knowledge of the basis for and calculation of such damages; and (f) identifying the person(s) who calculated the amount of each element of damages.

**ANSWER:** OBJECTION: See General Objection Nos. 2 and 3. Mr. Lombardo objects to this Interrogatory on the grounds that it seeks information that is shielded form discovery by the work product doctrine and the attorney-client privilege. Furthermore, this Interrogatory is overbroad and unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, certain necessary information, which will likely increase the calculation below, is within the sole custody and control of Chmura. Therefore, the damages set forth in this response will be recalculated upon receipt of the information within Chmura's custody and control. Subject to and without waiving these Objections and the General Objections, Mr. Lombardo states as follows:

Mr. Lombardo is claiming damages in excess of $513,160.00 broken down as follows:

1. Unpaid commissions in excess of $18,000 in unpaid commissions as follows:

>   Oklahoma Department of Commerce (at least $3,500 unpaid)
>
>   Port Authority EDC (at least $375 unpaid)
>
>   Workforce Intelligence Network (at least $2,415 unpaid)
>
>   Lea County EDC (at least $599.40 unpaid)
>
>   Kentucky Cabinet for Economic Development (at least $750 unpaid)
>
>   Sugar Land Texas (at least $3,750 unpaid)
>
>   Onondaga County Community College (at least $1,320 unpaid)
>
>   Workforce Central (at least $2,400 unpaid)
>
>   Virginia Growth Alliance (at least $599.40 unpaid)
>
>   Gaston College (at least $599.40 unpaid)
>
>   Radius Indiana (at least $599.40 unpaid)
>
>   East Central Indiana (at least $1,800 unpaid)
>
> 2. Unpaid overtime wages in excess of $245,930.00 as follows:
>
>    Unpaid overtime wages from December 25, 2016 through December 31, 2016 in the amount of at least $1,760.00;
>
>    Unpaid overtime wages from January 1, 2017 through December 31, 2017 in the amount of at least $92,420.00;
>
>    Unpaid overtime wages from January 1, 2018 through December 31, 2018 in the amount of at least $81,100.00; and
>
>    Unpaid overtime wages from January 1, 2019 through October 21, 2019 in the amount of at least $70,650.00.
>
> 3. Liquidated damages in excess of $245,930.00 (two times the unpaid overtime wages)
>
> 4. Unpaid travel reimbursement expenses in the amount of $3,300.

The calculations above are based on the information currently available to Mr. Lombardo.

5

The unpaid commissions were calculated based on the amount Mr. Lombardo should have received pursuant to the February 3, 2015 Letter attached to the Counterclaim as Exhibit A and the March 28, 2019 Amendment attached to the Counterclaim as Exhibit C. The unpaid overtime wages were calculated pursuant to the Fair Labor Standards Act.

In addition to the $509,860.00 in damages set forth above, Mr. Lombardo is seeking attorneys fees (which currently exceed the sum of $50,000), exemplary and punitive damages, and pre-judgment and post-judgment interest.

The persons with knowledge to support the calculation of damages were set forth in the Initial Disclosures served on February 18, 2020 and include Mr. Lombardo, Eli Auerbach, Kyle West, John Grebenc, Tom Wilson, Ethan Trombley, Wesley Michael, Donald Mackey, Curtis Monk, Sharon Simmons, Aisha Ortiz, Leslie Peterson, Chris Chmura, Greg Chmura, and John Chmura.

4. Identify all persons with whom you have discussed any matters that are the subject of this lawsuit, including, without limitation, current or former co-workers, friends, relatives, Chmura employees, and others, and state the substance and date of your discussions.

**ANSWER:** OBJECTION: See General Objection No. 2. Mr. Lombardo objects to this Interrogatory on the grounds that it seeks information that is shielded from discovery by the work product doctrine and the attorney-client privilege. Furthermore, this Interrogatory is overbroad and unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, including conversations with "friends," "relatives," and "others." Such communications sought are not limited in scope. Subject to and without waiving these Objections and the General Objections, Mr. Lombardo states that the remaining information sought by this Interrogatory can be obtained from the records, and the burden of deriving the information sought by this Interrogatory from those records is equal upon the parties. Pursuant to Civ.R. 33(d), Mr. Lombardo will produce the text messages which contain the discussions.

5. State all facts concerning your claim that that you "routinely" worked more than 40 hours per week for Chmura, and that Chmura "knew [you] worked overtime without proper compensation," including the person(s) who were aware you were performing this work, and the person(s) who assigned you to perform this work.

**ANSWER:** Mr. Lombardo states that he routinely arrived at or started work at or around 7:00 a.m. and worked until after 6:00 p.m. each working day. Mr. Lombardo states that he also worked from home in the evenings. Mr. Lombardo further states that he disclosed the individuals with knowledge in the Initial Disclosures served on February 18, 2019. Additionally, others with knowledge include all account managers and senior account managers that were employed by Chmura while Mr. Lombardo was employed by Chmura. Mr. Lombardo was directed to perform

6

work for Chmura by Eli Auerbach, Kyle West, Ethan Trombley, Leslie Peterson, Chris Chmura, John Chmura, and Greg Chmura.

6. Identify each person you expect to call as an expert witness at trial, and for each witness identified, (a) state the subject matter on which the expert is expected to testify; (b) describe the substance of the facts and opinions to which each expert is expected to testify; (c) provide a summary of the grounds for each opinion; and (d) identify all documents on which the expert has relied or is expected to rely in forming his or her expert opinion.

**ANSWER:** OBJECTION: See General Objection Nos. 2 and 3. This Interrogatory seeks information that is shielded from discovery by the attorney-client privilege and the work product doctrine. Subject to these objections and the general objections, Mr. Lombardo will disclose the identity of his expert witnesses in accordance with the Court's Scheduling Order and the Local Rules.

7. Identify every instance in which you believe you earned a commission and Chmura withheld all or part of that commission, including in your answer (a) the client to whom the sale was made; (b) all work you performed in connection with that sale, including, without limitation, the method by which you identified the client; (c) any other Chmura employees or agents who performed work on that sale; (d) the amount of any commission you received, and the date you received it; and (e) the amount of any commission you believe you were owed.

**ANSWER:** Mr. Lombardo believes that he has not been paid the full amount of the commissions due to him on sales to the following:

Oklahoma Department of Commerce

Port Authority EDC

Workforce Intelligence Network

Lea County EDC

Kentucky Cabinet for Economic Development

Sugar Land Texas

7

Onondaga County Community College

Workforce Central

Virginia Growth Alliance

Gaston College

Radius Indiana

East Central Indiana

Mr. Lombardo further states that the specific information sought by Chmura, including the exact amount of the commission received and the date he received it (which would permit the calculation of the remaining amount owed) is solely in the possession of Chmura. Mr. Lombardo believes there are other instances, but that the information is solely within the custody and control of Chmura. Additionally, as set forth in detail in his Answer to Interrogatory No. 3, Mr. Lombardo states that he is owed at least $18,000.00 in unpaid commissions. Mr. Lombardo reserves the right to modify this amount upon receipt of the documentation solely in Chmura's custody and control.

8. Identify every pay period in the three (3) years prior to your separation from Chmura in which you believe Chmura wrongfully failed to pay you an overtime premium, and for each such pay period, identify the total number of hours you worked in that pay period and the amount of overtime you believe Chmura wrongfully failed to pay you.

**ANSWER:** OBJECTION: Certain information necessary to fully respond to this Interrogatory is within the sole custody and control of Chmura. Subject to and without waiving this Objection and the General Objections, Mr. Lombardo states that he believes he worked overtime each week during the period three years prior to his separation except for November 19, 2017-November 25, 2017, November 18, 2018-November 24, 2018, and December 23, 2018-December 29, 2018.

9. State all facts supporting your contention that Chmura's alleged failure to pay you overtime wages was willful.

**ANSWER:** OBJECTION: Mr. Lombardo objects to this Interrogatory on the grounds that it calls for a legal conclusion. Subject to and without waiving this Objection and the General Objections, Mr. Lombardo states that (1) he complained to Chmura that he was owed overtime; (2) Chmura failed to pay him overtime; and (3) he was terminated after he complained about being owed unpaid wages.

8

10. Describe in detail all efforts made by you to obtain employment since June 1, 2019, including the name and address for each employer with whom you have applied for employment, the position applied for, the dates you applied, the person to whom you applied, and the results of your application, including, if applicable, the start and end dates of this employment and the compensation you received from this employment.

**ANSWER:** Mr. Lombardo states that the information sought by this Interrogatory can be obtained from the records, and the burden of deriving the information sought by this Interrogatory from those records is equal upon the parties. Pursuant to Civ.R. 33(d), Mr. Lombardo will produce the written communications and a spreadsheet detailing his efforts.

11. If within the past five (5) years you have been or are currently a party to any court proceeding (including bankruptcy and criminal proceedings), charge, or claim before an administrative agency, state the forum, case number, nature of this matter, and the disposition of the matter.

**ANSWER:** OBJECTION: Mr. Lombardo objects to this Interrogatory because it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this Objection and the General Objections, Mr. Lombardo states that he has not been nor is he currently a party to any court proceeding, charge, or claim before an administrative agency in the past five years.

AS TO OBJECTIONS:

/s/ Christine M. Cooper
Thomas J. Powell, Esq., VSB #27604
3603-D Chain Bridge Road
Fairfax, VA 22030-3244
Tel: (703) 293-9050 | Fax: (703) 293-9075
Email: tom@tjplaw.com

Christine M. Cooper, Esq. (Ohio Bar #0079160)
Koehler Fitzgerald LLC
1111 Superior Avenue East, Suite 2500
Cleveland, OH 44114
Tel: (219) 539-9376 | Fax: (216) 916-4369
Email: ccooper@koehler.law
*Attorneys for Defendant Richard Lombardo*

## VERIFICATION

STATE OF  Ohio            )
                          ) SS:
COUNTY OF  Lake           )

The undersigned, being duly cautioned and sworn, deposes and says that the Answers to the Interrogatories are true based on his best information and belief.

_____
Richard A. Lombardo

Sworn to and subscribed before me this 11th day of March, 2020.

_____
Notary Public

Christine M. Cooper, Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.

10

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing has been served on this 11th day of March 2020, via the electronic mail, upon the following:

Rodney A. Satterwhite (VSB #32907)
Heidi E. Siegmund (VSB #89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff*

/s/ Christine M. Cooper
Counsel