**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** | ) ) ) ) ) | Case No. 3:19-cv-00813 Judge Robert E. Payne |
| **Plaintiff,** | ) ) | |
| v. | ) ) | |
| **RICHARD LOMBARDO,** | ) ) | |
| **Defendant.** | ) | |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE OF DEFENDANT RICHARD A. LOMBARDO TO EXCLUDE ADMISSION OF AN OFFER LETTER DATED JANUARY 25, 2019 AND RELATED TESTIMONY**

**I.   INTRODUCTION**

Plaintiff's case against Defendant is about Defendant's alleged misappropriation of trade secrets or confidential information, as well as his alleged threat to go to work for a competitor (which he never did) and alleged refusal to return a Chmura laptop purportedly containing confidential information. Plaintiff, Chmura, filed this lawsuit against Defendant, Richard Lombardo, alleging that his actions following Chmura's termination of Lombardo's employment require the Court's judgment against him. Lombardo filed counterclaims against Chmura for unpaid overtime and commissions.

At trial, Chmura intends to introduce into evidence a document that Lombardo had provided to Chmura while he was employed there that has nothing whatsoever to do with Chmura's

1

post-employment allegations, or to do with Lombardo's allegations of unpaid overtime, and which would solely be used as extrinsic evidence of Lombardo's character for truthfulness, which is strictly inadmissible. Moreover, Chmura wants to introduce the document because it will embarrass Lombardo. At a time when Lombardo was trying to convince Chmura to pay him an annual merit increase to his salary that Chmura offered to him when he began his employment but, unsurprisingly, failed to pay him, Lombardo altered a bona fide offer letter (the "Offer Letter") he had received from another employer to illustrate to Chmura that he had other employment options. **Whether Chmura gave Lombardo a raise or not, however, is not an issue in this lawsuit**, and evidence of the entire occurrence is irrelevant, wasteful of the Court's time, and should be excluded from evidence at trial.

Chmura will insist that the episode goes to Lombardo's credibility, but this is misleading. The rules governing impeachment of witnesses do not permit a party to present any and all extrinsic evidence of any and all instances in which a witness told a lie or engaged in a subterfuge. If the rules allowed for the admission of extrinsic evidence of every instance of dishonesty on the part of every witness, then trials would have no end. For these reasons, evidence or testimony of the Offer Letter is irrelevant and unduly prejudicial, constituting inadmissible character evidence and extrinsic evidence of truthfulness, and should be excluded at trial.

## II.   FACTS

Lombardo was employed by Chmura from February 18, 2015 to October 31, 2019. As a commissioned inside salesperson, a portion of his compensation was in the form of a base salary, while the greater portion of his compensation was in the form of commissions. As part of his compensation agreement with Chmura, Lombardo was eligible for an annual 5% merit based raise in base compensation. A copy of the February 4, 2018 Letter is attached as Exhibit A. When the

time came, because he had done all things required of him to earn the 5% annual merit based increase, Lombardo believed he would actually receive it. Chmura, however, did not change his compensation.

Chmura's failure to adjust Lombardo's compensation in exchange for achieving high performance metrics was an issue that Lombardo discussed with his supervisors on multiple occasions. At the same time, Lombardo interviewed for a position with another employer, and that employer gave him an offer of employment in the Offer Letter. A copy of the Offer Letter is attached as Exhibit B. In another effort to secure the 5% raise that Lombardo believed he had earned, he decided to use the Offer Letter to demonstrate to Chmura that he had other options for employment. After redacting portions of the Offer Letter, and altering portions of the letter to change the date and the base compensation offered, Lombardo provided the Offer Letter to Chmura and repeated his insistence that Chmura provide the 5% raise that he believed he had earned. Chmura continued to refuse, Lombardo never did receive the 5% raise in base salary (instead receiving a smaller cost of living increase), and ultimately it was also discovered that Lombardo had altered the Offer Letter.

### III. LAW

Pursuant to Fed. R. Evid. 402, relevant evidence is generally admissible, and irrelevant evidence is not admissible. Under Fed. R. Evid. 403, relevant evidence may be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and wasting time, among other things. Fed. R. Evid. 404(a)(1) prohibits the use of character evidence (i.e., evidence of "dishonesty" generally) to prove a particular occasion of acting in accordance with the character trait.

Most importantly, under Fed. R. Evid. 608(b): "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." *See, e.g.*, *Singletary v. Sterling Transport Company, Inc.*, 289 F.R.D. 237 (E.D. Va. 2012) (in FLSA case alleging misclassification of employee as exempt, subpoena issued to previous employer seeking personnel file was quashed because "providing factually inaccurate information in employment documents … will not, in and of itself, necessarily, be admissible at trial …."; citing Fed. R. Evid. 608(b)).

For four, independent reasons, including one absolute prohibition, evidence of (and testimony concerning) the Offer Letter should be excluded at trial.

### A. The Offer Letter is irrelevant because it fails to make any material fact more or less likely.

The fundamental reason that the Offer Letter should be excluded from evidence is that it has nothing to do with any issue in the case. At trial, Chmura will try to prove that, after Lombardo's employment was terminated, he breached his contract and his competition covenants and that he misappropriated trade secrets. Lombardo will prove that Chmura failed to pay him overtime and commissions.

Lombardo provided the Offer Letter to Chmura while he was still employed by Chmura. The Offer letter has no bearing on Lombardo's post-employment activities or conduct. In addition, the Offer Letter is not one of Chmura's trade secrets or its confidential information.

Similarly, the Offer Letter has nothing to do with Lombardo's unpaid overtime. The Offer Letter has nothing to do with Lombardo's unpaid commissions. Furthermore, the one issue that the Offer Letter bears on—Chmura's failure and refusal to raise Lombardo's salary—is not an issue in the case. Because the Offer Letter is irrelevant to the determination of any claim at trial,

the Court should grant this Motion and exclude evidence, and testimony concerning, the Offer Letter.

### B. The Offer Letter's probative value is inadequate, even if it is irrelevant.

While it is difficult to imagine how the Offer Letter could be relevant to any issue in the case, even if it had some relevance it should still be excluded. The probative value of the Offer Letter would be minuscule, compared with the dangers of several different trial risks. First, particularly given the slight probative value of the Offer Letter, the danger of unfair prejudice is great. The risk is that Chmura scores cheap points trying to make Lombardo look like a "bad person" when the Offer Letter simply does not advance their case. Concomitant risks include confusing the issues and misleading the jury. Chmura will try to twist the issues into whether Lombardo was a "good employee" (of course, by all business measures, he was the best employee, earning tremendous revenues for Chmura), when in fact Chmura's case concerns whether Lombardo adhered to his obligations after he was an employee of Chmura. On account of these reasons, then, allowing Chmura to delve into the story behind the Offer Letter will simply waste everyone's time. Accordingly, even if the Offer Letter holds some probative value, the risks associated with presenting this evidence to the jury are too great.

### C. The Offer Letter constitutes inadmissible character evidence.

The Offer Letter should be excluded—as well as the testimony associated with it—because its only purpose is to establish Lombardo's character. Because the Offer Letter as a document has nothing to do with the claims being litigated, Chmura can only use it to try to establish that Lombardo is untruthful or untrustworthy **as a general rule**. Chmura will want the jury to infer that

Lombardo was untrustworthy or untruthful when it came to handling its confidential information or finding new employment—and those inferences will be the only evidence Chmura has to support those claims. Because the jury cannot be permitted to find that Lombardo misappropriated trade secrets or sought employment with a competitor on the grounds that he made alterations to the Offer Letter, evidence and testimony regarding the Offer Letter should be excluded.

### D. The Offer Letter constitutes extrinsic evidence of truthfulness, and thus is barred.

Rule 608 erects a strict barrier against the admission of extrinsic evidence of truthfulness. The main purpose for Chmura to try to introduce the Offer Letter into evidence is so that it can establish that Lombardo is untruthful. In this instance, there is simply no discretion and no exception. Extrinsic evidence of truthfulness is not permitted. Under Rule 608, admission of the Offer Letter into evidence is not permitted.

## IV. CONCLUSION

In this case, litigating the background and events surrounding the Offer Letter is a poor use of resources and does not make any sense. The factual events do not tie into any issue to be decided by the jury, and the evidence will be used for nothing more than to smear Lombardo as a "bad guy." Fortunately, the Rules provide that this kind of extrinsic evidence is barred. If it were not, then it would open the door for Lombardo to introduce into evidence each of the many instances in which Chmura's leadership lied to him or deceived him, even if those instances have nothing to do with the claims in the case. Because open the door to such smear campaigns is a waste of time and resources and a distraction from the real issues of the case, the Court should grant this Motion and exclude from trial the evidence and testimony of the Offer Letter.

Respectfully submitted,

/s/ Thomas J. Powell
Thomas J. Powell, Esq., VSB #27604
3603-D Chain Bridge Road
Fairffax, VA 22030-3244
Tel: (703) 293-9050 | Fax: (703) 293 9075
Email: tom@tjplaw.com

Christine Marie Cooper, Esq. (Ohio Bar #0079160)
Koehler Fitzgerald LLC
1111 Superior Avenue East, Suite 2500
Cleveland, OH 44114
Tel: (219) 539-9376 | Fax: (216) 916-4369
Email: ccooper@koehler.law

*Attorneys for Defendant, Richard Lombardo*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing Memorandum in Support of Motion for Summary Judgment has been served on this 22nd day of May, 2020, via the Court's electronic filing system upon the following:

Rodney A. Satterwhite (VA Bar No. 32907)
Heidi E. Siegmund (VA Bar No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff*

                                                      /s/ Thomas J. Powell
                                                      Counsel for Richard Lombardo

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Memorandum in Support of Motion in Limine has been served on this 22nd day of May, 2020, via the Court's electronic filing system upon the following:

Rodney A. Satterwhite (VA Bar No. 32907)
Heidi E. Siegmund (VA Bar No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff*

/s/ Thomas J. Powell

Counsel for Richard Lombardo