IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** | ) ) ) | Case No. 3:19-cv-813 Judge Robert E. Payne |
| **Plaintiff,** | ) ) ) |  |
| v. | ) ) |  |
| **RICHARD LOMBARDO,** | ) ) |  |
| **Defendant.** | ) ) |  |

### DEFENDANT RICHARD A. LOMBARDO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE EXHIBITS UNDER SEAL

Defendant, Richard Lombardo ("Lombardo"), by counsel, and pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 5, submits the following as its Memorandum in Law in Support of Motion to File Exhibits Under Seal. For the reasons discussed below, Lombardo respectfully requests the Court's permission to file the following documents under seal:

- Exhibit 1 attached to the Declaration of Richard A. Lombardo (the "Declaration") in Support of the Opposition to Chmura's Motion for Summary Judgment (the "Opposition"), which is attached Exhibit B attached to the Opposition;

- Exhibit X to the Deposition of Christine Chmura; and

- Exhibit AA to the Volume II of the Deposition of Leslie Peterson.

Local Civil Rule 5 provides that a party may file a motion to submit documents under seal together with the proposed sealed documents. To permit the filing of sealed documents, the district court must: (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3)

provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Under the Local Civil Rules of this Court, a memorandum in support of a motion to seal must provide: "(1) A non-confidential description of what material has been filed under sealed; (2) A statement why sealing is necessary, and why another procedure will not suffice…; (3) References to governing case law…; and (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." Local Civil Rule 5(C). These requirements are satisfied.

### A. Public Notice

Individual notice is not required to meet the public notice requirement. *In re Knight Publ'g Co.,* 743 F.2d 231, 235 (4th Cir. 1984). Rather, the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5, this sealing motion and accompanying memorandum are publicly docketed, satisfying the public notice requirement.

### B. Description of the Documents to be Sealed

Lombardo seeks to file the following documents under seal:

1. Chmura Economics & Analytics, LLC's Standard Operating Procedures, which provide detailed practices and procedures relating to the sales team (Exhibit 1 to the Declaration);

2. Exhibit X of the Deposition of Christine Chmura which is a business document setting forth certain confidential financial information pertaining to Chmura, as well as confidential business information; and

3. Exhibit AA to Volume II of the Deposition of Leslie Peterson, which is the pricing matrix containing sensitive pricing information for Chmura's products.

**C. Sealing Is Necessary Pursuant to the Stipulated Protective Order Because Chmura Designated the Information as Confidential or Highly Confidential Under the Stipulated Protective Order**

Sealing is necessary to protect the information that Chmura designated as Confidential and Highly Confidential pursuant to the Stipulated Protective Order. [Doc. #29]. Sealing pursuant to a protective order is appropriate and permissible. *Malon v. Franklin Fin. Corp.*, 2014 U.S. LEXIS 199229, *5-7 (E.D. Va. Dec, 4. 2014).

**D. Less Drastic Alternatives Are Not Available**

There are no less drastic alternatives to sealing to protect the documents marked Confidential in this case. The entire documents contain sensitive information related to Chmura, that Chmura has marked as Confidential or Highly Confidential. Selective redaction will not protect the disclosure of the information that Chmura marked as confidential.

**E. Proposed Period of Sealing**

Lombardo requests that the documents be sealed in accordance with the Stipulated Protective Order.

**IV. CONCLUSION**

For the reasons stated above, Lombardo respectfully requests the Court grant this Motion to File Exhibits Under Seal.[1]

---

[1] Lombardo is submitting un-redacted versions of the exhibits in a sealed envelope for the Court's *in camera* review.

Respectfully submitted,

/s/ Thomas J. Powell
Thomas J. Powell, Esq., VSB #27604
3603-D Chain Bridge Road
Fairfax, VA 22030-3244
Tel: (703) 293-9050 | Fax: (703) 293 9075
Email: tom@tjplaw.com

Christine M. Cooper, Esq. (Ohio Bar #0079160)
Koehler Fitzgerald LLC
1111 Superior Avenue East, Suite 2500
Cleveland, OH 44114
Tel: (219) 539-9376 | Fax: (216) 916-4369 Email: ccooper@koehler.law
*Attorneys for Defendant, Richard Lombardo*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing Memorandum has been served on this 29th day of May, 2020, via the Court's electronic filing system upon the following:

Rodney A. Satterwhite (VA Bar No. 32907)
Heidi E. Siegmund (VA Bar No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff*

                                    /s/ Thomas J. Powell
                                    Counsel for Richard Lombardo