# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

|  |  |  |
|---|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** | ) ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) ) | Case No. 3:19-cv-813-REP |
| v. | ) ) ) | |
| **RICHARD LOMBARDO,** | ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) ) | |

## CHMURA ECONOMICS & ANALYTICS, LLC'S RESPONSE IN OPPOSITION TO RICHARD LOMBARDO'S MOTION *IN LIMINE* TO EXCLUDE ADMISSION OF AN OFFER LETTER DATED JANUARY 25, 2019 AND RELATED TESTIMONY

Defendant and Counterclaim Plaintiff Richard Lombardo's ("Defendant" or "Lombardo") Motion *in Limine* (ECF Nos. 46 and 47) ignores his own retaliation counterclaim, mischaracterizes Plaintiff and Counterclaim Defendant Chmura Economics & Analytics, LLC's ("Plaintiff" or "Chmura") claims, and evinces a fundamental misunderstanding of the Federal Rules of Evidence. The offer letter and related testimony he seeks to exclude support Chmura's legitimate, non-retaliatory reason for his termination and provide the factual background for Lombardo's unlawful theft of Chmura's property. Thus, this evidence is relevant to both the claims and counterclaims in this action. Moreover, the offer letter and related testimony pertain directly to an issue integral in every case—a party's credibility. For the reasons discussed below, the offer letter and related testimony are relevant, not unduly prejudicial, and do not constitute inadmissible character evidence or extrinsic evidence of truthfulness under the Federal Rules of Evidence. Because this evidence is admissible, the Court should deny Lombardo's Motion *in Limine*.

## I.     FACTUAL BACKGROUND[1]

Chmura employed Lombardo from February 18, 2015 until October 31, 2019 as an Account Executive and as a Senior Account Executive. Chmura compensated Lombardo through an annual $50,000 salary and commissions which exceeded $100,000 in each year relevant to this lawsuit. By February 2019, however, Lombardo grew dissatisfied with his compensation and decided he was overdue for a raise. To further his cause, Lombardo presented Chmura with a "doctored" offer letter from another employer (the "Offer Letter"). Lombardo forged the Offer Letter's date, purported start date, and compensation.

Chmura's President, suspicious of the letter, contacted the other employer and confirmed that Lombardo altered the Offer Letter. Chmura then confronted Lombardo, who admitted to falsifying the document. Although Chmura initially wanted to terminate Lombardo immediately, it ultimately decided to give him another chance. Lombardo, however, had lost Chmura's trust and his continued employment with Chmura was on thin ice. Nevertheless, Lombardo did not tread lightly.

On October 3, 2019, after Chmura proposed changes to Lombardo's sales territory and compensation structure, Lombardo began threatening Chmura's business. For example, Lombardo implied that he would accept a position with Chmura's main competitor and take "his" clients with him. As Lombardo warned his supervisor, "either Chmura is going to pay me for those relationships or someone else will." Chmura placed Lombardo on an unpaid leave of absence and then terminated him on October 31, 2019.

---

[1] The undisputed facts relevant to this response, including record citations, are set forth in detail in Chmura's Memorandum in Support of its Motion for Summary Judgment (ECF No. 35). *See* ECF No. 35, Statement of Undisputed Facts at Sections V-VI.

Despite his contractual obligations to, and repeated requests by, Chmura, Lombardo refused to return a computer which Chmura provided him to use in connection with his employment. The computer contained Chmura's confidential and trade secret information. As such, Chmura filed the above-captioned lawsuit asserting claims for breach of contract, trade secret misappropriation, and conversion. Lombardo filed counterclaims alleging, among other things, that Chmura retaliated against him in violation of the Fair Labor Standards Act (the "FLSA') by terminating him for his purported complaints about overtime pay.

## II.  ARGUMENT

### A.  The Offer Letter and Related Testimony Are Relevant and Therefore Admissible

Fed. R. Evid. 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b); *United States v. McDonnell*, 792 F.3d 478, 501 (4th Cir. 2015). "Relevance is typically a low bar to the admissibility of evidence[.]" *Jones v. Ford Motor Co.*, 204 F. App'x 280, 283 (4th Cir. 2006). The Offer Letter and related testimony rise easily above this "low bar."

First, in asking the Court to exclude the Offer Letter and related testimony, Lombardo conveniently ignores his FLSA retaliation counterclaim against Chmura. He does so because any reference to this counterclaim completely eviscerates his "relevance" argument. To prevail on his FLSA retaliation counterclaim, Lombardo must prove that (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between his protected activity and the adverse action. *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008). If, however, Chmura can show that it terminated Lombardo for a legitimate, non-retaliatory reason,

then his counterclaim necessarily fails. *Jafari v. Old Dominion Transit Mgmt. Co.*, 913 F. Supp. 2d 217, 225-26 (E.D. Va. 2012).

Lombardo's admitted forgery of the Offer Letter is relevant to Chmura's decision to terminate his employment because it supports Chmura's legitimate, non-retaliatory reason for his termination. Accordingly, the Offer Letter and related testimony are admissible under Fed. R. Evid. 401 and 402. *See, e.g., Kohser v. Protective Life Corp.*, No. 2:11-cv-03915-JHE, 2015 U.S. Dist. LEXIS 43341, at *5-6 n.4 (N.D. Ala. Jan. 13, 2015) (holding that an employee's statements that "she had a hot temper sometimes took her anger out on individuals, and needed to continue working on controlling it" were relevant to "[the defendant's] intent when terminating her" and therefore admissible); *Berry v. Mission Group Kan.*, No. 08-2439-JPO, 2010 U.S. Dist. LEXIS 53000, at *2-3 (D. Kan. May 28, 2010) (holding that complaints about the employee were relevant "because [they] go[] to whether [the defendant] believed legitimate, nondiscriminatory grounds existed for firing [the plaintiff], which would negate any retaliatory intent."). Likewise, Dr. Christine Chmura testified that Lombardo was terminated precisely because Chmura "saw from the pattern of his work relationship with us, that, one, greater distrust was occurring over time." (Deposition of Christine Chmura at 95, attached as **Exhibit 1**). Lombardo's forgery just months before his termination directly contributed to this pattern of distrust, and thus squarely relates to a relevant issue in the case.

The Offer Letter and related testimony likewise are relevant to Chmura's affirmative claims against Lombardo. Chmura alleges that Lombardo breached his employment agreement, misappropriated Chmura's trade secrets, and converted Chmura's property, in part, because he wanted more money from Chmura and was willing to harm Chmura's business to get it. Lombardo's anger with Chmura dates back to Chmura's refusal to give him a raise or future merit

4

increases as a result of his forgery of the Offer Letter. As such, the Offer Letter and related testimony provide valuable background information on Lombardo's refusal to return Chmura's computer while threatening to take "his" book of business to a competitor, and make Chmura's concerns that he would carry out his threats even more credible. *E.g., Certusview Techs., LLC v. S&N Locating Servs., LLC*, No. 2:13cv346, 2016 U.S. Dist. LEXIS 178812, at *7-8 (E.D. Va. Mar. 7, 2016) (denying motion *in limine* to exclude exhibits "relevant to provide the Court with helpful background information") (citing *Universal Sols., LLC v. VII Pac Shores Inv'rs, LLC*, 2014 U.S. Dist. LEXIS 83134, at *16-17 (N.D. Cal. June 9, 2014) (denying a motion *in limine*, pursuant to Rule 401, because certain testimony "would provide useful background information to orient the court"); *Ingomar, Ltd. P'ship v. Current*, 2008 U.S. Dist. LEXIS 57767, at *2-3 (M.D. Pa. July 29, 2008) (denying a motion *in limine*, pursuant to Rule 401, because the evidence was "relevant insofar as it provide[d] the factual background against which" the claim arose).

Lombardo in fact acknowledges the Offer Letter's relevance to Chmura's claims in the first sentence of his Memorandum in Support when he describes Chmura's case as about "his alleged threat to go work for a competitor …." (ECF No. 47 at 1.) Lombardo first made this threat when he presented the forged Offer Letter to show Chmura his supposed appeal in the industry. Lombardo's assertion that the Offer Letter and related testimony "have nothing to do" with this case simply is erroneous.

Finally, the evidence Lombardo seeks to exclude relates directly to Lombardo's credibility, "which is *always* a relevant topic." *Keeney v. Charnock*, No. 2:05-cv-00390, 2006 U.S. Dist. LEXIS 17468, at *3 (S.D. W. Va. Apr. 5, 2006) (emphasis added); *see also Glass v. Anne Arundel County*, No. WDO-12-1901, 2015 U.S. Dist. LEXIS 100065, at *24-25 (D. Md. July 30, 2015) (denying motion to exclude evidence of a witness's false charges, reports, and testimony for lack

of relevance because "[the witness's] credibility is a key issue in this case.") (citing *United States v. Green*, 617 F.3d 233, 251 (3d Cir. 2010) ("[E]vidence concerning a witness's credibility is *always relevant*, because credibility is *always* at issue.") (emphasis added)). Lombardo's credibility is particularly at issue in this case because he claims—without any supporting evidence—that he complained to his supervisor about overtime pay. Lombardo's "relevance" argument therefore has no merit.

> B. **The Purported Dangers of the Offer Letter Do Not Substantially Outweigh its Probative Value**

Lombardo's argument concerning the purported dangers of admitting the Offer Letter and related testimony are equally meritless. Fed. R. Evid. 403 provides that all relevant evidence is admissible unless its probative value is "*substantially* outweighed" by the harmful consequences that may result from its admission. Foremost among those dangers is the risk of "unfair prejudice," which refers to "prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion." *United States v. Mohr*, 318 F.3d 613, 619-20 (4th Cir. 2003) (internal quotation marks and citation omitted). In this case, the Offer Letter and related testimony damage Lombardo precisely because of their probative value. As noted above, this evidence supports Chmura's legitimate, non-retaliatory reason for terminating his employment, highlights his malice against Chmura, underlies his unlawful actions, and casts doubt on his credibility. When compared with such significant probative value, the Offer Letter's prejudicial effect is negligible. As the Fourth Circuit has explained, evidence should be excluded under Rule 403 "only sparingly." *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996). Lombardo has not provided any valid reason for the Court to apply Rule 403 in this case.

### C. The Offer Letter Does Not Constitute Inadmissible Character Evidence

Lombardo's argument for the exclusion of the Offer Letter and related testimony as inadmissible character evidence evinces a fundamental misunderstanding of Fed. R. Evid. 404. Rule 404(a)(1) prohibits the introduction of "[e]vidence of a person's character or character trait … to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). Fed. R. Evid. 404(b), however, provides that "[e]vidence of a [] wrong or other act … may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." "The upshot of these rules is that a person's character or a trait of character, including evidence of other acts," while not admissible for the purpose of proving a particular action in conformity therewith, is "admissible for *other purposes*." *Bland*, 2011 U.S. Dist. LEXIS 66911, at * 10 (emphasis in original). In other words, as the Fourth Circuit consistently has acknowledged, Rule 404 is a rule of *inclusion* and not exclusion. *E.g., United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997) ("Because the rule recognizes the admissibility of prior crimes, wrongs, or acts, with only the one stated exception, it is understood to be a rule of inclusion.") (citations omitted).

Here, Chmura does not need, or intend to use, the Offer Letter to prove that Lombardo was acting in accordance with a character or trait "when it came to handling its confidential information or finding new employment." (ECF No. 47 at 6.) As discussed above, Lombardo's dishonesty is independently relevant to Chmura's claims. For this reason alone, the Offer Letter and related testimony fall outside the narrow exclusionary requirement of Fed. R. Evid. 404(a)(1).

Lombardo also ignores the "other purposes" for which Chmura may introduce the Offer Letter, including proving that Chmura terminated Lombardo for a legitimate, retaliatory reason. *E.g., id.*, at 994 n.3 (noting that "this circuit has found prior act evidence admissible for a wide

7

range of reasons unrelated to character."); *Bland*, 2011 U.S. Dist. LEXIS 66911 at *10-11 (denying motion to exclude evidence of the defendant's "penchant for sexually objectifying women" because such evidence may be admissible for purposes other than showing that he sexually objectified the plaintiff); *Adkison v. Willis*, 214 F. Supp. 3d 1190, 1193 n.1 (N.D. Ala. 2016) (declining to strike complaints about the plaintiff as character evidence because "[the defendant] does not offer them to show that [the plaintiff] acted in conformity with any propensities the complaints might suggest, but rather as evidence of [the defendant's] non-discriminatory reasons for [the adverse employment action.]"). In that regard, Fed. R. Evid. 404 supports, rather than undermines, the Offer Letter's admissibility.

> **D.    Fed. R. Evid. 608 Does Not Prohibit Chmura from Introducing the Offer Letter or Related Testimony**

Lombardo similarly misunderstands and misapplies Fed. R. Evid. 608. First, Fed. R. Evid. 608 does not preclude testimony about the "doctored" Offer Letter. Instead, it explicitly permits the Court to admit such testimony on cross-examination. Fed. R. Evid. 608 ("[T]he court may, on cross-examination, allow [specific instances of conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of [] the witness."). The Fourth Circuit long has recognized that instances of misconduct that are "clearly probative of truthfulness or untruthfulness" include "perjury, fraud, swindling, *forgery*, and embezzlement." *United States v. Leake*, 642 F.2d 715, 718 (4th Cir. 1981) (emphasis added). Because they affect credibility, such instances of misconduct "are always open to cross-examination." *United States v. Zandi*, 769 F.2d 229, 236 (4th Cir. 1985) (citation omitted). Stated simply, if Lombardo takes the stand, his credibility becomes subject to attack. And, Chmura can attack his credibility by eliciting testimony about his forgery of the Offer Letter. *Id.* (concluding that the district court did not err in allowing

impeachment of a witness through testimony that he gave false information on an employment application and other documents).

Moreover, contrary to Lombardo's assertion, Fed. R. Evid. 608 does not erect "a strict barrier against the admission of extrinsic evidence of truthfulness" (ECF No. 47 at 6) and thus does not require the exclusion of the Offer Letter itself. The Fourth Circuit has explained that "when a witness *admits* to having performed certain acts[,] the prohibition against using extrinsic evidence is not applicable." *Zandi*, 769 F.2d at 236 (citing *Carter v. Hewitt*, 617 F.2d 961, 970 (3d Cir. 1980) (The most "significant reason for finding no violation of the extrinsic evidence rule here [is that the witness] *did not deny* having written the letter ….") (emphasis in original and internal parenthetical omitted)). Lombardo confessed under oath to forging the Offer Letter, and his counsel admitted as much in filing the instant motion. Admitting the Offer Letter into evidence therefore would not violate the extrinsic evidence rule. *Id.* (holding that the admission of documents containing false information did not violate Fed. R. Evid. 608 because the witness admitted to completing them).

### III.  **CONCLUSION**

For the reasons discussed above, Chmura respectfully requests that the Court deny Lombardo's Motion *in Limine*.

Dated: June 4, 2020

/s/
Rodney A. Satterwhite (VA Bar No. 32907)
Christopher M. Michalik (VA Bar No. 47817)
Heidi E. Siegmund (VA Bar No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219
(Office) (804) 775-1000
(Fax) (804) 698-2158

9

rsatterwhite@mcguirewoods.com
cmichalik@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff/Counterclaim Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record.

/s/
Heidi E. Siegmund (VSB No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff/Counterclaim Defendant*