IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** | ) ) ) ) | Case No. 3:19-cv-813 Judge Robert E. Payne |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| **RICHARD LOMBARDO,** | ) ) |  |
| Defendant. | ) |  |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF AND COUNTERCLAIM
DEFENDANT'S MOTION IN LIMINE TO
PRECLUDE EVIDENCE, QUESTIONING, OR ARGUMENT CONCERNING ANY
SUBSEQUENT RECLASSIFICATION OF ITS ACCOUNT MANAGERS**

Defendant Richard Lombardo ("Lombardo"), by and through the undersigned counsel, hereby files this Memorandum in Opposition to Plaintiff Chmura Economics & Analytics LLC's ("Chmura") Motion in Limine, and for the reasons stated more fully herein, respectfully requests that this court deny Chmura's request to exclude evidence, questioning, or argument concerning any subsequent reclassification of its Account Managers.

**I. BACKGROUND**

In February 2015, Lombardo was hired as an Inside Sales Representative at Chmura. Declaration of Richard Lombardo, ¶3, Ex. A [Doc. #41(2)]. His primary duty was to sell JobsEQ and its add-ons. *Id.* Despite being an inside sales representative, Chmura classified Lombardo as an exempt employee. Chmura Economics & Analytics, LLC's Objections and Responses to Richard Lombardo's First Request for Admissions (the "Admissions"), No. 39 [Doc. #41(3)]. His

title was Account Manager through May 14, 2017 and Senior Account Manager after May 14, 2017. Chmura Economics & Analytics, LLC's Objections and Responses to Richard Lombardo's First Interrogatories (the "Interrogatories"), Nos. 4, 6 [Doc.#41(4)]. After Lombardo's termination, Chmura reclassified Account Managers and Senior Account Managers from exempt to non-exempt. Deposition of Eli Auerbach Volume I ("Auerbach Dep. I"), at 145 [Doc. #35(11)].

Chmura seeks to exclude evidence concerning this reclassification.

## II. LAW AND ARGUMENT

The purpose of a motion in limine is to allow the court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Guerrero v. Deane*, 2012 U.S. Dist. LEXIS 125404, *5-6, 2012 WL 3834907 citing *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). A court's ruling regarding a motion in limine is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Id.* As a general matter, the court has discretion to admit all relevant evidence unless there are constitutional, statutory, and rule-based exceptions preventing its admission. *Id.* quoting *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993).

The 5th Circuit Court of Appeals recently evaluated whether evidence pertaining to reclassification of employees from exempt to non-exempt under the Fair Labor Standards Act ("FLSA") is admissible. *Novick v. Shipcom Wireless, Inc.*, 946 F.3d 735 (5th Cir. 2020). In holding that such evidence is admissible, the Court addressed each of the arguments set forth by Chmura in its Motion in Limine. First, the Court held that under Evid.R. 401 the reclassification was relevant to the issue of whether plaintiff's job description fit within the FLSA's administrative exemption. Second, the Court held that evidence was probative, and the trial court had great discretion to determine that the defendant would not be prejudiced under Evid.R. 403. Finally, the

Court held that because defendant was legally required to reclassify its employees, it fell outside of the subsequent remedial measures prohibition set forth in Evid.R. 407.

This Court should reach the same conclusion.

    **a.**    **The information regarding Chmura's recent reclassification of its Senior Account Managers and Account Managers as exempt employees under the FLSA is relevant evidence, and therefore, should not be precluded.**

Under the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In the present case, the reclassification of Chmura's Account Managers from exempt to non-exempt under the FLSA is relevant evidence that should be admitted.

First, the reclassification makes the fact more probable than not that Chmura had knowledge that, while he was employed, Lombardo should have been classified as a non-exempt employee entitled to overtime wages .

Additionally, the reclassification makes more probable the fact that Lombardo does not satisfy the requirements of the FLSA's "highly compensated employee" exemption. "The highly compensated employee exemption applies where (1) an employee makes at least $100,000 annually, including at least $455 per week on a salary basis, and (2) the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee." *Ganci v. MBF Inspection Services, Inc.*, 323 F.R.D. 249, (S.D. Ohio 2017); 29 C.F.R. 541.601(a)(1).

Chmura argues that Lombardo was exempt because he regularly performed the exempt duties or responsibilities of an administrative employee. To qualify as an exempt administrative employee, the employee's primary duty must be "the performance of office or nonmanual work

directly related to the management or general business operations of the employer or the employer's customers" and "include[] the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. 200(a)(2) and (3).

Here, Lombardo did not meet this test because (like all Account Managers and Senior Account Managers) his primary duty as Account Manager and Senior Account Manager was to perform inside sales for Chmura. Furthermore, Lombardo did not meet this test because he did not exercise discretion and independent judgment with respect to matters of significance. At trial, testimony from Lombardo's previous supervisors will show that all Account Managers, whether at the senior level or not, had the exact same job duties. The fact that Chmura *is now reclassifying* Account Managers as non-exempt employees under the FLSA is relevant evidence because it makes more probable the fact that Lombardo did not meet the duties test under the administrative exemption. Therefore, evidence of the reclassification of the Account Managers and Senior Account Managers from exempt to non-exempt should not be precluded from being admitted at trial.

      **b.**      **The relevance of the reclassification of Chmura's Account Managers is not substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.**

Fed. R. Evid. 403 states that "Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury..." Unfair prejudice means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one. *United States v. Lentz*, 58 Fed. Appx. 961, 962, 2003 U.S. App. LEXIS 2062, *1 citing Fed. R. Evid. 403, Advisory Committee's Note. Thus, exclusion is warranted when there is a genuine risk that the emotions of the jury will be excited to

irrational behavior, and this risk is disproportionate to the probative value of the offered evidence. *Id.*

Here, allowing in evidence of the reclassification of Chmura's Account Managers will not create the risk that the emotions of the jury will be excited to irrational behavior, thereby suggesting a decision on an improper basis. It will not confuse or mislead the jury. The purpose of this evidence is simply to show that if Account Managers are non-exempt under the FLSA, then Lombardo should have also been considered non-exempt while employed by Chmura. The reclassification further supports Lombardo's contention that he not exempt under the "highly compensated duties" exemption. Lombardo would be prejudiced if the evidence is excluded. Chmura is not prejudiced by its admission.

   c. **Because Chmura is required to comply with the FLSA, Lombardo should not be barred under Fed. R. Evid. 407 from presenting evidence of Chmura's reclassification of some of its Account Managers.**

Under Fed. R. Evid. 407, when measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction.However, the court may admit such evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures. *Holick v. Cellular Sales of N.Y., LLC*, 2014 U.S. Dist. LEXIS 149360, 2014 WL 11279314; Fed. R. Evid. 407.

Rule 407 is based on a "social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1978 U.S. App. LEXIS 10874, 25 Fed. R. Serv. 2d (Callaghan) 1133, 3 Fed. R. Evid. Serv. (Callaghan) 119, 50 A.L.R. Fed. 914 citing Notes of Advisory Committee on Proposed

Rules, Fed. R. Evid. 407. However, if remedial changes are made because it is required by a superior authority, and not out of a sense of social responsibility, then there is no justification for excluding the evidence. *Id.* at *23 (holding that excluding the Defendant's Trend Cost Estimate would be inappropriate because it was a measure that was already required to be taken by the National Highway Traffic Safety Administration); *see also Novick*, 946 F.3d 735, at 739.

Here, Chmura reclassified its Account Managers because it was obligated to under the FLSA. Chmura did not make these changes out of a sense of social responsibility, but because it was required to by a "superior authority." Therefore, there is no justification for excluding the evidence under Fed. R. Evid. 407.

### III. CONCLUSION

For the reasons more fully stated above, Lombardo respectfully requests that the Court deny the Motion in Limine and allow Lombardo to introduce any evidence, questioning, or arguments concerning the subsequent reclassification of Chmura's Account Managers as nonexempt under the FLSA.

Respectfully submitted,

/s/ Thomas J. Powell
Thomas J. Powell, Esq., VSB #27604
3603-D Chain Bridge Road
Fairfax, VA 22030-3244
Tel: (703) 293-9050 | Fax: (703) 293 9075
Email: tom@tjplaw.com

Christine M. Cooper, Esq. (Ohio Bar #0079160)
Koehler Fitzgerald LLC
1111 Superior Avenue East, Suite 2500
Cleveland, OH 44114
Tel: (219) 539-9376 | Fax: (216) 916-4369 Email: ccooper@koehler.law
*Attorneys for Defendant, Richard Lombardo*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Memorandum in Opposition to Plaintiff's Motion in Limine has been served on this 4th day of June, 2020, via the Court's electronic filing system upon the following:

Rodney A. Satterwhite (VA Bar No. 32907)
Heidi E. Siegmund (VA Bar No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff*

/s/ Thomas J. Powell
Counsel for Richard Lombardo