IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| **CHMURA ECONOMICS &** | ) | Case No. 3:19-cv-813 |
| **ANALYTICS, LLC,** | ) | Judge Robert E. Payne |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **RICHARD LOMBARDO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT RICHARD LOMBARDO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF AND COUNTERCLAIM DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DAMAGES CALCULATIONS BASED ON AN OVERTIME PREMIUM RATE OTHER THAN ONE-HALF THE REGULAR RATE OF PAY**

**I.   PRELIMINARY STATEMENT**

The Parties have filed cross motions for summary judgment, now pending. One of Defendant-Counterclaim Plaintiff Richard Lombardo's ("Lombardo") dispositive motions seeks an Order pursuant to the Ohio Minimum Fair Wage Standards Act (Ohio Wage Act) and the FLSA ruling as a matter of law that his former employer Plaintiff-Counterclaim Defendant Chmura Economics & Analytics, LLC ("Chmura") knowingly violated both laws by intentionally misclassifying him as an exempt employee and failing to pay him any overtime, let alone the significant number that he regularly worked over Chmura's standard 40 hour workweek for more than four years. Chmura hired Lombardo in early 2015 as an inside salesperson and paid an annual salary plus commission on his sales.  Between February 2015 and October 2019, Lombardo increased Chmura's customer base by 47% (Deposition of Christine Chmura, at 109-111, Ex. X

Case 3:19-cv-00813-REP   Document 61   Filed 06/04/20   Page 2 of 19 PageID# 3169

[Doc. #51(3)]). In 2019, after learning that he was improperly classified as exempt and should have been classified as nonexempt under both Ohio and federal wage and hour laws, Lombardo complained to Chmura management. Soon after he complained Lombardo was fired. Should Lombardo prevail on his misclassification claim either on summary judgment or at trial both parties agree that there will be a damages phase at trial to calculate Lombardo's backpay for uncompensated overtime.

In its Motion *in Limine* to Exclude Evidence and Argument Regarding Damages Calculations Based on Overtime Premium Rate Other Than One-Half The Regular Rate of Pay (the "Motion in Limine"), Chmura argues that should this Court rule that Lombardo was improperly classified as exempt and is owed overtime back pay that he should be precluded by a preemptive order from proving his damages claim in any way, whether through argument or evidence, that does not conform with Chmura's theory on damages. Chmura proposes that Lombardo be barred from arguing or presenting any evidence at trial proving that he is entitled to be compensated for unpaid overtime at the standard rate of time and a half of his regular rate of pay multiplied by the number of overtime hours. Instead Chmura would have this Court adopt the now discredited minority view that the FLSA's fluctuating workweek's half-time of his regular rate of pay should be the measure of his damages.

In its brief in support of the Motion in Limine Chmura argues for an impermissible retroactive application of the Department of Labor's fluctuating workweek ("FWW") rule, 29 CFR Sec.778.114. That rule is not intended to be adopted as a remedial measure. Rather, the plain text of the FWW rule is intended to compensate non-exempt employees on a half time basis for overtime only when the employer and employee have reached a "clear mutual understanding" at the inception of the employment relationship that the FWW method would be the basis of

compensation. Yet Chmura proposes the retroactive application of this half time rule as the only admissible formula to assess damages in misclassification cases such as Lombardo's. It appears that Chmura alternatively relies on the Supreme Court case known as the *Missel* decision that predated the FLSA FWW rule. Both legal arguments have been flatly rejected by Ohio federal district courts. In addition, Chmura relies on an outdated Department of Labor Opinion Letter that has been rendered anachronistic and irrelevant by subsequent FLSA rule amendments and official interpretations and explanations by the DOL.

As the following legal arguments will show, Chmura's Motion in Limine appears to be an attempt to back door a motion for summary judgment without satisfying Rule 56's requirements, as it seeks a wholesale issue preclusion in the guise of a time saving evidentiary ruling. Furthermore, on the merits of the FWW half time argument, Chmura is wrong.

**II.  SUMMARY OF ARGUMENT**

    A.    A motion in limine is not a substitute for summary judgment. Nor is it the proper device for the wholesale disposition of theories or defenses, which Chmura attempts here. This Court's discretion is best exercised reluctantly when mixed issues of fact and law are at the heart of the overtime calculation dispute in the damages phase of this case. The application of the FWW rule to a misclassification case is an issue of law that must be decided at trial.

    B.    The substantive issue of law presented in Chmura's Motion in Limine – whether it is permissible for a court to retroactively apply the FFW calculation of overtime as a formula for assessing backpay in misclassification cases– arises from Lombardo's Ohio Wage Act and FLSA claims. As such decisions from the Ohio federal district courts and its sister courts in the Sixth Circuit must control the outcome. This is

        especially important when the law of the Fourth Circuit is at odds with Ohio law on this issue.

C.     Ohio federal district courts have expressly rejected the retroactive application of the FWW method of calculating unpaid overtime damages in misclassification cases under the Ohio Wage Act and the FLSA.

D.     The 2009 U.S. Department of Labor Opinion Letter permitting the FWW method of calculating damages in misclassification cases has been rendered irrelevant by DOL's subsequent reversal in 2011, and confirmed again in its latest interpretations and comments in 2020 when the DOL specifically declined to adopt the FWW in misclassification cases in its recent Final Rule changes to the FWW.

E.     Chmura's alternative suggestion that Sec. 778.118 is a way of calculating overtime damages at the one-half time rate in a misclassification case is an impermissible and illogical interpretation of that regulation. That section is not a fluctuating workweek rule, is not a remedial regulation, does not apply to a fixed weekly salary compensation arrangement and has no support in relevant case law.

### III.    ARGUMENT

**A.    Chmura's Motion in Limine is an improper vehicle to argue issue and claim preclusion. Lombardo should be entitled to argue and introduce evidence supporting his overtime backpay damages at trial, using the standard time and a half regular rate formula.**

Lombardo agrees that a motion in limine, although not specifically authorized by the Federal Rules of Civil Procedure or Evidence, has historically been recognized as falling within an inherent authority of the district court to manage the conduct of trials. *Luce v. United States,* 469 U.S. 38, 41, n.4, 105 S. Ct. 460, 83 L.Ed.2d 443 (1983). The purpose of motions in limine is to permit the court to decide certain evidentiary issues before trial to avoid delay and ensure "an

evenhanded and expeditious trial." *Lemmon v. Ayres,* Case No. 3:09-CV-361, 2013 U.S. Dist. LEXIS 118766, at *2 (S.D. Ohio Aug. 21, 2012) citing *Indiana Insurance Co. v. General Electric Co.,* 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). However, a court will not generally grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible. *Id.* at 846. If this showing is not made, the evidentiary ruling should be deferred and resolved at trial. *Id.*

*Lemmon* concerned a FLSA and Ohio Wage Law claim for unpaid overtime. The defendant employer filed a motion in limine to exclude plaintiff's anticipated evidence of unpaid wages for any period prior to the two-year statute of limitations (the FLSA allows damages for a three-year look back period if the plaintiff can prove a willful violation, 29 U.S.C. Sec. 255(a)). Plaintiff opposed, arguing that there may be evidence at trial of a willful violation. The court denied the motion in limine since the defendant failed to show that the evidence was clearly inadmissible. *Lemmon*, 2013 U.S. Dist. LEXIS 118766, at *4.

In this case the parties dispute which **multiplier** is appropriate in calculating unpaid overtime. Chmura argues half time (.5 times the regular rate for all overtime hours); Lombardo argues the standard time and a half (1.5) is the correct multiplier. This is a critical disputed issue of law that has not been briefed and argued in the parties' dispositive motions.[1] It remains a central question at the damages phase of trial should Lombardo prevail on his misclassification claim and is typically resolved on summary judgment or at the conclusion of a bench trial. *Arrington v. Michigan Bell Tel. Co.,* Case No. 10-10975, 2012 U.S. Dist. LEXIS 149544, *6 (E.D. Mich. Oct. 15, 2012). *Arrington* was a FLSA overtime case brought by employees claiming, as Lombardo

---

[1] See, Ohio district court cases discussed *infra* where courts granted partial summary judgment on the inapplicability of using the FWW .5 multiplier retroactively in misclassification cases, ruling that 1.5 was appropriate multiplier as a matter of law while reserving for trial the issue of the appropriate regular rate of pay.

5

does here, the employer misclassified them as exempt. The defendant employer moved in limine for an order to exclude evidence and argument regarding a damages calculation based on any overtime multiplier rate other than at half-time of plaintiffs' regular rate of pay. This is precisely the argument Chmura makes in this Motion in Limine. The district court denied the motion stating that a motion in limine was not an appropriate vehicle to exclude evidence relating to the appropriate method of calculating damages in a misclassification case because "normally motions in limine are not proper devices for the wholesale disposition of theories or defenses." *Id* at *6. The court noted that the defendant's motion was filed after the dispositive motion deadline, yet it did not raise this issue in the summary judgment motion it filed. This is precisely what happened here. A motion in limine is not a substitute for or second chance at a dispositive motion.

Chmura has not argued -nor can it -that Lombardo's evidence and argument that time and a half is the appropriate multiplier in calculating unpaid overtime is "clearly inadmissible" under *Lemmon* if Chmura misclassified him. Both parties are entitled to argue their respective legal arguments at trial. If this trial is to be evenhanded, as the *Arrington* court emphasized, Lombardo must be allowed to present evidence and argument in support of his damages calculations.

For all of these reasons, Chmura's Motion in Limine should be denied.

### B. Lombardo's Ohio Wage Act and FLSA overtime claims must be decided according to Ohio federal court interpretation of those statutes.

Lombardo's claims for unpaid overtime based on his misclassification as an exempt employee are predicated on both the Ohio Wage Act, O.R.C. Sec. 4111.01 et seq and the FLSA, 29 U.S.C. Sec. 201 et seq. The Ohio statute states: "An employer shall pay an employee for overtime at a wage rate…, in the manner and methods provided in…Section 7 and 13 of the Fair Labor Standards Act of 1938…as amended." Therefore, because the Ohio Wage Act and the FLSA have the same overtime requirements, **the outcomes will be the same** and the claims can

be evaluated together. *Hurt v. Commerce Energy, Inc.,* Case No. 1:12-CV-758, 2018 U.S. Dist. LEXIS 13942, *5, n.13 citing *Craig v. Bridges Bros. Trucking LLC,* 823 F.3d 382, 385, n.1 (6th Cir. 2016); see also, *McCrimmon v. Inner City Nursing Home, Inc.,* No. 1:10 CV 392, 2011 U.S. Dist. LEXIS 113302, at *4 (N.D. Ohio Sept. 30, 2011) and *Heard v. Nielson,* No. 1:16-CV-1002, 2017 U.S. LEXIS 85057, at *2 (S.D. Ohio June 2, 2017). Chmura agrees and also cites *Heard* (bf. in support of mot. in lim. p.2, n.1). Having conceded that the outcomes of an Ohio Wage Act claim must be the same under a FLSA analysis Chmura pivots to non-Ohio cases, ignores Ohio federal court decisions entirely and instead relies on Fourth Circuit (and non-Sixth Circuit) cases that do not concern the Ohio statute and case law and interpret the FLSA rules at issue here in a manner totally inconsistent with Ohio federal court decisions. In fact, Ohio federal courts have expressly rejected all of the arguments and authorities cited in Chmura's brief (discussed infra). Applying non-Ohio federal court cases here would result in vastly different outcomes. Ohio federal court decisions must be applied.

Having failed to support its Motion in Limine with any relevant Ohio federal court authority in its FLSA analysis, its motion must be denied.

    **C.**     **Ohio federal courts and district courts in the Sixth Circuit have expressly rejected the retroactive application of the fluctuating workweek method of calculating overtime damages in misclassification cases.**

The Sixth Circuit has not addressed the validity of applying the FWW method (the .5 multiplier of the regular rate of pay) in calculating backpay damages in a misclassification case. *Snodgrass v. Bob Evans Farms, LLC,* Case No. 2:12-CV-768, 2015 U.S. Dist. LEXIS 33621, *19 (S.D. Ohio Mar. 18, 2015). However, several Ohio district courts have addressed this issue and soundly rejected not only the use of the FWW method of calculating overtime but also the reasoning and authorities cited in Chmura's brief, whether premised on the FWW rule, 29 CFR

7

Sec. 778.114 or the Supreme Court's opinion *Overnight Motor Transport. Co. v. Missel,* 316 U.S. 572, 62 S. Ct. 1216, 86 L.Ed. 1682 (1942). *Missel* held that a non-exempt employee and an employer could legally agree, in certain circumstances, to a compensation arrangement where the employee would be paid a weekly flat rate as straight time for fluctuating hours without violating the FLSA so long as that arrangement satisfied the minimum wage. That principle was codified (with additional language) in FLSA's FWW, 29 CFR Sec. 778.114. In its brief Chmura appears to argue both *Missel* and Sec. 778.114 should apply here to justify a half-time multiplier of Lombardo's regular rate of pay for all his overtime hours.

Chmura's legal argument relies primarily on a Fourth Circuit case, *Desmond v. PNGI Charleston Gaming LLC,* 630 F.3d 351, 356-57 (4th Cir. 2011) relying on *Missel,* holding that unpaid overtime in misclassification cases is calculated at the half- time regular rate of pay for all overtime hours in each workweek rather than the standard time and a half regular rate. Apart from the inapplicability of Fourth Circuit cases to this Ohio Wage Act and FLSA case, the facts in *Missel* and all of the string cites Chmura's brief pulled from *Desmond* are distinguishable. First, *Missel* was not a misclassification case. Additionally, the *Desmond* court conceded that the half-time calculation was only available when the employee and employer had a *mutual understanding* that the fixed weekly salary was intended to compensate the employee for all hours worked in a workweek and constituted straight time for that week. *Desmond*, 630 F. 3d 351, at 354 (emphasis added).

In this case, there is an irreconcilable dispute concerning this precise mixed factual and legal issue. Chmura argues that the mere acceptance of a weekly salary satisfies the mutual understanding requirement for a FWW compensation agreement. Lombardo asserts that Chmura misled him and other inside salespersons into thinking that they were exempt employees when in

fact they were misclassified. Lombardo's demands for overtime while still employed by Chmura further negates the existence of fully informed agreement. The issue of a "clear mutual understanding," which is the keystone of a FWW agreement between the parties cannot be resolved in a motion in limine. *Arrington,* supra. Nor can evidence from either party be deemed clearly inadmissible as required by *Lemmon v. Ayres*, supra, to justify a motion in limine.

Not only is the *Desmond* case (and its internal citations cited in Chmura's brief) not controlling, it is factually distinguishable, inapposite and ultimately unhelpful. This Court need only look to the decisions of the Ohio district courts that have specifically interpreted the Ohio Wage Act and FLSA in the context of the overtime claims Lombardo asserts here to resolve the issue of the proper calculation of overtime in misclassification cases.

In *Wilson v. Prime Source Healthcare of Ohio,* Case No. 1:16-CV 1298, 2017 U.S. Dist. LEXIS 103548 (N.D. Ohio 2017) salaried nursing home workers classified by their employer as exempt moved for summary judgment in a misclassification case pursuant to the Ohio Wage Act and FLSA. Plaintiffs sought a ruling that the employer owed them one and a half times their regular rate as overtime backpay damages. Defendant argued that the half-time calculation was the correct multiplier. The Ohio district court ruled that the time and a half multiplier of their regular rate was the appropriate calculation and rejected defendant's argument that the FWW rule could be retroactively adopted in a misclassification case. *Id* at *25.

The Ohio district court explained its reasoning for rejecting both of the defendant's alternative FWW arguments – one based on the FLSA, Sec. 778.114 and the alternative theory based on *Missel.* First, the court explained that the half-time rate in the FWW rule Sec. 778.114 only applies when a non-exempt employee and the employer had a "clear mutual understanding" at the outset of the employment relationship that the employee's fixed weekly salary would

9

compensate for all hours worked in the workweek whatever the number. Assuming this agreement was reached, the salary would count as straight time and any overtime would then be calculated by the half-time multiplier because the salary already covered all straight time hours. The district court in *Wilson* ruled that the employer could not satisfy the Sec. 778.114 "clear mutual understanding" requirement because logically if the parties believe that the employee is exempt from overtime payments they cannot simultaneously agree on an overtime payment structure meant for non-exempt workers. Quoting with approval the same conclusion reached by the Ohio district court in *Snodgrass*, the court said, "In a misclassification case there is never a clear mutual understanding." 2015 U.S. Dist. LEXIS 33621 at *9

The *Wilson* court also rejected the employer's argument that the Supreme Court's *Missel* decision requires courts to apply the FWW rule and its half time calculation to misclassification cases when the employer and employee have agreed that employee will be paid a fixed weekly paycheck holding that *Missel* does not provide authority to retroactively apply the half-time method to misclassification cases (see also, citations of sister courts in agreement at *28, n.161 omitted). *Missel* was not a misclassification case; the employee was non-exempt. *Missel*'s rationale that the parties can agree that a fixed weekly salary will cover all straight time no matter how many hours are worked cannot be applied to a misclassification case because misclassified employees have no idea that they are supposed to be non-exempt. *Wilson,* 2017 U.S. Dist. LEXIS 103548.

Additionally, the *Wilson* court explained that applying *Missel* to a misclassification case undermines FLSA's broad remedial intent: "To assess[retroactive] damages using the fluctuating workweek method provides a perverse incentive to employers to misclassify workers as exempt, and a windfall in damages to an employer who has been found liable for misclassifying employees

10

under the FLSA." *Id.* at *29 (quoting *Perkins v. S. New England Tel. Co.*, 2011 U.S. Dist. LEXIS 109882, at*4, n.5 (D. Conn. Sept. 27, 2011).

The *Wilson* court explained the perversity of applying the FWW to a misclassification overtime calculation by inferring consent from an employee's conduct in accepting a fixed weekly paycheck is illustrated by the fact that the employee's conduct will always, by definition, have been based on the false assumption that he was not entitled to overtime. The job will have been presented as a salaried position. If employees raised the overtime issue they would have been told they were not entitled regardless of the hours worked. That is the very nature of a salaried exempt position. "When it turns out that the employer is wrong, and it is learned that the FLSA required the employer to pay the employee an overtime premium, the notion that the employee's conduct before he knew this is evidence that the employee somehow consented to a calculation method for the overtime pay that no one knew was due is perverse. If the FWW requires consent in some fashion, the employee's actions before he knew he was entitled to overtime cannot logically be the basis of consent." *Id.* at *28-29 (quoting *Ransom v. Patel Enterprises, Inc.,* 825 F. Supp. 3d 799, 809, n.11 (W.D. Tex. 2011)). Having ruled that the plaintiffs were entitled to backpay overtime using a time and a half multiplier of their regular rate, the next inquiry was how to determine the regular rate. Pursuant to Sec. 778.308 of the FLSA the regular rate is found by dividing the total compensation in a given workweek by the number of hours the salary was intended to compensate. As there was a dispute on that factual issue, the court left the regular rate for the jury to decide.

Similarly, in *Snodgrass*, *supra*, the assistant manager plaintiffs were misclassified as salaried exempt employees. They sued under the Ohio Wage Act and the FLSA for unpaid overtime. The defendant employer argued as did the defendant in *Wilson* and Chmura here that because the employees knew they were never getting paid overtime and their salary covered all

11

hours worked they impliedly agreed to this FWW arrangement. The parties disagreed as to the appropriate method of calculating overtime pay due to the misclassification. The defendant argued for the FWW half-time regular rate was appropriate relying on *Missel*. Plaintiffs argued that their backpay overtime must calculated at the normal one and a half times the employee's regular rate. Cross motions for summary judgment were filed on the multiplier issue. The court granted summary judgment in plaintiffs' favor at time and a half the regular rate, first observing that the half- time calculation in *Missel* does not differ from the FLSA's Sec. 778.114 in application. Both *Missel* and Sec. 778.114 are silent on the application the FWW in a misclassification case. *Snodgrass,* at *18. Although the Sixth Circuit has not addressed the retroactive application of the FWW method of calculating overtime in a misclassification case, the *Snodgrass* court agreed with prior precedent in Ohio federal court decisions and other district courts in the Sixth Circuit that have rejected the half-time regular rate in misclassification cases, citing *Cook v. Carastar Inc.,* No. 22:11-CV-00691, 2013 U.S. Dist. LEXIS 131956, *11 (S.D. Ohio Sept. 6, 2013) (citing several other district court cases from the Sixth Circuit).The *Snodgrass* court went on to explain that in addition to Ohio district courts in the Sixth Circuit "the district courts throughout the country agree with Ohio district courts that have declined to retroactively apply the FWW half- time method to classification cases." *Snodgrass*, 2015 U.S. Dist. LEXIS 33621, at *20-23 (including the federal district courts in Alaska, California, Connecticut, Arizona, Texas, Washington, Georgia and D.C.) Further, although some circuits have applied Sec. 778.114 in misclassification cases, these decisions were not persuasive because they lack analysis regarding the difference between applying the FWW method prospectively as contemplated by the exact language of the rule where both parties have agreed at the inception of employment on a compensation method for overtime and retroactively when the employer has made a unilateral and incorrect decision that an employee

12

is exempt from paying overtime at all. *Id.* at *21-22. The court concluded that the requirements of Sec. 778.114 can never be met in a misclassification case because the FWW requires an employer to make contemporaneous overtime payments. In misclassification cases no overtime payments are ever made. In addition, Sec. 778.114 places the burden on the employer to demonstrate a "clear mutual understanding" that the fixed salary was intended to cover all hours worked in a workweek. Therefore, in a misclassification case there can never be a clear mutual understanding. *Id.* at *26-27.

For all of these these reasons Chmura's Motion in Limine should be denied.

**D.     The 2009 Department of Labor Opinion Letter cited by Chmura supporting retroactive application of the FWW method of Sec. 778.114 to calculate overtime damages in a misclassification case has been disavowed by subsequent DOL action rendering it anachronistic and irrelevant.**

Chmura also relies on a January 2009 DOL Opinion Letter that approved using the half time FWW overtime premium calculation in misclassification cases. As the *Snodgrass* court explained, that Opinion Letter was written during the public comment period following a 2008 DOL Notice of Proposed Rulemaking. In that Notice the DOL proposed to omit from the Sec.778.114 FWW rule the terms "apart from overtime premiums" from the sentence relating to the "clear mutual understanding" required for the FWW method to apply. The DOL also proposed permitting an employer to pay in addition to the fixed salary requirement of the FWW rule extra compensation such as bonuses and premiums without invalidating the FWW method. While that 2009 DOL Opinion Letter took an expansive view of the FWW and endorsed several of the cases cited in Chmura's brief, two years after that Opinion Letter was written, on April 11, 2011, the DOL backtracked from its proposed expansion of the FWW rule and in its Final Rule stated that it did not believe that it would be appropriate to expand the use of the FWW method of computing overtime "beyond the scope of the current legislation." *See*, Department of Labor Rules &

13

Regulations, 76 F.R. 18832-01-18850. *Snodgrass* concluded that in light of the circumstances under which the Opinion Letter was written and the fact that the DOL has since reversed its position, "this Court does not find the DOL Opinion Letter persuasive." *Snodgrass*, 2015 U.S. Dist. LEXIS 33621, at *31.

It should be noted that the *Desmond* case that Chmura relies on heavily for its half time overtime calculation of backpay relied on this 2009 DOL Letter Opinion. The *Desmond* case was filed on January 12, 2011. The DOL reversed itself three months later on April 11, 2011. Neither the *Desmond* case, its cited authorities nor the 2009 DOL Opinion Letter are relevant or persuasive.

On May 21, 2020 the DOL added more support for Lombardo's position - and that of numerous federal district courts including Ohio - that the current FWW rule was not intended to be expanded beyond its literal text which says nothing about using the FWW rule to retroactively calculate overtime in misclassification cases. The DOL published a Final Rule change to the FWW, Sec. 778.114 (effective July 20, 2020).[2] It added new provisions to the FWW but in the DOL's lengthy interpretive guidance made it abundantly clear that neither the new rule's expanded text nor the current Sec. 778.114 text are to be read to permit use of the FWW half time calculations as a method of measuring backpay overtime damages in misclassification cases. The new FWW rule for the first time will permit an employer to pay non-exempt employees additional compensation of any kind (bonuses, commissions, etc.) in addition to a fixed weekly salary and still be permitted to enter into an compensation agreement with non-exempt employees to use the FWW method of calculating overtime compensation at the one-half rate for all hours over 40 in a workweek. The 2020 amendments to the FWW rule retained all other requirements of the current Sec. 778.114 including the requirement of a "clear mutual understanding" between the non-exempt

---

[2] The Final Rule change to the FWW, Sec. 778.114 (effective July 20, 2020) (the "Final Rule") has not been published in the Federal Register yet. Accordingly, a copy is attached hereto as Exhibit 1.

employee and the employer about the way overtime would be calculated. In reviewing the history of Sec. 778.114 the DOL conceded its action in 2011 was an about face from its prior position that was a more expansive application of Sec. 778.114. The purpose of this new FWW rule amendment is to change its prior position that paying a non-exempt employee additional compensation plus a fixed weekly salary was not compatible with the FWW method of calculating overtime for non-exempt workers. Put simply, the DOL clarified that until July 20, 2020 the FWW method of paying overtime to a non-exempt employee is not available to a worker who is paid a fixed weekly salary plus additional compensation such as a commission. That means the FWW method of calculating overtime would not have been available to Chmura even if it had correctly classified Lombardo as non-exempt at the inception of his employment because he was paid a fixed weekly salary plus commissions. *A fortiori,* it should not be available now, after the fact by proxy.

A lengthy DOL executive summary and comment accompanying the May 2020 Final Rule adds further support for Lombardo's opposition to Chmura's motion. The Department said that it had received several public comments urging the DOL to include additional language in its Final FWW rule permitting the use of the Sec. 778.114 half time overtime method to calculate backpay overtime in misclassification cases. The DOL expressly declined to expand Sec.778.114 to permit the FWW to be used for that purpose. The Department explained that it agreed with existing case law that held the current iteration of Sec.778.114 on its face was not a remedial measure. According to the DOL, the FWW rule is forward-looking, a method of agreeing to a prospective payroll practice and says noting about how a court should calculate damages in a misclassification case where an employer has breached its obligations to pay overtime in the first instance. Having considered and ultimately rejecting the suggestions to expand the rule for misclassification cases the DOL announced, "Accordingly, the Department declines to opine in its Final Rule on the

permissibility of using the fluctuating workweek method to retroactively calculate back wages in failed exemption cases…the NPRM [Notice of Proposed Rule] did not specifically address back wage computation in misclassification cases and the Department declines to do so in the final rule." Final Rule at p. 60.

In sum, there is no support from the DOL in its clarification of the current FWW rule or the limits of the new expanded FWW rule that permits the retroactive application of the FWW method of calculating overtime damages in a misclassification case.

For all of these reasons, Chmura's Motion in Limine should be denied.

### E. Sec. 778.118 is not available as an alternative half time overtime calculation in a misclassification case of a salaried employee.

Chmura argues in the alternative that Sec. 778.118 entitled "Commission paid on a workweek basis" is yet another possible way to apply the half time regular rate calculation retroactively to this misclassification case. This section on its face does not apply to a fluctuating workweek arrangement nor does it apply to a fixed weekly salary arrangement. Further, there is nothing in the text of this section that allows it to be used as a damages calculation. On the contrary, like Sec. 778.1114 it describes a way of calculating overtime on a forward -looking basis for non-exempt employees.

No such implied rule exists. A recent federal district court in Ohio rejected this novel theory. In *Hurt v. Commerce Energy Inc.* Case No. 1:12-CV-758, 2018 U.S. Dist. LEXIS 13942 (N.D. Ohio Jan. 29, 2019) the plaintiffs were hired to sell defendants' services door to door and were paid on a commission basis. Defendant improperly classified them as independent contractors. They brought a class and collective action for unpaid minimum wages and overtime under the Ohio Wage Act and the FLSA. After finding that they should have been classified as non-exempt employees the court turned to the question of how to calculate damages. The district

court first acknowledged that in cases of *misclassification of salaried exempt* employees the proper method of calculating damages is time and a half of the regular rate of pay, not half time under the FWW, citing *Snodgrass*, supra. The court explained in *Hurt*, that unlike *Snodgrass* the plaintiffs were not paid a fixed weekly salary and further, Sec.778.118 says nothing about a "clear mutual understanding," an indispensable element of a FWW arrangement. As for the policy consideration in disallowing the retroactive application of the FWW method of calculating backpay overtime for misclassifying non-exempt salaried employees as exempt the court explained:

> The driving concern in banning retroactive use of the one-half rate in misclassification cases intended to avoid incentivizing employers to misclassify their salaried employees as exempt from overtime pay at the outset to avoid Sec.778.114's requirement of negotiating overtime pay rates with their salaried employees. **After all, if the minimum one-half rate was always retroactively applied, employers might end up paying much less in overtime through misclassification than had they rightfully classified their salaried employees and negotiated at the outset with their salaried employees to obtain a "clear mutual understanding."**

*Id.* at *7-8 (emphasis supplied)

Chmura seems to be crafting a new hybrid version of the FLSA regulations by engrafting part of Sec. 778.118 onto Sec. 778.114 arguing on the one hand that its inside salespeople such as Lombardo were compensated at a fixed weekly salary on a fluctuating workweek basis and on the other hand they were primarily commissioned salespeople. There is no case law, regulatory guidance or logic to support Chmura's novel argument that Sec.778.118 supports the retroactive application of a half-time calculation of overtime to a misclassified salaried employee working a fluctuating workweek.

### III. CONCLUSION

For all of the foregoing reasons Defendant Counterclaim-Plaintiff Lombardo respectfully requests that this Court deny Plaintiff Counterclaim-Defendant Chmura's Motion in Limine and allow Lombardo to present argument and evidence at trial supporting his calculation of damages at the overtime rate of one and one half times his regular rate of pay in accordance with pertinent Ohio federal precedent and the pertinent FLSA regulations.

Respectfully submitted,

/s/ Thomas J. Powell
Thomas J. Powell, Esq., VSB #27604
3603-D Chain Bridge Road
Fairfax, VA 22030-3244
Tel: (703) 293-9050 | Fax: (703) 293 9075
Email: tom@tjplaw.com

Christine M. Cooper, Esq. (Ohio Bar #0079160)
Koehler Fitzgerald LLC
1111 Superior Avenue East, Suite 2500
Cleveland, OH 44114
Tel: (219) 539-9376 | Fax: (216) 916-4369  Email: ccooper@koehler.law
*Attorneys for Defendant, Richard Lombardo*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Memorandum in Opposition to Motion in Limine has been served on this 4th day of June, 2020, via the Court's electronic filing system upon the following:

Rodney A. Satterwhite (VA Bar No. 32907)
Heidi E. Siegmund (VA Bar No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff*

/s/ Thomas J. Powell
Counsel for Richard Lombardo