**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** ) ) ) | |
| Plaintiff/Counterclaim Defendant, ) ) ) | Case No. 3:19-cv-813-REP |
| v. ) ) | |
| **RICHARD LOMBARDO,** ) ) | |
| Defendant/Counterclaim Plaintiff. ) ) | |

**PLAINTIFF AND COUNTERCLAIM DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DAMAGES CALCULATIONS BASED ON AN OVERTIME PREMIUM RATE OTHER THAN ONE-HALF THE REGULAR RATE OF PAY**

**I.     INTRODUCTION**

Richard Lombardo's Response Brief (ECF No. 61) is long in style but empty in substance. Rather than address Chmura's straightforward argument that Fourth Circuit precedent dictates the calculation of Lombardo's alleged overtime damages, Lombardo engages in a pattern of avoidance. He claims that (1) a motion *in limine* is not the proper avenue to exclude his damages model; (2) Fourth Circuit precedent does not apply in the Eastern District of Virginia; (3) a Department of Labor letter on which Chmura does not rely is irrelevant; and (4) this Court should ignore federal regulations that explicitly explain how to calculate overtime compensation on commissions. Each of Lombardo's arguments is meritless.

In *Desmond v. PNGI Charles Town Gaming, LLC*, 630 F.3d 351 (4th Cir. 2011), the Fourth Circuit unequivocally held that where, as here, an employee agrees to a fixed, weekly salary for

all hours worked, the employee's overtime compensation is calculated using a one-half premium. *Id.* at 357. Similarly, 29 C.F.R. §§ 778.118 and 778.119 unequivocally provide that overtime compensation on commission payments must be calculated using a one-half premium. Fourth Circuit precedent is binding and applicable federal regulations receive significant deference. As such, the one-half premium method is the only appropriate method for calculating Lombardo's overtime damages. The Court should preclude Lombardo from introducing any evidence or argument to the contrary.

## II.  ARGUMENT

### A. Chmura's Motion in Limine is the appropriate procedural avenue for challenging Lombardo's erroneous damages model.

Unable to respond directly to Chmura's substantive legal arguments, Lombardo first attacks Chmura's motion on procedural grounds. Contrary to Lombardo's assertion, a plaintiff's damages model and calculations are subject to exclusion through a motion in *limine* before trial. *Rolls-Royce PLC v. United Techs. Corp.*, 2011 U.S. Dist. LEXIS 48984, at *6 (E.D. Va. May 4, 2011) (excluding aspects of the plaintiff's damages calculation on a pre-trial motion in *limine* because "Fed. R. Evid. 103(c) allows a court 'to the extent practicable … to prevent inadmissible evidence from being suggested to the jury by any means[.]'"). Indeed, as courts have recognized, "the proper method for calculating [overtime] damages is clearly a fit subject for a motion in *limine*[.]" *Javansaheli v. BF & Assocs.*, 2012 U.S. Dist. LEXIS 61549, at *24 (D. Or. May 2, 2012) (holding that the one-half premium applied to the plaintiff's misclassification damages); *Depalma v. The Scotts Co., LLC*, 2019 U.S. Dist. LEXIS 97036, at *28-30 (D.N.J. June 10, 2019) (same).

As discussed below and in Chmura's opening brief (ECF No. 45), Lombardo's overtime damages, if any, must be calculated using a one-half premium. Any other calculation is contrary

to applicable law. Therefore, the Court should exercise its power "to prevent inadmissible evidence from being suggested to the jury" by granting Chmura's Motion *in Limine*. *Rolls-Royce*, 2011 U.S. Dist. LEXIS 48984, at * 6; *see also* Response Brief at 5 (acknowledging that a court may grant a motion *in limine* where the moving party shows that the evidence at issue is clearly inadmissible).

>    **B.   This Court must determine Lombardo's overtime damages, if any, in accordance with Fourth Circuit precedent.**

In tacit acknowledgement that Fourth Circuit precedent is fatal to his damages calculations, Lombardo argues that his overtime claims must be decided according to Ohio federal district court decisions.[1] His argument is wrong for one simple reason: he brought his permissive counterclaim in this Court and not in Ohio. And, "[t]his Court is bound to apply existing Fourth Circuit precedent to the cases before it." *United States v. Jordan*, 357 F. Supp. 2d 889, 910 (E.D. Va. 2005); *see also U.S. ex rel. Willoughby v. Collegiate Funding Servs.*, 2011 U.S. Dist. LEXIS 3055, at *20 (E.D. Va. Jan. 12, 2011) ("Under the majority view, Relators' claims would no doubt be barred by Section 3730(e)(4)(A). Nevertheless this Court is bound to apply Fourth Circuit precedent"). Fourth Circuit precedent is clear: in an FLSA misclassification case, the district court "need only award 50% of the regular rate to provide employees their 'unpaid overtime compensation.'" *Desmond*, 630 F.3d at 356.

Lombardo's assertion of a parallel Ohio Wage Act misclassification claim does not alter this black-letter principle. Lombardo's Ohio Wage Act and FLSA claims are subject to the same requirements, and thus necessarily the same outcome. Response Brief (ECF No. 61) at 6-7. Because Lombardo brought his claims in this Court, those requirements and outcome necessarily

---

[1] It is no surprise that Lombardo is pressing the Court to disregard this Circuit's controlling authority—Lombardo's calculation method more than triples his alleged overtime damages.

3

turn on Fourth Circuit precedent. *Jordan*, 357 F. Supp. 2d 889. Notably, the Ohio Wage Act does not preclude the application of the half-time premium to calculated overtime damages. To the contrary, because the Ohio Wage Act's requirements are the same as the FLSA's, Ohio courts have approved this method in parallel FLSA and Ohio Wage Act claims when warranted under applicable federal FLSA law. *E.g., Mitchell v. Abercrombie & Fitch Co.*, 428 F. Supp. 2d 725, 738-39 (S.D. Ohio 2006), aff'd, 225 Fed. Appx. 362 (6th Cir. 2007) (granting the employer's motion for summary judgment that the one-half premium rate should apply to Plaintiff's overtime claims under both the FLSA and the Ohio Wage Act); *Hurt v. Commerce Energy Inc.*, 2018 U.S. Dist. LEXIS 13942, at *5-6 (N.D. Ohio Jan. 29, 2018) (holding that the one-half premium rate should apply in calculating overtime compensation attributable to the plaintiffs' commission under both the FLSA and the Ohio Wage Act). Accordingly, the Court should ignore Lombardo's five-page discussion of inapplicable Ohio federal court cases (Response Brief at 7-13) and, as it must, decide this case based on Fourth Circuit precedent.

**C.     Chmura's argument does not rely on a 2009 Department of Labor Letter.**

In addition to inapplicable Ohio federal court cases, Lombardo spends three pages arguing that a 2009 Department of Labor Letter (the "Letter") on which Chmura purportedly relies "has been disavowed by subsequent DOL action rendering it anachronistic and irrelevant." Response Brief at 13-16. This is yet another red herring intended to distract the Court from applying Fourth Circuit precedent. Lombardo's argument also is wrong on the substance.

First, Chmura does not rely on the Letter. Instead, it relies on the Fourth Circuit precedent established in *Desmond*. *Desmond* is controlling and requires that damages for unpaid overtime compensation in a misclassification case be calculated by multiplying one-half of an employee's regular rate of pay by the number of unpaid overtime hours. *Desmond*, 630 F.3d at 356-57.

Moreover, contrary to Lombardo's assertion (Response Brief at 14), *Desmond* itself does not rely on the Letter for its reasoning or conclusion. *Desmond* holds that the half-time premium method is appropriate under "the teaching of *Overnight Motor* [*Transporation Co. v. Missel*, 316 U.S. 572 (1942)]" and "[t]he traditional principles of compensatory damages." *Id.* at 357. It cites the Letter merely in discussing the myriad authority approving the half-time premium method in calculating damages in misclassification cases. *Desmond*, 630 F.3d at 354-356 ("In analyzing how to calculate unpaid overtime compensation under 29 U.S.C. § 216(b) in this mistaken exemption classification case, we note that … [t]he First, Fifth, Seventh, and Tenth Circuits all have determined that a 50% overtime premium was appropriate in calculating unpaid overtime compensation under 29 U.S.C. § 216(b) …. In addition to these decisions from our sister circuits, the Department of Labor also has approved using a 50% overtime premium to calculate unpaid overtime in a mistaken exemption classification case"). For this reason also, Lombardo's discussion of the Letter is nothing more than a distraction.

Finally, the Department of Labor has not disavowed the Letter or its guidance approving the one-half premium method of calculating overtime in misclassification cases. Instead, as the Department of Labor recently stated in its Final Rule revision to 29 C.F.R. § 778.114, "to the extent that an employer has paid straight time compensation for all hours worked in the workweek, the employer's resulting overtime obligation under the [FLSA] is only an additional half of the regular rate for the hours worked in excess of 40 in the workweek. *This general principle applies regardless of whether the specific compensation scheme at issue satisfies the technical requirements of § 778.114.*" *See* Final Rule (ECF No. 61-1) at 60 (emphasis added).[2]

---

[2] As discussed below, Chmura does not rely on 29 C.F.R. § 778.114 in support of its argument and therefore does not need to meet all of its requirements for the one-half premium calculation to

### D. Lombardo's overtime damages, if any, must be calculated at one-half of his regular rate of pay.

No matter how Lombardo attempts to obfuscate the issues, he cannot escape controlling Fourth Circuit precedent and applicable federal regulations that govern his overtime damages in this case. Contrary to Lombardo's assertion, Chmura does not "argue for an impermissible retroactive application of the Department of Labor's fluctuating workweek rule, 29 CFR Sec. 778.114." Response Brief at 2. Rather, Chmura relies on *Desmond*, a 2011 decision that predated Lombardo's employment at Chmura by four years. As discussed above, *Desmond* requires that, in misclassification cases, any overtime compensation attributable to an employee's fixed, weekly salary must be calculated at the one-half premium rate. Chmura also relies on 29 C.F.R. § 778.118 and 778.119, which require the application of the same one-half premium for commissions. Neither *Desmond* nor 29 C.F.R. § 778.118 and 778.119 require any analysis or application of the fluctuating workweek rule described in 29 C.F.R. § 778.114. Taken together, however, they require that Lombardo's overtime damages, if any, must be calculated at one-half of his regular rate of pay.

### 1. *Desmond* requires that Lombardo's overtime damages attributable to his fixed, weekly salary be calculated on the one-half premium rate.

*Desmond*'s holding and reasoning are clear. In a "mistaken exemption classification case … the district court … need only award 50% of the regular rate to provide the employees their 'unpaid overtime compensation.'" *Desmond*, 630 F.3d at 356. As the Fourth Circuit explained, this conclusion is based not on "29 C.F.R. § 778.114, but rather upon the logic of *Overnight Motor* and general principles of compensatory damages." *Id.* at 353.

---

apply in this case. The Department of Labor's position, however, still confirms that it has not, as Lombardo claims, disavowed the use of the one-half premium in misclassification cases.

In *Overnight Motor*, the Supreme Court addressed how to calculate unpaid overtime compensation for an employee who agreed to receive a fixed salary as payment for all hours worked. *Id.* (citing *Overnight Motor*, 316 U.S. at 579-80). The Supreme Court held that, in such cases, "a court should divide the employee's fixed weekly salary by the total hours worked in the particular workweek" to determine the employee's regular rate of pay for each particular workweek. *Id.* The court should then multiply one-half of the regular rate of pay for each particular workweek by the number of overtime hours the employee worked during that week. *Id.* Although *Overnight Motor* was not a misclassification case, the Fourth Circuit held that its logic and conclusion apply equally to misclassification cases. *Id.* at 357. Lombardo's attempt to distinguish *Overnight Motor* because it was not a misclassification case consequently falls short. *Desmond* was a misclassification case and, as such, it is controlling.

Apart from *Overnight Motor*, "traditional principles of compensatory damages bolster [*Desmond*'s] conclusion." *Id.* As the Fourth Circuit explained:

> Compensatory damages are "[d]amages sufficient in amount to indemnify the injured person for the loss suffered." Here, the former employees agreed to receive straight time pay for all hours worked in a given workweek and have already received such pay. Thus, the "loss suffered" is the 50% premium for overtime hours."

*Id.* (internal citation omitted). In this case, as in *Desmond*, Lombardo agreed to receive a fixed, weekly salary for all hours worked in each workweek. Accordingly, as *Desmond* requires, Lombardo's overtime damages attributable to his salary must be calculated at a premium rate of one-half.[3]

---

[3] In his Response Brief, Lombardo incorrectly states that *Desmond*'s half-time calculation is available only "when the employee and employer had a *mutual understanding* that the fixed salary was intended to compensate the employee for all hours worked in a workweek and constituted straight time for that week." Response Brief at 8 (citing *Desmond*, 630 F.3d at 354)). Lombardo cites to the portion of *Desmond*'s decision discussing First, Fifth, Seventh, and Tenth Circuit

7

### 2. 29 C.F.R. § 778.118 and 778.119 require that Lombardo's overtime damages attributable to his commissions be calculated at the one-half premium rate.

The same principles hold true for Lombardo's commissions. Lombardo can recover damages for overtime compensation attributable to his commissions only at the one-half premium rate. 29 C.F.R. §§ 778.118 and 778.119 describe the method of calculating overtime compensation when an employee is paid at least in part by commissions. Regardless of when commissions are paid, the regulations require that overtime compensation attributable to the commissions be calculated at the one-half premium rate. 29 C.F.R. § 778.118 ("The employee must then be paid extra compensation at *one-half* of that rate for each hour worked in excess of the applicable maximum hours standard.") (emphasis added); 29 C.F.R. § 778.119 ("The additional compensation for that workweek must be not less than *one-half* of the increase in the hourly rate of pay attributable to the commission ….") (emphasis added).

Ignoring the plain language of 29 C.F.R. §§ 778.118 and 778.119, Lombardo asserts a "recent federal district court in Ohio" rejected Chmura's position. Response Brief at 16 (citing *Hurt*, 2018 U.S. Dist. LEXIS 13942). In reality, *Hurt* holds the exact opposite. It unequivocally supports Chmura's argument for a one-half premium calculation and rejects Lombardo's assertion that 29 C.F.R. §§ 778.118 and 778.119 cannot be used as a damages calculation. *Id.* at *5-6.

---

precedent and application of the fluctuating workweek rule (29 C.F.R. § 778.114). *Desmond*, 630 F.3d at 354. *Desmond*, however, does not rely on 29 C.F.R. § 778.114 and does not require a "mutual understanding" for the half-time premium to apply. *Id.*, at 356057. Rather, *Desmond* requires only that the employee's fixed, weekly salary was intended to compensate for all hours worked in a workweek. *Id.* In any event, Lombardo admitted under oath that, when he was hired, he understood his salary to cover all hours worked, including those in excess of forty. Lombardo Dep. at 10:2-11:9 (ECF No. 35-4). *See Monahan v. Cnty. of Chesterfield*, 95 F.3d 1263, 1281 (4th Cir 1996) (holding that a mutual understanding "can be based on the implied terms of one's employment agreement if it is clear from the employee's actions that he or she understood the payment plan in spite of after-the-fact verbal contentions otherwise.").

In *Hurt*, the plaintiffs—commissioned door-to-door salesmen—alleged that the defendant misclassified them as independent contractors and failed to pay them overtime compensation in violation of the Ohio Wage Act and the FLSA. *Id.* at *3-4. Defendant argued, as Chmura does here, that "because [the plaintiffs] received commissions, they are entitled to overtime pay at only one-half their applicable rate for hours worked above the maximum pursuant to 29 C.F.R. § 778.118." *Id.* at *5. In response, Plaintiffs made the same argument as Lombardo: "a one-half-rate cannot be applied retroactively to calculate overtime pay when employers are found to have misclassified their employees as exempt from overtime pay." *Id.* The court agreed with the defendant. *Id.* at *6.

In so doing, the court explained:

> 29 C.F.R. § 778.118 explains how overtime pay should be calculated under the FLSA for employees who receive commissions—which is the case here. Under that regulation, an employee's regular rate must be calculated by dividing the employee's weekly salary by the total number of hours the employee worked that week. Employees who receive commissions are then paid extra compensation at *one-half of that rate* for each hour worked in excess of the applicable maximum hours standard. To hold otherwise would be to read more complexity into § 778.118 th[a]n is indicated by a plain reading.

*Id.* (emphasis added) (internal quotation marks omitted). The court also found the plaintiffs' argument for a time-and-one-half multiplier unpersuasive. The plaintiff's cited cases, like the cases Lombardo cites in his Response Brief, all concerned the application of 29 C.F.R. § 778.114, which contains a "clear mutual understanding requirement."[4] *Id.* at *7-8. 29 C.F.R. § 778.118, on the other hand, contains no such requirement. As such, "the concern about retroactive application of § 778.114 in misclassification cases does not control § 778.118. As a result, the

---

[4] As noted above, Chmura does not argue for the application of 29 C.F.R. § 778.114 but rather that *Desmond* applies in calculating Lombardo's overtime compensation attributable to his fixed, weekly salary. *Desmond* does not require a "clear mutual understanding" for the one-half premium calculation to apply.

9

retroactive application of the one-half rate for employee commission overtime pay does not raise the same concerns." *Id.* at \*8. Ultimately, the court held precisely what Chmura asks this Court to hold: "employees who received commissions must be paid overtime pay at one-half of their applicable rate for each hour worked in excess of the applicable maximum hours standard." *Id.* at \*8-9.

In sum, the Court should not permit Lombardo to present damages evidence or argue a damages theory that is precluded by controlling law. Employees, like Lombardo, who receive a fixed, weekly salary plus commissions are entitled to overtime compensation at only the one-half premium rate. *See, e.g.,* Final Rule (ECF No. 61-1) at 35, 54. *See also Lalli v. Gen. Nutrition Ctrs., Inc.*, 814 F.3d 1, 4-6 (1st Cir. 2016) (holding that a compensation plan that provided for a fixed salary plus commissions and paid an overtime premium of 50% did not violate the FLSA because the fixed salary and commissions already accounted "for the 'time' in 'time-and-a-half'" overtime compensation required by the FLSA). Accordingly, consistent with *Desmond* and the applicable federal regulations, Chmura respectfully requests that the Court prohibit Lombardo from presenting any evidence or argument regarding his damages calculation based on an overtime premium other than one-half of his regular rate of pay.

### III. CONCLUSION

For the reasons discussed above and in Chmura's opening brief, Chmura respectfully requests that the Court grant this Motion *in Limine* and preclude Lombardo from introducing any evidence or argument regarding his damages calculation based on an overtime premium other than one-half of his regular rate of pay.

Dated: June 10, 2020

_____/s/_____<br>
Rodney A. Satterwhite (VA Bar No. 32907)

        Christopher M. Michalik (VA Bar No. 47817)
        Heidi E. Siegmund (VA Bar No. 89569)
        McGuireWoods LLP
        Gateway Plaza
        800 East Canal Street
        Richmond, Virginia  23219
        (Office) (804) 775-1000
        (Fax) (804) 698-2158
        rsatterwhite@mcguirewoods.com
        cmichalik@mcguirewoods.com
        hsiegmund@mcguirewoods.com

        *Counsel for Plaintiff/Counterclaim Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of June, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record.

         /s/
        Heidi E. Siegmund (VSB No. 89569)
        McGuireWoods LLP
        Gateway Plaza
        800 East Canal Street
        Richmond, VA 23219
        Tel:   (804) 775-1000
        Fax:   (804) 775-1061
        hsiegmund@mcguirewoods.com

        *Counsel for Plaintiff/Counterclaim Defendant*