**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|  |  |  |
|---|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** | ) ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) ) | Case No. 3:19-cv-813-REP |
| v. | ) ) ) | |
| **RICHARD LOMBARDO,** | ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) ) | |

**PLAINTIFF AND COUNTERCLAIM DEFENDANT'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE EVIDENCE,
QUESTIONING, OR ARGUMENT CONCERNING ANY SUBSEQUENT
RECLASSIFICATION OF ITS ACCOUNT MANAGERS**

**I.    INTRODUCTION**

In opposing Chmura's Motion *in Limine*, Lombardo relies almost exclusively on *Novick v. Shipcom Wireless, Inc.*, 946 F.3d 735 (5th Cir. 2020).  His failure even to mention the underlying facts in *Novick*, however, is telling.  Even a cursory examination of *Novick* reveals that its reasoning and holding are not applicable to this case.

In *Novick*, the court concluded that an audit *of the plaintiffs'* job duties and Fair Labor Standards Act ("FLSA") classification was relevant to *the plaintiffs'* FLSA misclassification claim.  That is not the issue here.  Rather, the issue is whether evidence that Chmura reclassified some of its other Account Managers as non-exempt *after* Lombardo's termination is relevant or admissible to show that Chmura misclassified Lombardo as exempt *during* his employment.  Under the Federal Rules of Evidence, it is not.  As such, for the reasons discussed below and in

Chmura's opening brief (ECF No. 43), the Court should preclude Lombardo from introducing any evidence, questioning, or argument concerning Chmura's subsequent reclassification of some of its Account Managers.

## II. ARGUMENT

### A. Chmura's reclassification of some of its Account Managers as non-exempt is irrelevant to Lombardo's Counterclaim.

Fourth Circuit precedent and applicable Department of Labor regulations make clear that "courts must focus on the actual activities of the employee" to determine whether he is exempt from the FLSA's overtime compensation requirements. *Walton v. Greenbrier Ford, Inc.*, 370 F.3d 446, 452 (4th Cir. 2004) (citation omitted); 29 U.S.C. § 541.2 ("The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part."). Thus, Lombardo's misclassification counterclaim turns exclusively on *his* compensation and job duties as one of Chmura's most senior Account Managers. Chmura's FLSA classification of other individuals after Lombardo's termination therefore has no relevance in this case. This key point renders Lombardo's reliance on *Novick* entirely misplaced.

In *Novick*, the defendant initially classified the plaintiffs as exempt under the FLSA. *Novick*, 946 F.3d at 737. During their employment, the defendant conducted an internal audit and, based on the results of the audit, decided to reclassify some of them as non-exempt and to begin paying them overtime compensation. *Id.* The plaintiffs later sued, claiming unpaid overtime compensation for the time during which the defendant classified them as exempt. *Id.* The district court held—and the Fifth Circuit agreed—that evidence of the audit was admissible. *Id.* at 738. As the Fifth Circuit explained, "[s]everal of the exhibits challenged by [the defendant] actually discussed and analyzed the job duties *of Plaintiffs…*" *Id.* at 740 (emphasis added). Because

"courts must focus on the actual activities of the employee" in determining whether an exemption applies (*Walton*, 370 F.3d at 452), the Fifth Court's conclusion that an internal audit "actually discuss[ing] and analyz[ing] the job duties of Plaintiffs" (*Novick*, 946 F.3d at 740) was relevant is not surprising.

In this case, unlike in *Novick*, Chmura's decision to reclassify some of its other Account Managers as non-exempt after Lombardo's termination has no bearing on whether Chmura correctly classified him as exempt during his employment. Notably, there is no indication that Chmura made the decision to reclassify based on any analysis of the "highly compensated employee" exemption for which Lombardo qualified during his employment, let alone on any audit of Lombardo's actual job duties. In that regard, Lombardo's assertion that Chmura's reclassification as some of its Account Managers as non-exempt "is relevant evidence because it makes more probably the fact that *Lombardo* did not meet the duties test under the *administrative* exemption" (ECF No. 60 (the "Response Brief") at 4 (emphasis added)) is a red herring, and is precisely the type of intentional jury confusion this Court should prohibit.[1]

"[I]t is well settled that an employer's reclassification for FLSA purposes is not a materially relevant factor in determining a particular employee's exempt status under a prior policy." *Pippins v. KPMG LLP*, 921 F. Supp. 2d 26, 55 (S.D.N.Y. 2012) (citations omitted). *See also Liger v. New Orleans Hornets NBA Ltd. P'ship*, 2008 U.S. Dist. LEXIS 9098, at *7 (E.D. La. Feb. 6, 2008) ("The Court finds that evidence of the [defendant's] post-lawsuit compliance with the FLSA is not

---

[1] Consistent with his summary judgment pleadings, in his Response Brief, Lombardo confuses the "highly compensated employee" exemption with the exemption for administrative employees. To show that Lombardo was a "highly compensated employee," Chmura does not, as Lombardo claims, need to show that he met the duties test for the administrative exemption. Chmura's Reply Memorandum in Further Support of Its Motion for Summary Judgment (ECF No. 58) at 10-12.

relevant to determining whether the [defendant] can claim the exemption during the period of time before the lawsuit was filed."); *Clarke v. JP Morgan Chase Bank, N.A.*, 2010 U.S. Dist. LEXIS 33264, * 60-62 (S.D.N.Y. Mar. 26, 2010) (finding that the plaintiff qualified for the computer employee exemption and holding that the employer's later reclassification of the plaintiff's position as non-exempt was irrelevant in determining exempt status). Consequently, any evidence, questioning, or argument related to Chmura's reclassification of some its Account Managers as non-exempt after Lombardo's termination is inadmissible.

> B. **The danger of unfair prejudice, confusing the issues, and misleading the jury substantially outweighs any minimal relevance of Chmura's reclassification of some of its Account Managers as non-exempt.**

Lombardo admits that he wants to introduce the reclassification evidence "to show that if Account Managers are non-exempt under the FLSA, then Lombardo should have also been considered non-exempt while employed by Chmura." (Response Brief at 5.) In other words, Lombardo wants to make this case about Chmura's classification of employees other than Lombardo. Permitting Lombardo to do so would unfairly prejudice Chmura, confuse the issues, and mislead the jury. These are the very dangers against which Fed. R. Evid. 403 is designed to protect. On this point, *Novick* again provides Lombardo no help.

In *Novick*, the court acknowledged the "risk that the internal audit's conclusion that three of the four Plaintiffs fell outside the administrative exemption would unfairly prejudice [the defendant] or confuse the jury." *Novick*, 946 F.3d at 741. Nevertheless, the court found evidence of the audit admissible because of its substantial probative value to the plaintiffs' claims. *Id.* After all, the audit related directly to the plaintiffs' job duties. Unlike *Novick*, this case is about Chmura's classification of Lombardo—not about its reclassification of other employees after his

4

termination. Given the reclassification evidence's lack of probative value to Lombardo's claims, it should be excluded under Fed. R. Evid. 403.

### C. Chmura's reclassification of some of its Account Managers as non-exempt should be excluded as a subsequent remedial measure.

Lombardo does not dispute that Chmura's reclassification of some of its Account Managers as non-exempt is a "measure … that would have made an earlier injury or harm less likely to occur …." *See* Fed. R. Evid. 407. Nor can he. Even the case law he cites supports this proposition. *See* Response Brief at 5 (citing *Holick v. Cellular Sales of N.Y., LLC*, 2014 U.S. Dist. LEXIS 133966, at *7 (N.D.N.Y. Sept. 24, 2014) (noting that a subsequent remedial measure, "here, reclassification of a workforce—cannot be admitted as evidence to establish a violation of the FLSA")). *See also McKeen-Chaplin v. Provident Sav. Bank*, 2015 U.S. Dist. LEXIS 14143, at *30-31 (E.D. Cal. Feb. 5, 2015) ("Defendant's decision to reclassify its employees during this litigation constitutes a measure taken to eliminate harm to its employees, making evidence relating to that reclassification inadmissible to show culpable conduct by defendant."). Instead, Lombardo argues only that the reclassification evidence is admissible because "Chmura did not make these changes out of a sense of social responsibility, but because it was required to by a 'superior authority'"—the FLSA. (Response Brief at 5-6 (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1343 (5th Cir. 1978); *Novick*, 946 F.3d at 739).) Lombardo's reliance on Fifth Circuit case law yet again is misplaced.

The Fourth Circuit has never held that Rule 407 applies only to voluntary remedial measures taken "out of a sense of social responsibility" but not those required by a "superior authority." To the contrary, the Fourth Circuit has rejected this proposition. *Chase v. General Motors, Corp.*, 856 F.2d 17, 21 (4th Cir. 1988) (holding that the district improperly allowed trial testimony regarding an automobile recall required by the National Highway Traffic Safety Administration because, even though the recall was required by law, it was an inadmissible

5

subsequent remedial measure); *Werner v. Upjohn Co.*, 628 F.2d 848, 859 (4th Cir. 1980) (rejecting the plaintiff's argument that a warning label required by the Food and Drug Administration was not a subsequent remedial measure "since the defendant [] had no choice in the matter" because such an exception to Rule 407 would undermine the rule's policy and discourage companies "from taking early action on their own").

*Chase* is particularly instructive because it arose under similar factual circumstances as *Rozier*, the Fifth Circuit decision on which *Novick* and Lombardo heavily rely. In *Chase*, the district court properly excluded an automobile recall letter as a subsequent remedial measure even though "it had been required by the government and was not a voluntary act on the part of [the defendant]." *Id.* at 21. The district court, however, still allowed trial testimony of the fact of the recall, which the plaintiff's counsel then "used powerfully" in closing argument to support liability. *Id.* On appeal, the Fourth Circuit held that admitting even the fact of the required recall violated Fed. R. Evid. 407. As the Fourth Circuit explained:

> The "event" spoken of in [Rule 407] in our case is the date of the accident, which was in January 1982. That the evidence of the recall was used "to prove negligence or culpable conduct," is undoubted as shown by [counsel's closing argument]. That the February 1983 recall was taken "after … [the] event" is also undoubted. That the plaintiffs take the position that the changes occasioning the recall "would have made the event less likely to occur" is also beyond question. Therefore, we are of opinion that evidence of the fact of recall was improperly admitted under Rule 407.

*Id.*

*Chase* confirms that the Fourth Circuit does not follow the Fifth Circuit's interpretation of Rule 407 and does create a special exception for subsequent remedial measures that are required by a "superior authority." Instead, the same principles discussed in *Chase* apply in this case. Lombardo concedes that Chmura's reclassification of some of its Account Managers after Lombardo's termination is a subsequent remedial measure. Lombardo also admits that he wants

to use evidence of the reclassification to establish Chmura's liability for his alleged misclassification. (Response Brief at 5.) As such, under Fourth Circuit precedent, the Court should exclude the reclassification evidence under Rule 407.[2]

### III. CONCLUSION

For the reasons discussed above and in Chmura's opening brief, Chmura respectfully requests that the Court grant this Motion *in Limine* and preclude Lombardo from introducing any evidence, questioning, or argument concerning any subsequent reclassification of Chmura's Account Managers as non-exempt under the FLSA.

Dated: June 10, 2020

                                                               /s/
                                         Rodney A. Satterwhite (VA Bar No. 32907)
                                         Christopher M. Michalik (VA Bar No. 47817)
                                         Heidi E. Siegmund (VA Bar No. 89569)
                                         McGuireWoods LLP
                                         Gateway Plaza
                                         800 East Canal Street
                                         Richmond, Virginia 23219
                                         (Office) (804) 775-1000
                                         (Fax) (804) 698-2158
                                         rsatterwhite@mcguirewoods.com
                                         cmichalik@mcguirewoods.com
                                         hsiegmund@mcguirewoods.com

                                         *Counsel for Plaintiff/Counterclaim Defendant*

---

[2] Additionally, there is no evidence that Chmura reclassified some of its Account Managers as non-exempt because it determined that their previous exempt classification violated the FLSA. Chmura's reclassification therefore was not required by "superior authority." For this reason also, the Fifth Circuit cases on which Lombardo relies are distinguishable and do not provide even persuasive authority for Lombardo's argument.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of June, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record.

                                                          /s/
                                        Heidi E. Siegmund (VSB No. 89569)
                                        McGuireWoods LLP
                                        Gateway Plaza
                                        800 East Canal Street
                                        Richmond, VA 23219
                                        Tel:    (804) 775-1000
                                        Fax:   (804) 775-1061
                                        hsiegmund@mcguirewoods.com

                                        *Counsel for Plaintiff/Counterclaim Defendant*