IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| **CHMURA ECONOMICS & ANALYTICS, LLC,** | ) ) ) ) ) | **Case No. 3:19-cv-00813** <br> **Judge Robert E. Payne** |
| **Plaintiff,** | ) ) | |
| v. | ) ) | |
| **RICHARD LOMBARDO,** | ) ) | |
| **Defendant.** | ) | |

## REPLY IN SUPPORT OF MOTION IN LIMINE OF DEFENDANT RICHARD A. LOMBARDO TO EXCLUDE ADMISSION OF AN OFFER LETTER DATED JANUARY 25, 2019 AND RELATED TESTIMONY

Defendant Richard A. Lombardo ("Lombardo") filed a Motion in Limine to exclude the admission of an offer letter dated January 25, 2019 and any testimony related thereto (the "Motion"). In its Opposition, Plaintiff Chmura Economics & Analytics, LLC ("Chmura") contends that it should be permitted to introduce into evidence an altered version of a bona fide offer letter (the "Offer Letter") arguing that it is relevant, not unduly prejudicial and is not inadmissible character evidence or extrinsic evidence of truthfulness under the Federal Rules of Evidence. The Opposition to the Motion is indicative of the exact reasons the Offer Letter and related testimony should be excluded – Chmura's attempt to paint Lombardo as a "bad boy." Chmura mischaracterizes events, ignores the factual timeline and uses melodramatic (and legally incorrect) language to convince this Court that the Offer Letter is admissible. Regardless, the Motion

1

involves a simple and straight-forward application of Fed. R. Evid. 608, which mandates the Offer Letter's exclusion.

The Offer Letter and related testimony should be excluded.

- The Offer Letter is not relevant to Lombardo's retaliation claim or to Chmura's decision to terminate him. The Offer Letter is dated January 25, 2019 – more than nine months earlier than he was terminated. According to Chmura, the meeting to discuss the Offer Letter was more than six months before his termination. Deposition Transcript of Christine Chmura ("Chmura Dep."), at 139 [Doc.#51(3)]. Furthermore, Chmura decided not to terminate Lombardo at that time, despite apparently considering it. Lombardo continued to work for Chmura until October 31, 2019. Until October 2019, there were no disciplinary concerns or issues with Lombardo. It is illogical to argue—and there is no evidence—that the Offer Letter was the impetus for Lombardo's termination.

- The Offer Letter is not relevant to Chmura's allegations that "Lombardo breached his employment agreement, misappropriated Chmura's trade secrets, and converted Chmura's property, in part, because he wanted more money from Chmura and was willing to harm Chmura's business to get it." Opposition at 4. First, the alleged actions occurred more than six months after the meeting regarding the Offer Letter. Chmura's argument ignores the time lapse. Second, the Offer Letter has nothing to do with the alleged breach, misappropriation or conversion that purportedly happened (1) after Lombardo notified Chmura he was entitled to unpaid overtime and (2) after

- Chmura informed Lombardo that it would be changing the commissions structure (which was how he made more than 50% of his income) to his detriment. Lombardo did not want more money, he wanted the money he was legally owed under the Fair Labor Standards Act (overtime) and to which Chmura contractually agreed to pay him (commissions).

- The Offer Letter was not from a competitor of Chmura and, therefore, has no relevance to Lombardo's alleged threat to work for a competitor. GIS Webtech, who offered Lombardo a position as memorialized in the Offer Letter, is not a competitor of Chmura. Chmura Dep., at 123-124.

- The Offer Letter is prejudicial to Lombardo and not probative of any issues before the Court. The purpose for Chmura's use of the Offer Letter is to make Lombardo look bad and confuse the jury as to the real facts at issue in this case. While the Offer Letter can be explained,[1] the intent is to draw the jury's attention to the Offer Letter and mask what actually occurred more than six months later. Lombardo should not have to spend trial time explaining why he provided the Offer Letter to Chmura.

- The Offer Letter constitutes inadmissible character evidence. Lombardo does not misunderstand or misapply Fed.R.Evid. 608. Rule 608(b) provides:

    > Except for a criminal conviction under Rule 609, <u>extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attach or support the witness's character for truthfulness</u>. But the court may, on cross-examination, allow them to be inquired into if they are

---

[1] The purpose for the Offer Letter was simple: Chmura did not honor the terms of its own offer letter to provide Lombardo an annual merit increase of his base salary and Lombardo, wanting to prove his value, modified the Offer Letter and gave it to Chmura. Chmura never did honor its offer letter. Instead, it amended the offer letter to eliminate any reference to an annual merit increase.

3

probative of the character for truthfulness or untruthfulness of: (1) the witness […].

(emphasis added). Chmura relies on two inapposite cases where the witnesses showed a pattern of conduct – not just a single incident. *United States v. Leake*, 642 F.2d 715, 718-719 (4th Cir. 1981) (witness was "indicted in New Jersey for "obtaining money under false pretenses," a warrant for his arrest for "defrauding an innkeeper" had been issued in North Carolina, six checks drawn by him had been returned for insufficient funds, numerous default judgments had been entered against him in civil actions seeking repayment of loans, and he, or firms that he controlled, had entered numerous contracts to build churches, received payment, but failed to complete the work due under those contracts"); and *United States v. Zandi*, 769 F.2d 229, 236 (4th Cir. 1985) ("the government sought to prove that Mehdi gave false information on an employment application, visa card application (not yet mailed), lease, credit agency application, bank loan application form, and tax returns"). There is simply no pattern of activity in this case – only a single incident that occurred more than six months prior to Lombardo's termination. *See Glass v. Anne Arundel County*, 2015 U.S. Dist. LEXIS 100065 (Dist. Md. Jul. 30, 2015).

For these reasons and the reasons set forth in the Motion, Lombardo respectfully requests that the Court exclude from trial the evidence and testimony of the Offer Letter.

Respectfully submitted,

/s/ Thomas J. Powell
Thomas J. Powell, Esq., VSB #27604
3603-D Chain Bridge Road
Fairffax, VA 22030-3244
Tel: (703) 293-9050 | Fax: (703) 293 9075
Email: tom@tjplaw.com

Christine Marie Cooper, Esq. (Ohio Bar #0079160)
Koehler Fitzgerald LLC
1111 Superior Avenue East, Suite 2500
Cleveland, OH 44114
Tel: (219) 539-9376 | Fax: (216) 916-4369
Email: ccooper@koehler.law

*Attorneys for Defendant, Richard Lombardo*

## CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of the foregoing Memorandum in Support of Motion for Summary Judgment has been served on this 10th day of June, 2020, via the Court's electronic filing system upon the following:

Rodney A. Satterwhite (VA Bar No. 32907)
Heidi E. Siegmund (VA Bar No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff*

                  /s/ Thomas J. Powell
                  Counsel for Richard Lombardo

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Reply in Support of Motion in Limine has been served on this 10th day of June, 2020, via the Court's electronic filing system upon the following:

Rodney A. Satterwhite (VA Bar No. 32907)
Heidi E. Siegmund (VA Bar No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(Office) (804) 775-1000
(Fax) (804) 698-2158
rsatterwhite@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Plaintiff*

/s/ Thomas J. Powell
Counsel for Richard Lombardo